IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE R. ROMERO, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | No. 01-CV-3894 |
| v. : | |
| : | CLASS ACTION |
| ALLSTATE INSURANCE COMPANY, : | |
| *et al.*, : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AND
SERVE THEIR SECOND AMENDED COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, respectfully move for leave pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to file and serve their Second Amended Complaint, a copy of which is attached hereto as Exhibit A. Among other things, the Second Amended Complaint (1) substitutes Joseph L. Benoit for "holdout" plaintiff Douglas F. Gafner Sr., who is now deceased and whose claims against defendants Edward M. Liddy, Allstate Insurance Company and The Allstate Corporation (together, "Defendants") were settled on a confidential basis while this matter was on appeal; (2) clarifies that plaintiffs are asserting both disparate treatment and disparate impact claims under the Age Discrimination in Employment Act, as amended, insofar as they have alleged that over 90 percent of the employee agents subject to the "Preparing for the Future" Group Reorganization Program were age 40 or older as of November 16, 1999; and (3) amplifies and corrects certain factual averments. The filing of the Second Amended Complaint will neither prejudice Defendants nor place an unwarranted burden on the Court. *See Tri-County Concerned Citizens Ass'n v. Carr*, 2000 WL 1824172, at *2 (E.D. Pa. Dec. 12, 2000).

In support of their motion, Plaintiffs rely on the accompanying memorandum and the record herein.  Granting this motion and permitting Plaintiffs to file and serve their Second Amended Complaint is in the interests of justice and Allstate will not suffer any prejudice as the result of the Second Amended Complaint being filed.

Date:  April 23, 2010

Respectfully submitted,

/s/

Paul Anton Zevnik (Fed. ID No. 43453)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
pzevnik@morganlewis.com
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001

Michael D. Lieder (admitted *pro hac vice*)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Washington, D.C.  20005
mlieder@sprengerlang.com
Telephone:  (202) 265-8010
Facsimile:  (202) 332-6652

Thomas W. Osborne (admitted *pro hac vice*)
Mary Ellen Signorille (admitted *pro hac vice*)
AARP Foundation Litigation
601 E Street, N.W.
Washington, D.C.  20049
msignorille@aarp.org
tosborne@aarp.org
Telephone:  (202) 434-2060
Facsimile:  (202) 434-6424

*Counsel for Plaintiffs and the Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE R. ROMERO, *et al.*, | : |
| Plaintiffs, | : |
| v. | : No. 01-CV-3894 |
| | : CLASS ACTION |
| ALLSTATE INSURANCE COMPANY, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO FILE AND SERVE THEIR SECOND AMENDED COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, submit this Memorandum in support of their Motion for Leave To File And Serve Their Second Amended Complaint that, among other things, (1) substitutes Joseph L. Benoit for Douglas F. Gafner Sr. as the sole "holdout" plaintiff who did not sign the General Release and Waiver Agreement (the "Release"); (2) to clarify they are asserting disparate treatment and disparate impact claims under the Age Discrimination in Employment Act, as amended ("ADEA"), insofar as they have alleged over 90 percent of the employee agents subject to the "Preparing for the Future" Group Reorganization Program (the "Mass Termination Program") were age 40 or older as of November 16, 1999; and (3) amplifies and corrects certain factual averments. The substitution of Mr. Benoit will enable the statutory and common law claims asserted against defendants Edward M. Liddy, Allstate Insurance Company and The Allstate Corporation (collectively, "Defendants") to move forward – whether on an individual or class-wide basis – because they are not subject to the Release.

The Court should grant this motion and thereby permit Plaintiffs to file their Second Amended Complaint for the reasons discussed below.

## BACKGROUND

The operative First Amended Complaint filed herein on or about October 17, 2001, asserts various claims for relief on behalf of the named plaintiffs and members of the proposed class and subclasses, including the following:

- COUNT I – individual and class claims for declaratory relief with respect to validity of the Release;

- COUNTS II and III – individual and class claims arising under Section 510 of the Employee Retirement and Income Security Act, as amended ("ERISA") with respect to Allstate's and Liddy's intentional interference with pension and other employee benefits and other acts of unlawful retaliation;

- COUNT IV – individual and class claims arising under the ADEA with respect to Allstate's discriminatory termination of and acts of retaliation against employee agents, more than 90 percent of whom were over the age of 40;

- COUNTS V and VI – individual and class claims for breach of the express and implied terms and conditions of the employment contracts under which Allstate employed its employee agents; and

- COUNT VII – individual and class claims for breach of fiduciary duty.

Allstate has known for several years now that Plaintiffs are seeking entry of a judgment against Allstate under the ADEA based on disparate treatment and disparate impact theories of liability. Moreover, Plaintiffs are not seeking to multiple this already complex proceeding by adding a new, wholly unrelated cause of action. They likewise are not seeking to amend the operative Complaint merely for the purpose of attempting to defeat or delay a motion that is pending before the Court.

