# AKIN GUMP
# STRAUSS HAUER & FELD LLP
### Attorneys at Law

KATHERINE M. KATCHEN
215.965.1239/1.215.965.1210
kkatchen@akingump.com

December 14, 2010

VIA E-FILING AND OVERNIGHT DELIVERY

Honorable Ronald L. Buckwalter
United States District Court
  for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street, Room 14614
Philadelphia, Pennsylvania 19106

> Re: *Romero, et al. v. Allstate Insurance Company* (Case No. 01-3894);
> *Romero, et al., v. Allstate Insurance Corporation* (Case No. 01-6764);
> *EEOC v. Allstate Insurance Company* (Case No. 01-7042)

Dear Judge Buckwalter:

    I write on behalf of Allstate Corporation and Allstate Insurance Company ("Allstate") in response to the letter filed by Plaintiffs on Friday, December 10, 2010 concerning the production schedule for Allstate's Release-related documents. In their letter, Plaintiffs ask the Court to set a January 21, 2011 deadline for Allstate's production. As Allstate explained in its Motion for Entry of Scheduling Order for Production of Release-Related Documents (*see* Docket No. 251), Plaintiffs earlier proposed a schedule for Allstate's production. Allstate agreed to adopt Plaintiffs' proposed timeline, which included a deadline of February 28, 2011 for Allstate to complete its production. After a lengthy meet and confer on December 9, 2010, however, Plaintiffs informed Allstate that they were no longer willing to enter into a Stipulation setting forth a production schedule for Allstate's production. Instead, Plaintiffs sent a proposed Order to the Court proposing a January 21, 2011 deadline that Plaintiffs had not previously proposed or discussed with Allstate. In its Motion for Entry of Scheduling Order for Production of Release-Related Documents, Allstate proposed that the Court adopt the production deadline of February 28, 2011, the date originally proposed by Plaintiffs and agreed upon by Allstate.

    Plaintiffs' newly-proposed production deadline of January 21, 2011 is not feasible, for the following reasons. With few exceptions, Allstate has agreed to search electronically-stored information ("ESI") with Plaintiffs' proposed lists of custodians and search terms, which include more than 100 search terms and 100 custodians. Allstate anticipates that because of the large number of custodians designated by Plaintiffs, and the expansiveness of Plaintiffs' search terms, it will take substantial time to collect, electronically process, search, and review this ESI for responsiveness to Plaintiffs' requests. Additionally, the custodians on Plaintiffs' proposed custodian list include attorneys in Allstate's law department, which necessarily will require

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

December 14, 2010
Page 2

Allstate to review and investigate any responsive documents to ascertain whether the communications are subject to attorney-client or attorney work product privileges. Allstate is also searching data from certain legacy computer systems for responsive, reasonably-accessible information. Searching these systems, which are no longer in use by Allstate, requires not only finding Allstate personnel with a working knowledge of systems that have not been actively used for business purposes for years, but also crafting the necessary queries to pull responsive information. This, too, takes substantial time. In addition, the parties are still negotiating remaining search terms and custodians, which also delays Allstate's ability to finalize its collection. In short, Allstate needs sufficient time to collect, process, and review the volume of information collected in response to Plaintiffs' collection parameters. For these reasons, Allstate asks that the Court enter the proposed order attached to Allstate's Motion for Entry of Scheduling Order for Production of Release-Related Documents, and set a deadline for Allstate's production of Release-related documents of February 28, 2011.

Allstate further notes that Plaintiffs' December 10, 2010 letter contains several inaccuracies concerning the parties' meet and confer discussions. Allstate will address those disagreements with Plaintiffs in connection with future meet and confer discussions, but Plaintiffs have informed Allstate that they are unavailable to discuss any issues until January because of the schedules of Plaintiffs' attorneys. In addition to Allstate's disagreements with Plaintiffs' summary of the meet and confer, Allstate also expects that Plaintiffs will be prepared to discuss Plaintiffs' objections and failure to respond to Allstate's discovery requests at the parties' next meet and confer, as Plaintiffs were unwilling to discuss those issues during the December 9, 2010 conference. For now, Allstate notes that Plaintiffs' December 10, 2010 letter provides no explanation why the production schedule and deadline originally proposed by Plaintiffs should be accelerated, particularly when Plaintiffs are not available for further meet and confer discussions until January and Allstate will make rolling productions of documents starting this week, as set forth in its proposed Order.

Respectfully,

Katherine M. Katchen