As noted above, Douglas F. Gafner, the sole plaintiff named in the First Amended Complaint filed herein who did not sign the Release and whose employment contract and agency relationship was terminated on June 30, 2000, as part of the Mass Termination Program without being given the opportunity to continue in the service of the company by "converting" to the

R3001S Allstate Exclusive Agent Agreement, is now deceased and his heirs thereafter settled his claims with Allstate on a confidential basis. Plaintiffs therefore seek to substitute Joseph L. Benoit, another employee agent was terminated and not permitted to continue in the service of Allstate because he did not sign the Release, as a named plaintiff, in part, to act as the representative of the class and proposed ADEA subclass whose claims are not subject to the Release. Plaintiffs should be afforded the opportunity to ensure that the interests of absent class members who did not sign the Release will be adequately represented and decided on the merits as this case once again starts to move forward.

Additionally, plaintiffs previously asserted claims for discrimination and retaliation arising under the ADEA with respect to the termination of their employment contracts on behalf of members of the proposed ADEA subclass they seek to have and have pled the facts essential to impose liability under the ADEA on Allstate – whether pursuant to a disparate treatment or disparate impact theory – including the fact that more than 90 percent of the employee agents subject to the Mass Termination Program were age 40 and over (and none were under the age of 30). Plaintiffs therefore seek to file their Second Amended Complaint in order to clarify that they are seeking to hold Allstate liable under the ADEA because the Mass Termination Program had a significant and disproportionate adverse and discriminatory impact on the protected class of employee agents who were age 40 and older.

## ARGUMENT

It is elemental that leave to amend a complaint should be "freely given" at any time. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 1982 (1962)). *See also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989); *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125

R3001S Allstate Exclusive Agent Agreement, is now deceased and his heirs thereafter settled his claims with Allstate on a confidential basis. Plaintiffs therefore seek to substitute Joseph L. Benoit, another employee agent was terminated and not permitted to continue in the service of Allstate because he did not sign the Release, as a named plaintiff, in part, to act as the representative of the class and proposed ADEA subclass whose claims are not subject to the Release. Plaintiffs should be afforded the opportunity to ensure that the interests of absent class members who did not sign the Release will be adequately represented and decided on the merits as this case once again starts to move forward.

Additionally, plaintiffs previously asserted claims for discrimination and retaliation arising under the ADEA with respect to the termination of their employment contracts on behalf of members of the proposed ADEA subclass they seek to have and have pled the facts essential to impose liability under the ADEA on Allstate – whether pursuant to a disparate treatment or disparate impact theory – including the fact that more than 90 percent of the employee agents subject to the Mass Termination Program were age 40 and over (and none were under the age of 30). Plaintiffs therefore seek to file their Second Amended Complaint in order to clarify that they are seeking to hold Allstate liable under the ADEA because the Mass Termination Program had a significant and disproportionate adverse and discriminatory impact on the protected class of employee agents who were age 40 and older.

## ARGUMENT

It is elemental that leave to amend a complaint should be "freely given" at any time. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 1982 (1962)). *See also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989); *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125

R3001S Allstate Exclusive Agent Agreement, is now deceased and his heirs thereafter settled his claims with Allstate on a confidential basis. Plaintiffs therefore seek to substitute Joseph L. Benoit, another employee agent was terminated and not permitted to continue in the service of Allstate because he did not sign the Release, as a named plaintiff, in part, to act as the representative of the class and proposed ADEA subclass whose claims are not subject to the Release. Plaintiffs should be afforded the opportunity to ensure that the interests of absent class members who did not sign the Release will be adequately represented and decided on the merits as this case once again starts to move forward.

Additionally, plaintiffs previously asserted claims for discrimination and retaliation arising under the ADEA with respect to the termination of their employment contracts on behalf of members of the proposed ADEA subclass they seek to have and have pled the facts essential to impose liability under the ADEA on Allstate – whether pursuant to a disparate treatment or disparate impact theory – including the fact that more than 90 percent of the employee agents subject to the Mass Termination Program were age 40 and over (and none were under the age of 30). Plaintiffs therefore seek to file their Second Amended Complaint in order to clarify that they are seeking to hold Allstate liable under the ADEA because the Mass Termination Program had a significant and disproportionate adverse and discriminatory impact on the protected class of employee agents who were age 40 and older.

## ARGUMENT

It is elemental that leave to amend a complaint should be "freely given" at any time. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 1982 (1962)). *See also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989); *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125

(3d Cir. 1983); *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).[1] Indeed, "[l]iberality is the keystone of Rule 15(a)." *Professional Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161, 165 (3d Cir. 2007). As the United States Court of Appeals for the Third Circuit has explained, allowing the amendment of pleadings "furthers one of the basic objectives of the federal rules – the determination of cases on their merits." *Id.*

"Prejudice" is the touchstone of a decision to grant or deny leave under Rule 15(a). *Lorenz*, 1 F.3d at 1414 (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Defendants must demonstrate in this regard they will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . ." *Heyl & Patterson*, 663 F.2d at 426 (citing *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). This they cannot do, in part, because there has been no discovery directed to the merits of the ADEA claims asserted by plaintiffs. *Compare Nunez v. Temple Professional Assocs.*, 245 Fed. Appx. 144, 148 (3d Cir. Aug. 21, 2007) (defendant would have been unfairly prejudiced if plaintiff was allowed to advance a disparate impact theory "very close to the trial date"). Further, as Allstate itself has acknowledged in this action, prejudice does not result from

---

[1] The "liberal standard" for amendments dovetails with the notice pleading requirements of Rule 8(a)(2). *Johnson v. Knorr*, 130 Fed. App. 552, *3 n.1 (3d Cir. 2005) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984)). Indeed, Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Accord, Iqbal v. Ashcroft*, 129 S.Ct. 1937, 1949-50 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570); *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2009) (a complaint must have "enough factual matter (taken as true) to suggest' the required element") (quoting *Twombly*, 550 U.S. at 556). In fact, as was reaffirmed in *Twombly*, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is remote and unlikely.'" *Id.*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974)).

merely having to incur additional attorneys' fees or from the potential for delay. *See Adams*, 739 F.2d at 869; *Cornell & Co.*, 573 F.2d at 823. The need for additional discovery likewise does not itself conclusively establish prejudice sufficient to deny granting leave to file an amended pleading. *Dole*, 921 F.2d at 488. Rather, as the Third Circuit has explained, the non-moving party must demonstrate that the ability to present its case would be "seriously impaired" if the amendment is allowed. *Id. See also Deakyne*, 416 F.2d at 300 (construing "prejudice" as "undue difficulty in prosecuting [or defending] a lawsuit . . . ").

Where, as here, there can be no showing of "substantial or undue prejudice," leave to file the Second Amended Complaint may be denied only upon a showing of "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Heyl & Patterson*, 663 F.2d at 425 (citing *Foman*, 371 U.S. at 182). *Accord, Lorenz*, 1 F.3d at 1414. None of these factors is present. As the record reflects, there has been no "truly undue or unexplained delay" and, as the Third Circuit implicitly recognized in vacating the final order entered herein by Judge Fullam and remanding this action for discovery and further proceedings, plaintiffs' claims are anything but "futile." In fact, consistent with the Third Circuit's directive, plaintiffs are just now about to embark on the process of obtaining cabined discovery with respect to the validity, enforceability and applicability of the Release. Further, notwithstanding the fact the claims of Mr. Benoit and other absent class members are not barred because they did not sign the Release, Allstate has continued its efforts to postpone all discovery of essential facts relating to the ADEA claims until after discovery relating to the validity, enforceability and applicability of the Release is completed and the Court has made a determination about whether the Release affords a basis for

entering summary judgment (at least with respect to claims that predated the execution of the Release).[2]

There is no other basis for denying this motion insofar as the proposed amendments to are not motivated by some improper purpose, such as bad faith or to further delay this proceeding.

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' Motion For Leave To File And Serve Their Second Amended Complaint and permit them to file their Second Amended Complaint.

Date: April 23, 2010                    Respectfully submitted,

_____
Paul Anton Zevnik (Fed. ID No. 43453)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
pzevnik@morganlewis.com
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

---

[2] Plaintiffs have asserted a claim under ERISA Section 510, 29 U.S.C. § 1140, with respect to the moratorium which Allstate adopted for the purpose of preventing employee agents who were terminated as part of the Mass Termination Program from being rehired for a period of at least one year. Allstate contends this rehire policy was not implemented until September 26, 2000 – that is, more than three months after employee agents were required to sign the Release. See Equal Employment Opportunity Comm'n v. Allstate Ins. Co., 458 F. Supp. 2d 980, 983, 993-94 (E.D. Mo. 2006) (concluding that the moratorium could not have been intended to influence employee agents to continue in the service of Allstate as so-called "exclusive agent independent contractors" in light of the June 1, 2000 deadline for making this decision and signing the Release), judgment modified by 2007 WL 38675 (E.D. Mo. Jan. 4, 2007), aff'd, 528 F.3d 1042, 1044-45 (8th Cir.), rehearing en banc granted & op. vacated (8th Cir. Sept. 8, 2008). The Release thus cannot bar this claim.

Michael D. Lieder (admitted *pro hac vice*)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Washington, D.C. 20005
mlieder@sprengerlang.com
Telephone: (202) 265-8010
Facsimile: (202) 332-6652

Thomas W. Osborne (admitted *pro hac vice*)
Mary Ellen Signorille (admitted *pro hac vice*)
AARP Foundation Litigation
601 E Street, N.W.
Washington, D.C. 20049
msignorille@aarp.org
tosborne@aarp.org
Telephone: (202) 434-2060
Facsimile: (202) 434-6424

*Counsel for Plaintiffs and the Class*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion To File And Serve Their Second Amended Complaint was electronically filed and served this 23rd day of April, 2010, and, is available for viewing and downloading through the Electronic Case Filing (ECF) System of the United States District Court for the Eastern District of Pennsylvania in accordance with its Local Rules.

_____