# EXHIBIT 20

# EXHIBIT 20A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GENE R. ROMERO,** *et al.,* ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 01-CV-3894 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| **GENE R. ROMERO,** *et al.,* ) | |
| ) | |
| **Plaintiffs.** ) | |
| ) | **Civil Action No. 01-CV-6764 (RLB)** |
| **v.** ) | |
| ) | |
| **ALLSTATE CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF JOSEPH BENOIT'S RESPONSES TO ALLSTATE'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Joseph Benoit

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.    RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**    You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**    You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-

related"ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device"

or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.


**REQUEST FOR ADMISSION NO. 3:**    You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**     Prior to March 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to March 10, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**     Prior to March 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced

in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computer" that contained "Release-related" ESI, if

any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"personal computer" prior to March 10, 2001.  Plaintiff further objects to this Request to the

extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to

make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to

do so prior to March 10, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.

**REQUEST FOR ADMISSION NO. 6:**    Prior to March 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" that contained "Release-related" ESI, if any; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"eMachine" prior to March 10, 2001.  Plaintiff further objects to this Request to the extent that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "eMachine" and that Plaintiff had to do so prior to

March 10, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as

drafted.

**REQUEST FOR ADMISSION NO. 7:**      Prior to March 10, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced
in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained "Release-related" ESI, if

any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Gateway" computer prior to March 10, 2001.  Plaintiff further objects to this Request to the

extent that it creates unwarranted and inaccurate inferences that: (a) Plaintiff possessed the

"Gateway" computer as of March 10, 2001; and (b) if he did possess it, Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that

Plaintiff had to do so prior to March 10, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**      Prior to March 10, 2001, You did not search for
ESI from the Relevant Time Period by conducting electronic searches, such as key word
searches, against the ESI (in native format, with all corresponding metadata) in Your possession,
custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "electronic searches" other than to provide a single, non-exclusive example.  Plaintiff

interprets this phrase to mean "look for electronic documents."  Plaintiff further objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches

for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further

objects to this Request to the extent that it creates an unwarranted and inaccurate inference that

Plaintiff had the obligation to search for "Release-related" ESI prior to March 10, 2001 or that

Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from

January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient knowledge or information to admit or deny Request No. 8.  Plaintiff does not

remember, and has no reasonable means of determining, whether he conducted electronic

searches for "Release-related" ESI prior to March 10, 2001.


**REQUEST FOR ADMISSION NO. 9:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request to the extent it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.

**REQUEST FOR ADMISSION NO. 10:**     Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced
in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computer" that contained "Release-related" ESI, if

any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"personal computer" prior to August 1, 2001.  Plaintiff further objects to this Request to the

extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to

make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to

do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.

**REQUEST FOR ADMISSION NO. 11:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "eMachine" (as referenced in Mr.
Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" that contained "Release-related" ESI, if any; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"eMachine" prior to August 1, 2001.  Plaintiff further objects to this Request to the extent that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "eMachine" and that Plaintiff had to do so prior to

August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as

drafted.

**REQUEST FOR ADMISSION NO. 12:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced
in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Gateway" computer that contained "Release-related" ESI, if any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway" computer prior to August 1, 2001. Plaintiff further objects to this Request to the extent that it creates unwarranted and inaccurate inferences that: (a) Plaintiff possessed the "Gateway" computer as of August 1, 2001; and (b) if he did possess it, Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as drafted.


**REQUEST FOR ADMISSION NO. 13:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "electronic searches" other than to provide a single, non-exclusive example. Plaintiff interprets this phrase to mean "look for electronic documents." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request to the extent that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to August 1, 2001 or that

Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from

January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient knowledge or information to admit or deny Request No. 13.  Plaintiff does not

remember, and has no reasonable means of determining, whether he conducted electronic

searches for "Release-related" ESI prior to August 1, 2001.

**REQUEST FOR ADMISSION NO. 14:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request to the extent it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided Electronic Storage Device over which

Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage

14

Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff

had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.

**REQUEST FOR ADMISSION NO. 15:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computer" that contained "Release-related" ESI, if

any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"personal computer" prior to July 29, 2009.  Plaintiff further objects to this Request to the extent

that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so

prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 15 as

drafted.

**REQUEST FOR ADMISSION NO. 16:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "eMachine" that contained "Release-related" ESI, if any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine" prior to July 29, 2009. Plaintiff further objects to this Request to the extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "eMachine" and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Gateway" computer that contained "Release-related" ESI, if any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway" computer prior to July 29, 2009. Plaintiff further objects to this Request to the extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

16

**REQUEST FOR ADMISSION NO. 18:**    Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "electronic searches" other than to provide a single, non-exclusive example.  Plaintiff

interprets this phrase to mean "look for electronic documents."  Plaintiff further objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches

for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further

objects to this Request to the extent that it creates an unwarranted and inaccurate inference that

Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 or that

Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from

January 1, 1990 through the present.

     Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient knowledge or information to admit or deny Request No. 18.  Plaintiff does not

remember, and has no reasonable means of determining, whether he conducted electronic

searches for "Release-related" ESI prior to July 29, 2009.

**REQUEST FOR ADMISSION NO. 19:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request to the extent it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided Electronic Storage Device over which

Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage

Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff

had to do so prior to January 1, 2010.

        Without  waiving  and  subject  to  these  objections,  Plaintiff  admits  Request  No.  19  as

drafted.


**REQUEST FOR ADMISSION NO. 20:**    Prior to January 1, 2010, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced
in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "personal computer" that contained "Release-related" ESI, if any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to January 1, 2010. Plaintiff further objects to this Request to the extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as drafted.


**REQUEST FOR ADMISSION NO. 21:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "eMachine" that contained "Release-related" ESI, if any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine" prior to January 1, 2010. Plaintiff further objects to this Request to the extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "eMachine" and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 21 as drafted.

**REQUEST FOR ADMISSION NO. 22:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained "Release-related" ESI, if

any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Gateway" computer prior to January 1, 2010.  Plaintiff further objects to this Request to the

extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to

make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to

do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 22 as

drafted.


**REQUEST FOR ADMISSION NO. 23:**    Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "electronic searches" other than to provide a single, non-exclusive example.  Plaintiff

interprets this phrase to mean "look for electronic documents."  Plaintiff further objects to this

Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches

for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further

objects to this Request to the extent that it creates an unwarranted and inaccurate inference that

Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that

Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from

January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient knowledge or information to admit or deny Request No. 23.  Plaintiff does not

remember, and has no reasonable means of determining, whether he conducted electronic

searches for "Release-related" ESI prior to January 1, 2010.


**REQUEST FOR ADMISSION NO. 24:**    Prior to April 23, 2010, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request to the extent it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to April 23, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 24 as drafted.

**REQUEST FOR ADMISSION NO. 25:**    Prior to April 23, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "personal computer" that contained "Release-related" ESI, if any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to April 23, 2010.  Plaintiff further objects to this Request to the extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to April 23, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 25 as drafted.

**REQUEST FOR ADMISSION NO. 26:**    Prior to April 23, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" that contained "Release-related" ESI, if any; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"eMachine" prior to April 23, 2010.  Plaintiff further objects to this Request to the extent that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "eMachine" and that Plaintiff had to do so prior to

April 23, 2010.

       Without waiving and subject to these objections, Plaintiff admits Request No. 26 as

drafted.

**REQUEST FOR ADMISSION NO. 27:**    Prior to April 23, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Benoit's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained "Release-related" ESI, if

any; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Gateway" computer prior to April 23, 2010.  Plaintiff further objects to this Request to the

extent that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to

make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so prior to April 23, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 27 as drafted.

**REQUEST FOR ADMISSION NO. 28:**    Prior to April 23, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "electronic searches" other than to provide a single, non-exclusive example.  Plaintiff interprets this phrase to mean "look for electronic documents."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request to the extent that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to April 23, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 28.  Plaintiff does not remember, and has no reasonable means of determining, whether he conducted electronic searches for "Release-related" ESI prior to April 23, 2010.

**REQUEST FOR ADMISSION NO. 29:**    You sent Release-related email communications to the Runningclock@aol.com email address or received Release-related email communications from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 29 as

drafted.


**REQUEST FOR ADMISSION NO. 30:**   You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that he sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" email communications from Runningclock@aol.com;

and/or (d) "Release-related" email communications from Runningclock@aol.com have not been

retained.

    Without waiving and subject to these objections, Plaintiff admits Request No. 30 as

drafted.


**REQUEST FOR ADMISSION NO. 31:**    You sent Release-related email communications to
a "foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

26

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-

related" email communications from/to a "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 32:**    You have not retained, in native format with all
corresponding metadata, all "Release-related" email communications You sent to or received
from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "foragents.com" when Plaintiff was not under an obligation to do so during the entire

period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff

did not retain all email communications that he sent to or received from "foragents.com" over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 33:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 33 as drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 34:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board to retain.


**REQUEST FOR ADMISSION NO. 35:**    You sent Release-related email communications from the "joebenoit52@hotmail.com" email address or received Release-related email communications at the "joebenoit52@hotmail.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the joebenoit52@hotmail.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at joebenoit52@hotmail.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 35.


**REQUEST FOR ADMISSION NO. 36:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "joebenoit52@hotmail.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as vague and ambiguous because it does not define the term "retained."  Plaintiff interprets this term to mean "preserve or keep from loss or destruction."

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "joebenoit52@hotmail.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time.   Plaintiff further objects to this Request to the extent it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all "Release-related" email communications" that Plaintiff received at or sent from joebenoit52@hotmail.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; and/or (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at joebenoit52@hotmail.com.

Without waiving and subject to these objections, Plaintiff admits Request No. 36.


**REQUEST FOR ADMISSION NO. 37:**  The email account associated with the "joebenoit52@hotmail.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the joebenoit52@hotmail.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently

31

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the joebenoit52@hotmail.com email address during the Relevant Time Period; and

(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 37.  By way of

explanation, Plaintiff does not know whether the email account associated with the

joebenoit52@hotmail.com email address actually had a "janitorial" or "auto-delete" function

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 38:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"joebenoit52@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the

joebenoit52@hotmail.com email address had or utilized a "janitorial" or "auto-delete" function

or program during any portion of the Relevant Time Period in which Plaintiff was not under an

obligation to preserve documents; and (b) it seeks information about the email account beyond

the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the joebenoit52@hotmail.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for joebenoit52@hotmail.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the joebenoit52@hotmail.com email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the joebenoit52@hotmail.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 39:**  The email account associated with the "joebenoit52@hotmail.com"  email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the joebenoit52@hotmail.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the joebenoit52@hotmail.com email address during the

Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

joebenoit52@hotmail.com increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

   Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

joebenoit52@hotmail.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 40:**     During the Relevant Time Period, you did not
request that the email host increase or remove the email or size capacity limit of the email
account associated with the "joebenoit52@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

joebenoit52@hotmail.com email address had an email or size capacity limit during any portion

of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because that it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

joebenoit52@hotmail.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the joebenoit52@hotmail.com have not been retained due to a failure to

increase or remove an "email or size capacity limit" for joebenoit52@hotmail.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for joebenoit52@hotmail.com increase or remove any "email or size

capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 40, including whether there

was an "email or size capacity limit" for joebenoit52@hotmail.com during the "Relevant Time

Period."

**REQUEST FOR ADMISSION NO. 41:** During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "joebenoit52@hotmail.com" email
address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"joebenoit52@hotmail.com" email address onto one of Plaintiff's Electronic Storage Devices

during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the "joebenoit52@hotmail.com" email address beyond the period for

35

which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to

this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was

obligated to save locally "Release-related" e-mails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

      Without waiving and subject to these objections, Plaintiff admits Request No. 27.  By

way of further explanation, during the "Relevant Time Period," Plaintiff printed and saved to a

file most or all of the "Release-related" emails sent to or from the "joebenoit52@hotmail.com"

email address.

Dated: October 31, 2011                      Respectfully Submitted,


 s/ Michael J. Wilson_____
Michael D. Lieder (*admitted pro hac vice*)    Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)    John V. Gorman (ID No. 80631)
     DC Bar No. 421274                         Brian M. Ercole (ID No. 91591)
SPRENGER + Lang, PLLC                          MORGAN, LEWIS & BOCKIUS LLP
1400 Eye Street, N.W., Suite 500               1701 Market Street
Washington, D.C.  20005                        Philadelphia, PA  19103
Telephone:  (202) 265-8010                     Telephone: (215) 963-5000
Facsimile:  (202) 332-6652                     Facsimile:  (215) 963-5001



Craig Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                    Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                 AARP Foundation Litigation
Washington, D.C.  20004                        601 E Street, N.W.
Telephone: (202) 739-3000                      Washington, D.C.  20049
Facsimile:  (202) 739-3001                     Telephone:  (202) 434-2060
                                               Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Craig Crease's

Amended Responses to Allstate's First Set of Requests for Admission was served on October 31,

2011 via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA 19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

Dated: October 31, 2011                    s/ Michael J. Wilson
                                           Michael J. Wilson

Crease, Craig, Amended RFA

# EXHIBIT 20B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF EDWIN MURRAY'S RESPONSES TO**
**ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Edwin Murray ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

B.     **RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

4

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

email, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.      .

> Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.

**REQUEST FOR ADMISSION NO. 4:**  Prior to February 16, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 16, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to February 16, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Compaq" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq"

computer prior to February 16, 2001.  Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so

prior to February 16, 2001.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to February 16, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" desktop
computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You
used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to February 16, 2001.  Plaintiff further objects to this Request because

that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to February 16, 2001.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 7:**  Prior to February 16, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "laptop" computer (as referenced in
Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "laptop" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "laptop" computer prior to February 16, 2001. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "laptop" computer and that Plaintiff had to do so prior to February 16, 2001.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 8:** Prior to February 16, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-related" ESI prior to February 16, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether prior to February 16, 2001, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

10

**REQUEST FOR ADMISSION NO. 10:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Compaq" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq" computer prior to August 1, 2001.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to August 1, 2001.

        Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" desktop computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer prior to August 1, 2001.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

11

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to do so prior to August 1, 2001.

    Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 12:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "laptop" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "laptop" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "laptop" computer prior to August 1, 2001.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "laptop" computer and that Plaintiff had to do so prior to August 1, 2001.

    Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 13:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to August 1, 2001, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 14:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to July 29, 2009.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Compaq" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq"

computer prior to July 29, 2009.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to

July 29, 2009.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 16:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" desktop computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer prior to July 29, 2009.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 17:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "laptop" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "laptop" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "laptop" computer prior to July 29, 2009.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "laptop" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 18:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to July 29, 2009, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 19:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

 Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 20:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Compaq" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq"

computer prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to

January 1, 2010.

 Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 21:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" desktop computer (as

referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to January 1, 2010. Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 22:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "laptop" computer (as referenced in Mr. Murray's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "laptop" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "laptop"

computer prior to January 1, 2010. Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "laptop" computer and that Plaintiff had to do so prior to

January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 23:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to January 1, 2010, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 24:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from the

"Runningclock@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

   Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 25:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent to or received from

"Runningclock@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent to or received

from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on

"Runningclock@aol.com" were not retained.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 26:**  You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

      Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-

related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 27:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 28:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

        Without waiving and subject to these objections, after reasonable investigation, Plaintiff

denies this Request as drafted.  By way of explanation, Plaintiff did not post "Release-related"

communications to the "Yahoo! ALL" message board during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 29:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message

board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff

was not under an obligation to do so during that entire time; and (b) it is irrelevant whether

Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff denies this Request as drafted. By way of explanation, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board and hence had no "Release-related" communications to retain.

**REQUEST FOR ADMISSION NO. 30:** You sent Release-related email communications from the "emurray@aol.com" email address or received Release-related email communications at the "emurray@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received at the "emurray@aol.com"

email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at the "emurray@aol.com" email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 31:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "emurray@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "emurray@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"— when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at the "emurray@aol.com" email address over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from the "emurray@aol.com" email address throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the

only person who could have retained "Release-related" communications that were sent from or

received at the "emurray@aol.com" email address; and/or (d) "Release-related" email

communications on the "emurray@aol.com" email address were not retained.

        Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 32:**  The email account associated with the
"emurray@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "emurray@aol.com" email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "emurray@aol.com email address during the Relevant Time Period; and (b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

        Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in this Request.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"emurray@aol.com" email address actually had a "janitorial" or "auto-delete" function during

the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 33:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"emurray@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the "emurray@aol.com"

email address had or utilized a "janitorial" or "auto-delete" function or program during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents; and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the "emurray@aol.com" email address during the

Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents

were lost by not disabling an alleged "janitorial" or "auto-delete" function for the

"emurray@aol.com" email account.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "emurray@aol.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "emurray@aol.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 34:**  The email account associated with the "emurray@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "emurray@aol.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "emurray@aol.com" email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for the "emurray@aol.com" email

address increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably

anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for the

"emurray@aol.com" email address during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 35:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "emurray@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"emurray@aol.com" email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for the

"emurray@aol.com" email address increase or remove the "email or size capacity limit"; and (b)

relevant documents from the "emurray@aol.com" email address have not been retained due to a

failure to increase or remove an "email or size capacity limit" for the "emurray@aol.com" email

address.

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for the "emurray@aol.com" email address increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether there was an "email or size capacity limit" for the "emurray@aol.com" email address during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 36:** You have not preserved in native format with all corresponding metadata the following document produced to Allstate as a scanned image: RSW05254 - RSW05258.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 36 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or email systems or on computers over which Allstate has assumed possession, custody, and control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 36. By way of further answer, it is denied that none of the documents identified in Request No. 36 has been retained and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 37:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "emurray@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "emurray@aol.com" email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "emurray@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 37.  By way of explanation, Plaintiff does not know whether any "Release-related" emails were sent from or received at the "emurray@aol.com" email address or whether he downloaded any "Release-related" emails that may have been sent from or received at the "emurray@aol.com" email address onto one of Plaintiff's "Electronic Storage Devices".

Dated: October 31, 2011                         Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Edwin Murray's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    s/ Michael J. Wilson
                                           Michael J. Wilson

# EXHIBIT 20C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF CAROLYN PENZO'S RESPONSES TO ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Carolyn Penzo ("Plaintiff"), by and through her attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

## A.    GENERAL OBJECTIONS

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.    Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.    Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

1

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as

calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.    Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.    In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.    To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.    Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.    <u>RESPONSES TO REQUESTS FOR ADMISSION</u>**

<u>**REQUEST FOR ADMISSION NO. 1:**</u>  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

<u>**RESPONSE:**</u>  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

<u>**REQUEST FOR ADMISSION NO. 2:**</u>  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that she created, obtained, or received over a twenty-one

year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation

to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI

over a twenty-one year period concerning legal theories that are encompassed within Allstate's

current definition of "Release-related" but that were not in existence throughout the "Relevant

Time Period."  Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email,

that Plaintiff created, obtained, or had in her possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.


**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all
corresponding metadata, all Release-related ESI, including email, that You created, obtained, or
had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that she created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

email, that Plaintiff created, obtained, or had in her possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.      .

      Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to May 24, 2000, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that she used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to May 24, 2000.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to May 24, 2000, You did not make a Forensic
Copy (or otherwise make an electronic copy) of any of the "personal computers" (as referenced
in Ms. Penzo's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computers" that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "personal

computers" prior to May 24, 2000.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of her "personal computers" and that Plaintiff had to do so prior to

May 24, 2000.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.

**REQUEST FOR ADMISSION NO. 6:**  Prior to May 24, 2000, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-related" ESI prior to May 24, 2000, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether she conducted electronic searches of her ESI for "Release-related" documents from the "Relevant Time Period" prior to May 24, 2000.

**REQUEST FOR ADMISSION NO. 7:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of any of the "personal computers" (as referenced in Ms. Penzo's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "personal computers" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "personal

computers" prior to February 1, 2001. Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of her "personal computers" and that Plaintiff had to do so

prior to February 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:** Prior to February 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so. Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to February 1, 2001, or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted.


**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that she used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to July 29, 2009.

    Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of any of the "personal computers" (as referenced in Ms. Penzo's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "personal computers" that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "personal computers" prior toJuly 29, 2009.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of her "personal computers" and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.


**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether she conducted electronic searches of her ESI for "Release-related" documents from the "Relevant Time Period" prior to July 29, 2009.

**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of any of the "personal computers" (as referenced in Ms. Penzo's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "personal computers" that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "personal

computers" prior to January 1, 2010. Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of her "personal computers" and that Plaintiff had to do so

prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.


**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so. Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether she conducted electronic searches of her ESI for "Release-related" documents from the "Relevant Time Period" prior to January 1, 2010.

**REQUEST FOR ADMISSION NO. 16:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received from the "Runningclock@aol.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 17:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

15

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that she sent to or received from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that she sent to or received from "Runningclock@aol.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent to or received from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on "Runningclock@aol.com" were not retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 18:** You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received from a "foragents.com"

16

email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that she sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications, if any, that she sent to or received from a "foragents.com" email address or email list over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications, if any, that she sent to or received from a "foragents.com" email address or email list over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff sent to or received from a "foragents.com" email address or email list throughout the "Relevant Time Period"; (b) Plaintiff

17

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent to or received from a "foragents.com" email address or email list; and/or (d) "Release-related" email communications sent to or received from a "foragents.com" email address or email list were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether she sent "Release-related" email communications to a "foragents.com" email address or email list, or received "Release-related" email communications from a "foragents.com" email address or email list since January 1, 1990.

**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications, if any, that she posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies the Request as drafted. By way of explanation, to the best of her recollection, Plaintiff did not post any "Release-related" communications to the "Yahoo! ALL" message board during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI, if any, that she posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI, if any, that she posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-

related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related"
communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff is
unable to admit or deny this Request as drafted.  By way of explanation, Plaintiff did not post
any Release-related communications to the "Yahoo! ALL" message board during the "Relevant
Time Period."


**REQUEST FOR ADMISSION NO. 22:**  You posted Release-related communications to the
"www.carolynpenzo.com" website during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.
Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether
Plaintiff did not retain all "Release-related" ESI, if any, that she posted on the
"carolynpenzo.com" website over a twenty-one year period—the so-called "Relevant Time
Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is
irrelevant whether Plaintiff did not retain all ESI, if any, that she posted on the
"carolynpenzo.com" website over a twenty-one year period concerning legal theories that are
encompassed within Allstate's current definition of "Release-related" but that were not in
existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request
because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to
retain, in native format with all corresponding metadata, all "Release-related" communications,
if any, that Plaintiff posted to the "carolynpenzo.com" website when Plaintiff was not under an
obligation to do so during the entire period in which that website existed; (b) that Plaintiff had an
obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "carolynpenzo.com" website; (d) that Plaintiff had any "Release-related" postings to the "carolynpenzo.com" website to retain; and/or (e) that "Release-related" communications on the "carolynpenzo.com" website were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request as stated. By way of explanation, to the best of her recollection, Plaintiff did not post "Release-related" communications to the "carolynpenzo.com" website during the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "www.carolynpenzo.com" website during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI, if any, that she posted on the "carolynpenzo.com" website over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI, if any, that she posted on the "carolynpenzo.com" website over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications, if any, that Plaintiff posted to the "carolynpenzo.com" website when Plaintiff was not under an obligation to do so during the entire period in which that website existed; (b) that Plaintiff had an

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) that Plaintiff was the only person who could have retained any

"Release-related" communications that were posted on the "carolynpenzo.com" website; (d) that

Plaintiff had any "Release-related" postings to the "carolynpenzo.com" website to retain; and/or

(e) that any "Release-related" communications posted on the "carolynpenzo.com" website were

not retained.

       Without waiving and subject to these objections, Plaintiff denies this Request as stated.

By way of explanation, to the best of her recollection, Plaintiff did not post "Release-related"

communications to the "carolynpenzo.com" website during the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 24:**  You sent Release-related email communications from
the "cpenzo@carolynpenzo.com" email address or received Release-related email
communications at the "cpenzo@carolynpenzo.com" email address during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received at the

"cpenzo@carolynpenzo.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "cpenzo@carolynpenzo.com" email address; and (b) Plaintiff had

the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 25:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "cpenzo@carolynpenzo.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications, if any, that she sent from or received at "cpenzo@carolynpenzo.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications, if any, that she sent from or received at "cpenzo@carolynpenzo.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "cpenzo@carolynpenzo.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "cpenzo@carolynpenzo.com"; and/or (d) "Release-related" email communications on "cpenzo@carolynpenzo.com" were not retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

23

**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"cpenzo@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete"
function or program that caused the deletion of email messages, including documents attached
thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "cpenzo@carolynpenzo.com" email address had or utilized

a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time

Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "cpenzo@carolynpenzo.com" email address during the Relevant Time Period;

and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable

any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 26.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"cpenzo@carolynpenzo.com" email address actually had a "janitorial" or "auto-delete" function

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"cpenzo@carolynpenzo.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "cpenzo@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "cpenzo@carolynpenzo.com" email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "cpenzo@carolynpenzo.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "cpenzo@carolynpenzo.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including

whether the email account associated with the "cpenzo@carolynpenzo.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:**  The email account associated with the "cpenzo@carolynpenzo.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "cpenzo@carolynpenzo.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "cpenzo@carolynpenzo.com" email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for "cpenzo@carolynpenzo.com" increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for "cpenzo@carolynpenzo.com" during the "Relevant Time Period."

26

**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "cpenzo@carolynpenzo.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"cpenzo@carolynpenzo.com" email address had an email or size capacity limit during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

"cpenzo@carolynpenzo.com" increase or remove the "email or size capacity limit"; and (b)

relevant documents from the "cpenzo@carolynpenzo.com" have not been retained due to a

failure to increase or remove an "email or size capacity limit" for "cpenzo@carolynpenzo.com."

      Without waiving and subject to these objections, Plaintiff admits only that she did not

request that the email host for "cpenzo@carolynpenzo.com" increase or remove any "email or

size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient

knowledge or information to admit or deny the remaining matter in Request No. 29, including

whether there was an "email or size capacity limit" for "cpenzo@carolynpenzo.com" during the

"Relevant Time Period."

**REQUEST FOR ADMISSION NO. 30:**  You sent Release-related email communications from the "cp@carolynpenzo.com" email address or received Release-related email communications at the "cp@carolynpenzo.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent from or received at the

"cp@carolynpenzo.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "cp@carolynpenzo.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 31:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "cp@carolynpenzo.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications, if any, that she sent from or

received at "cp@carolynpenzo.com" over a twenty-one year period—the so-called "Relevant

Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and

(b) it is irrelevant whether Plaintiff retained all email communications, if any, that she sent from

or received at "cp@carolynpenzo.com" over a twenty-one year period concerning legal theories

that are encompassed within Allstate's current definition of "Release-related" but that were not

in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from "cp@carolynpenzo.com" throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" communications that were sent from or received at

"cp@carolynpenzo.com"; and/or (d) "Release-related" email communications on

"cp@carolynpenzo.com" were not retained.

       Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 32:**  The email account associated with the
"cp@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "cp@carolynpenzo.com" email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "cp@carolynpenzo.com" email address during the Relevant Time Period; and

(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in this Request.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"cp@carolynpenzo.com" email address actually had a "janitorial" or "auto-delete" function

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 33:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"cp@carolynpenzo.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the

"cp@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete" function or

program during any portion of the Relevant Time Period in which Plaintiff was not under an

obligation to preserve documents; and (b) it seeks information about the email account beyond

the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "cp@carolynpenzo.com" email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "cp@carolynpenzo.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "cp@carolynpenzo.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "cp@carolynpenzo.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 34:**  The email account associated with the "cp@carolynpenzo.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "cp@carolynpenzo.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the "cp@carolynpenzo.com" email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for "cp@carolynpenzo.com"

increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably

anticipated litigation.

      Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request. By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"cp@carolynpenzo.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 35:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "cp@carolynpenzo.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because: (a) it is irrelevant whether the email account associated with the

"cp@carolynpenzo.com" email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

"cp@carolynpenzo.com" increase or remove the "email or size capacity limit"; and (b) relevant

documents from the "cp@carolynpenzo.com" have not been retained due to a failure to increase

or remove an "email or size capacity limit" for "cp@carolynpenzo.com."

Without waiving and subject to these objections, Plaintiff admits only that she did not

request that the email host for "cp@carolynpenzo.com" increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 35, including whether there

was an "email or size capacity limit" for "cp@carolynpenzo.com" during the "Relevant Time

Period."

**REQUEST FOR ADMISSION NO. 36:**  You sent Release-related email communications from
the "agents@carolynpenzo.com" email address or received Release-related email
communications at the "agents@carolynpenzo.com" email address during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent from or received at the

"agents@carolynpenzo.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "agents@carolynpenzo.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 37:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "agents@carolynpenzo.com" email address during the Relevant Time Period

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications, if any, that she sent from or received at "agents@carolynpenzo.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications, if any, that she sent from or received at "agents@carolynpenzo.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "cpenzo@carolynpenzo.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "agents@carolynpenzo.com"; and/or (d) "Release-related" email communications on "agents@carolynpenzo.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether she retained, in native format with all corresponding metadata, "all Release-related" communications sent from or received at the "agents@carolynpenzo.com" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 38:**  The email account associated with the "agents@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "agents@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "agents@carolynpenzo.com" email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 38.  By way of

35

explanation, Plaintiff does not know whether the email account associated with the

"agents@carolynpenzo.com" email address actually had a "janitorial" or "auto-delete" function

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 39:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"agents@carolynpenzo.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the

"agents@carolynpenzo.com" email address had or utilized a "janitorial" or "auto-delete"

function or program during any portion of the Relevant Time Period in which Plaintiff was not

under an obligation to preserve documents; and (b) it seeks information about the email account

beyond the period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications sent from or received at the

"agents@carolynpenzo.com" email address during the Relevant Time Period; (b) Plaintiff was

obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably

anticipated litigation; and (c) relevant documents were lost by not disabling an alleged

"janitorial" or "auto-delete" function for "agents@carolynpenzo.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "agents@carolynpenzo.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "agents@carolynpenzo.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 40:**  The email account associated with the "agents@carolynpenzo.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "agents@carolynpenzo.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "agents@carolynpenzo.com" email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

37

"agents@carolynpenzo.com" increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"agents@carolynpenzo.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 41:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "agents@carolynpenzo.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"agents@carolynpenzo.com" email address had an email or size capacity limit during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

"agents@carolynpenzo.com" increase or remove the "email or size capacity limit"; and (b)

relevant documents from the "agents@carolynpenzo.com" have not been retained due to a failure

to increase or remove an "email or size capacity limit" for "agents@carolynpenzo.com."

Without waiving and subject to these objections, Plaintiff admits only that she did not request that the email host for "agents@carolynpenzo.com" increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 29, including whether there was an "email or size capacity limit" for "agents@carolynpenzo.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 42:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: JW00297 - JW00297; JW00298 - JW00299; RH04757 - RH04757; TK10904 - TK10905; RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 42 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or email systems or on computers over which Allstate has assumed possession, custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 42.  By way of further answer, it is denied that none of the documents identified in Request No. 42 has been retained and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 43:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "agents@carolynpenzo.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "agents@carolynpenzo.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "agents@carolynpenzo.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 43.  By way of explanation, to the best of her recollection, during the "Relevant Time Period," Plaintiff downloaded multiple emails related to the Release that were sent to or from the "agents@carolynpenzo.com" email address onto one of Plaintiff's Electronic Storage Devices.

**REQUEST FOR ADMISSION NO. 44:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "cp@carolynpenzo.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"cp@carolynpenzo.com" email address onto one of Plaintiff's Electronic Storage Devices during

any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the "cp@carolynpenzo.com" email address beyond the period for which

the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was

obligated to save locally "Release-related" emails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 45:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "cpenzo@carolynpenzo.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the "cpenzo@carolynpenzo.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "cpenzo@carolynpenzo.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

Dated: October 31, 2011                     Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                            K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                        Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                    MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                    1701 Market Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 963-5000
                                             Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)            Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                  Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.               AARP Foundation Litigation
Washington, D.C.  20004                      601 E Street, N.W.
Telephone: (202) 739-3000                     Washington, D.C.  20049
Facsimile:  (202) 739-3001                    Telephone:  (202) 434-2060
                                             Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Richard Wandner's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA 19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

Dated: October 31, 2011                          Respectfully Submitted,

_____

Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                          Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                             K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                         Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                     MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                     1701 Market Street
                                               Philadelphia, PA  19103
                                               Telephone: (215) 963-5000
                                               Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                    Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                 AARP Foundation Litigation
Washington, D.C.  20004                        601 E Street, N.W.
Telephone: (202) 739-3000                      Washington, D.C.  20049
Facsimile:  (202) 739-3001                     Telephone:  (202) 434-2060
                                               Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Carolyn Penzo's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

DB1/ 68085146.1

# EXHIBIT 20D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENE R. ROMERO,** *ET AL.* ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 01-CV-3894 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **GENE R. ROMERO, ET AL.** ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 01-CV-6764 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE CORPORATION,** *ET AL.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF PAULA SCHOTT'S RESPONSES TO ALLSTATE'S
FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Paula Schott

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

First Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

3

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.


**REQUEST FOR ADMISSION NO. 4:** Prior to February 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 10, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.

**REQUEST FOR ADMISSION NO. 5:** Prior to February 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer in [Your] home" (as referenced in Ms. Schott's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the referenced computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of the referenced

computer prior to February 10, 2001.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of the referenced computer and that Plaintiff had to do so prior to

February 10, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to February 10, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to February 10, 2001 or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

        Without waiving and subject to these objections and after reasonable investigation,

Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 6.  By way of

explanation, Plaintiff does not recall whether, prior to February 10, 2001, Plaintiff had conducted

electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-related" ESI from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic copy (or otherwise make an electronic copy) of the "computer in [Your] home" (as referenced in Ms. Schott's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the referenced computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of the referenced computer prior to August 1, 2001.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of the referenced computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to August 1,

2001, and that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff

received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections and after reasonable investigation,

Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 9.  By way of

explanation, Plaintiff does not recall whether, prior to August 1, 2001, Plaintiff had conducted

electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-

related" ESI from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

11

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer in [Your] home" (as referenced in Ms. Schott's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the referenced computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of the referenced

computer prior to July 29, 2009. Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy

(or electronic copy) of the referenced computer and that Plaintiff had to do so prior to July 29,

2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009, and that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections and after reasonable investigation, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 12. By way of explanation, Plaintiff does not recall whether, prior to July 29, 2009, Plaintiff had conducted electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-related" ESI from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.


**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer in [Your] home" (as referenced in Ms. Schott's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the referenced computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of the referenced computer prior to January 1, 2010.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of the referenced computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

14

**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI during any particular time

period.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1,

2010, and that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff

received over a twenty-one year period—the so-called "Relevant Time Period."

        Without waiving and subject to these objections and after reasonable investigation,

Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 15.  By way of

explanation, Plaintiff does not recall whether, prior to January 1, 2010, Plaintiff had conducted

electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-

related" ESI from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that she sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that she sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications she sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that she sent or received from

16

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" email communications from Runningclock@aol.com;

and/or (d) "Release-related" email communications from Runningclock@aol.com have not been

retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as

drafted.


**REQUEST FOR ADMISSION NO. 18:** You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that she sent or received

from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 18.  By

way of explanation, to the best of her recollection, Plaintiff did not send any "Release-related"

communications to the "foragents.com" email address or list or receive any "Release-related"

communications from that email address or list during the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 19:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that she sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that she sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that she sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections and after reasonable inquiry, Plaintiff denies that Plaintiff sent any "Release-related" email communications to or received any "Release-related" email communications from the "foragents.com" email address or email list

from January 1, 1990 through the present, and hence asserts that Plaintiff had no such

communications to retain.


**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that she posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20.  By

way of explanation, to the best of her recollection, Plaintiff did not post "Release-related"

communications to the "Yahoo! ALL" message board.


**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that she posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that she posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of her recollection, Plaintiff did not make any postings to the "Yahoo! ALL" message board to retain.

**REQUEST FOR ADMISSION NO. 22:** You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: CM05110 - CM05112; CM05150 - CM05150; CM05161 - CM05161; CM05164 - CM05164;

CM05179 - CM05180; CM05212 - CM05212; CM05286 - CM05286; CM05368 - CM05368; CM05482 - CM05482.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 22 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or e-mail systems or on computers over which Allstate has assumed possession, custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits that Plaintiff has not retained, in native format with all corresponding metadata, the documents identified in Request No. 22.

Dated: October 31, 2011                    Respectfully Submitted,


/s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac vice*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)        John V. Gorman (ID No. 80631)
    DC Bar No. 421274                              Brian M. Ercole (ID No. 91591)
SPRENGER + Lang, PLLC                              MORGAN, LEWIS & BOCKIUS LLP
1400 Eye Street, N.W., Suite 500                   1701 Market Street
Washington, D.C.  20005                            Philadelphia, PA  19103
Telephone:  (202) 265-8010                         Telephone: (215) 963-5000
Facsimile:  (202) 332-6652                         Facsimile:  (215) 963-5001



Craig Anton Zevnik (ID No. 140986)                 Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                        Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                     AARP Foundation Litigation
Washington, D.C.  20004                            601 E Street, N.W.
Telephone: (202) 739-3000                          Washington, D.C.  20049
Facsimile:  (202) 739-3001                         Telephone:  (202) 434-2060
                                                   Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Thomas Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                     /s/ Michael J. Wilson
                                            Michael J. Wilson

# EXHIBIT 20E

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF JAMES BEVER'S RESPONSES TO
ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff James Bever

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law. To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents. The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action. The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control Release-related ESI at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all Release-related ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

> Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**  Prior to February 16, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 16, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:** Prior to February 16, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "two custom personal computers"
(as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "two custom personal computers" that may have contained

relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic

copy) of his "custom personal computer" prior to February 16, 2001.  Plaintiff further objects to

this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "two custom personal

computers" and that Plaintiff had to do so prior to February 16, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.

**REQUEST FOR ADMISSION NO. 6:**  Prior to February 16, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to February 16, 2001, or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to February 16, 2001, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period".

**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "two custom personal computers" (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "two custom personal computers" that may have contained

relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic

copy) of his "custom personal computer" prior to August 1, 2001.  Plaintiff further objects to this

Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "two custom personal

computers" and that Plaintiff had to do so prior to August 1, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether prior to August 1, 2001, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period".

**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "two custom personal computers" (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "two custom personal computers" that may have contained

relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic

copy) of his "custom personal computer" prior to July 29, 2009.  Plaintiff further objects to this

Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "two custom personal

computers" and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as

drafted.

**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period".

**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "two custom personal computers" (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "two custom personal computers" that may have contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "custom personal computer" prior to January 1, 2010. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "two custom personal computers" and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

14

key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so. Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

      Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request. By way of

explanation, Plaintiff does not recall whether, prior to January 1, 2010, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period".

**REQUEST FOR ADMISSION NO. 16:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the

"Runningclock@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

      Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.


**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent to or received from

"Runningclock@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent to or received from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on "Runningclock@aol.com" were not retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

    Without waiving and subject to these objections, Plaintiff denies this Requests as drafted.


**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all
corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL"
message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message

board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff

was not under an obligation to do so during that entire time; and (b) it is irrelevant whether

Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

19

inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL"

message board when Plaintiff was not under an obligation to do so during the entire period in

which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was

the only person who could have retained "Release-related" communications that were posted on

the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the

"Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the

"Yahoo! ALL" message board were not retained.

   Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 22:** You sent Release-related email communications from
the "Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory
No. 10) or received Release-related email communications at the "Mindspring" email address
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the "Mindsping" email

address beyond the time period for which the parties have currently agreed to collect and

produce ESI. Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent from or

received the "Mindspring" email address; and (b) Plaintiff had the obligation to retain, prior to

the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether he sent or received "Release-related" communications to/from the "Mindspring" email address during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "RainbowGene@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at the "Mindspring" email address over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff sent or received "Release-related" email from/to the "Mindspring" email address during the "Relevant Time Period"; (b) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from the "Mindspring" email address throughout the "Relevant Time Period"; (c) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at the "Mindspring" email address; and/or (d) "Release-related" email communications on the "Mindspring" email address were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether he sent or received any "Release-related" communications from/at the "Mindspring" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 24:** The email account associated with the "Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the "Mindspring" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff sent or received "Release-related" email from/to the "Mindspring" email address during the "Relevant Time Period"; (b) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "Mindspring" email address during the "Relevant

Time Period"; and (c) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was

obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of

explanation, Plaintiff does not know whether the email account associated with the "Mindspring"

email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time

Period."


**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory No.
10).

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the"Relevant Time Period"or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the "Mindspring" email

address had or utilized a "janitorial" or "auto-delete" function or program during any portion of

the"Relevant Time Period"in which Plaintiff was not under an obligation to preserve documents;

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff sent or received "Release-

related" email from/to the "Mindspring" email address during the "Relevant Time Period"; (b)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" email sent from or received at the "Mindspring" email address during the "Relevant Time Period"; (c) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (d) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for the "Mindspring" email account.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "Mindspring" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "Mindspring" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the "Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "Mindspring" email address had an email or size capacity limit during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff sent or received "Release-related" email from/to the "Mindspring" email address during the "Relevant Time Period"; (b) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email sent from or received at the "Mindspring" email address during the "Relevant Time Period"; and (c) Plaintiff was obligated to request that the email host for the "Mindspring" email address increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request. By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for the "Mindspring" email address during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10).

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "Mindspring" email address had an email or size capacity limit during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for the "Mindspring" email address increase or remove the "email or size capacity limit"; and (b) relevant documents from the "Mindspring" email address have not been retained due to a failure to increase or remove an "email or size capacity limit" for the "Mindspring" email address.

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for the "Mindspring" email address increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 27, including whether there was an "email or size capacity limit" for the "Mindspring" email address during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:** You sent Release-related email communications from the "jbev@midusa.net" email address or received Release-related email communications at the "jbev@midusa.net" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the "jbev@midusa.net" email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at "jbev@midusa.net"; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

26

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff cannot recall whether he sent "Release-related" email communications from the

"jbev@midusa.net" email address or received "Release-related" email communications at the

"jbev@midusa.net" email address during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 29:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"jbev@midusa.net" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "jbev@midusa.net" over a twenty-one year period—the so-called "Relevant Time Period"—

when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiff retained all email communications that he sent from or received at

"jbev@midusa.net" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from "jbev@midusa.net" throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" communications that were sent from or received at

<div align="center">27</div>

"jbev@midusa.net"; and/or (d) "Release-related" email communications on "jbev@midusa.net"

were not retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the "jbev@midusa.net" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "jbev@midusa.net" email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the "Relevant Time

Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff sent or received "Release-related"

emails from/at the "jbev@midusa.net" email address during the "Relevant Time Period"; (b)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" email sent from or received at the "jbev@midusa.net" email address during the

"Relevant Time Period"; and (c) prior to when Plaintiff reasonably anticipated litigation,

Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 30.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"jbev@midusa.net" email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 31:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "jbev@midusa.net" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the "Relevant Time Period" or any portion of the "Relevant Time Period".  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "jbev@midusa.net" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "jbev@midusa.net" email address during the "Relevant Time Period"; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "jbev@midusa.net."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the "jbev@midusa.net"

email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to

admit or deny the remaining matter in this Request, including whether the email account

associated with the "jbev@midusa.net" e-mail address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 32:**  The email account associated with the
"jbev@midusa.net" email address had an email or size capacity limit at some point during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"jbev@midusa.net" email address had an email or size capacity limit during any portion of the

"Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email sent from or received

at the "jbev@midusa.net" email address during the "Relevant Time Period"; and (b) Plaintiff

was obligated to request that the email host for "jbev@midusa.net" increase or remove the

"email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

　　　Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for the

"jbev@midusa.net" email address during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 33:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "jbev@midusa.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"jbev@midusa.net" email address had an email or size capacity limit during any portion of the

"Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

"jbev@midusa.net" increase or remove the "email or size capacity limit"; and (b) relevant

documents from the "jbev@midusa.net" have not been retained due to a failure to increase or

remove an "email or size capacity limit" for "jbev@midusa.net."

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for "jbev@midusa.net" increase or remove any "email or size capacity

limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or

information to admit or deny the remaining matter in Request No. 33, including whether there

was an "email or size capacity limit" for "jbev@midusa.net" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 34:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: JB06004 - JB06004; JB06024 - JB06024; JB06025 - JB06025; JB06026 - JB06026; JB06027 - JB06027.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 34

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 34.  By way of further answer, it is denied that none of the documents identified

in Request No. 34 has been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 35:**  During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request. By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 36:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "Mindspring" email address (as referenced in Mr. Bever's response to Allstate Interrogatory No. 10) onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "Mindspring" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "Mindspring" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff sent or received "Release-related" emails from/at the "Mindspring" email address during the "Relevant Time Period"; (b) Plaintiff was obligated to save locally any "Release-related" emails onto a computer or data storage device that Plaintiff

33

possessed or controlled during the "Relevant Time Period"; and (c) Plaintiff was obligated to

preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 36.  By way of

explanation, Plaintiff does not know whether any "Release-related" emails were sent from or

received at the "Mindspring" email account or whether he downloaded any "Release-related"

emails that may have been sent from or received at the "Mindspring" email account onto one of

Plaintiff's Electronic Storage Devices.


**REQUEST FOR ADMISSION NO. 41:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "jbev@midusa.net" email address onto
one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"jbev@midusa.net" email address onto one of Plaintiff's Electronic Storage Devices during any

portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the downloading of "Release-related" emails sent

to or from the "jbev@midusa.net" email address beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally

"Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 41.  By way of explanation, during the "Relevant Time Period," Plaintiff downloaded multiple emails related to the Release that were sent to or from the "jbev@midusa.net" email address onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                          Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                     Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff James Bever's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011   /s/ Michael J. Wilson
       Michael J. Wilson

# EXHIBIT 20F

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF ROGER BOYD'S RESPONSES TO
ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Roger Boyd ("Plaintiff"),

by and through his attorneys, hereby provides the following responses to Allstate's Second Set

Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period.

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

3

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.     RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

email, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.     .

      Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.

**REQUEST FOR ADMISSION NO. 4:**  Prior to May 19, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to May 19, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:**  Prior to May 19, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to May 19, 2001.  Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to May 19, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to May 19, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr.
Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" computer that contained relevant ESI;  and (b) it

is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to May 19, 2001.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to

May 19, 2001.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 7:**  Prior to May 19, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-related" ESI prior to May 19, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to August 1, 2001.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 10:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr.

Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" computer that contained relevant ESI;  and (b) it

is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to August 1, 2001.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to

August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to August 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to July 29, 2009.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 13:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to July 29, 2009. Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to July 29, 2009.

  Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 14:** Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr.
Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "eMachine" computer that contained relevant ESI; and (b) it

is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to July 29, 2009. Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to

July 29, 2009.

  Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

    Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 16:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy of) each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

14

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

     Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 17:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as referenced
in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to January 1, 2010.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to January 1, 2010.

     Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

15

**REQUEST FOR ADMISSION NO. 18:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "eMachine" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine" computer prior to January 1, 2010. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to January 1, 2010.

> Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 19:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 20:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from the

"Runningclock@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "Runningclock@aol.com" when Plaintiff was not under an obligation to do so during the

17

entire period in which "Runningclock@aol.com" has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

"Runningclock@aol.com" concerning legal theories that are encompassed within Allstate's

current definition of "Release-related" but that were not in existence throughout the "Relevant

Time Period."   Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from "Runningclock@aol.com"; (b) Plaintiff had the obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" email communications from

"Runningclock@aol.com"; and/or (d) "Release-related" email communications from

"Runningclock@aol.com" have not been retained.

        Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he may have sent or

received from the foragents.com email address or email list; and (b) Plaintiff had the obligation

to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related"

ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-

related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he may have sent to or

received from "foragents.com" when Plaintiff was not under an obligation to do so during the

entire period in which that email address or email list existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications that he may have sent to or received from

"foragents.com" over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" ESI that he may have sent to or

received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when

19

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.


**REQUEST FOR ADMISSION NO. 24:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he may have posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 25:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he may have posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he may have posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff may have posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 26:** You sent Release-related email communications from the "rtb@ellensburg.com" email address or received Release-related email communications at the "rtb@ellensburg.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received at the "rtb@ellensburg.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at "rtb@ellensburg"' and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 27:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "rtb@ellensburg.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received

22

at "rtb@ellensburg.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that he sent from or received at

"rtb@ellensburg.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications that Plaintiff received at or sent from "rtb@ellensburg.com" throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; and (c) Plaintiff was the only person

who could have retained "Release-related" communications that were sent from or received

at"rtb@ellensburg.com."

     Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 28:**  The email account associated with the
"rtb@ellensburg.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "rtb@ellensburg.com" email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "rtb@ellensburg.com" email address during the Relevant Time Period; and (b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 28.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"rtb@ellensburg.com" email address actually had a "janitorial" or "auto-delete" function during

the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"rtb@ellensburg.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the "rtb@ellensburg.com"

email address had or utilized a "janitorial" or "auto-delete" function or program during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents; and (b) it seeks information about the email account beyond the period for which the

24

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the "rtb@ellensburg.com" email address during the

Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents

were lost by not disabling an alleged "janitorial" or "auto-delete" function

for"rtb@ellensburg.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the "rtb@ellensburg.com"

email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to

admit or deny the remaining matter in this Request, including whether the email account

associated with the "rtb@ellensburg.com" email address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the
"rtb@ellensburg.com" email address had an email or size capacity limit at some point during the
Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"rtb@ellensburg.com" email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the "rtb@ellensburg.com" email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for "rtb@ellensburg.com" increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"rtb@ellensburg.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 31:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "rtb@ellensburg.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"rtb@ellensburg.com" email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for "rtb@ellensburg.com" increase or remove the "email or size capacity limit"; and (b) relevant documents from the "rtb@ellensburg.com" have not been retained due to a failure to increase or remove an "email or size capacity limit" for "rtb@ellensburg.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "rtb@ellensburg.com" increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 27, including whether there was an "email or size capacity limit" for "rtb@ellensburg.com" during the "Relevant Time Period.

**REQUEST FOR ADMISSION NO. 32:** You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: NL00247 - NL00248; NL00284 - NL00284; NL00324 - NL00327; NL00850 - NL00852; NL00853 - NL00854; NL00856 - NL00856; NL00884 - NL00885; TK10904 - TK10905; RSW04448 - RSW04449.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 32 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or email systems or on computers over which Allstate has assumed possession, custody, and control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

27

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 32. By way of further answer, it is denied that none of the documents identified in Request No. 32 has been retained and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 33:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "rtb@ellensburg.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "rtb@ellensburg.com" email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "rtb@ellensburg.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

28

Without waiving and subject to these objections, Plaintiff denies Request No. 33. By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded one or more "Release-related" emails that were sent from or received at the "rtb@ellensburg.com" email address onto one of Plaintiff's "Electronic Storage Devices."

Dated: October 31, 2011                    Respectfully Submitted,

_____

Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                     Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Roger Boyd's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                              Michael J. Wilson

# EXHIBIT 20G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF RICHARD CARRIER'S RESPONSES TO**
**ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Richard Carrier

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.    Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.    Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.    In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.    To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.    Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**    **RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.


**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

    Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted. By way of further response, one or more personal computers that Plaintiff used during the Relevant Time Period were damaged as the result of a burglary and resulting fire at his agency and, after taking possession of the damaged computers, Allstate was unable to recover any ESI therefrom. In addition, an Allstate laptop computer was stolen from Plaintiff's truck.

**REQUEST FOR ADMISSION NO. 4:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:
(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "various personal and laptop computers" (as referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

224 of 1066

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that any person, including, but not limited to, Plaintiff, may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that Mr. Boyd may have used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff "used" any of the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate Interrogatory No. 10; (b) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate Interrogatory No. 10; and (c) Plaintiff had to do so prior to February 1, 2001.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff is unable to admit or deny this Request as drafted.  By way of explanation, Plaintiff did not "use" or otherwise possess custody or control of any of the "various personal and laptop computers" referenced in Mr. Boyd's response to Interrogatory No. 10 during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 6:**  Prior to February 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to February 1, 2001, or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written.

By way of explanation, to the best of his recollection, Plaintiff conducted electronic searches of

his ESI for "Release-related" documents from the Relevant Time Period prior to February 1,

2001.


**REQUEST FOR ADMISSION NO. 7:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "various personal and laptop computers" (as
referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "various personal and laptop computers" that may have

contained relevant ESI;  and (b) it is irrelevant whether, prior to July 29, 2009, Plaintiff made a

"Forensic Copy" (or electronic copy) of the "various personal and laptop computers" referenced

in Mr. Boyd's response to Allstate Interrogatory No. 10.    Plaintiff further objects to this

Request because that it creates unwarranted and inaccurate inferences that:  (a) Plaintiff "used"

any of the "various personal and laptop computers" referenced in Mr. Boyd's response to

Allstate Interrogatory No. 10; and (b) Plaintiff had the obligation to make a "Forensic Copy" (or

electronic copy) of the "various personal and laptop computers" referenced in Mr. Boyd's

response to Allstate Interrogatory No. 10; and (c) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, Plaintiff did not "use" or otherwise possess custody or control of any of

the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate

Interrogatory No. 10 during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 9:**  Prior to July 29, 2009, You did not search for
"Release-related" ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written.

By way of explanation, to the best of his recollection, Plaintiff conducted electronic searches of

his ESI for "Release-related" documents from the Relevant Time Period prior to July 29, 2009.


**REQUEST FOR ADMISSION NO. 10:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

      Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "various personal and laptop computers" (as
referenced in Mr. Boyd's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "various personal and laptop computers" that may have contained relevant ESI; and (b) it is irrelevant whether, prior to January 1, 2010, Plaintiff made a "Forensic Copy" (or electronic copy) of the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate Interrogatory No. 10. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that: (a) Plaintiff "used" any of the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate Interrogatory No. 10; and (b) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate Interrogatory No. 10; and (c) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, Plaintiff did not "use" or otherwise possess custody or control of any of the "various personal and laptop computers" referenced in Mr. Boyd's response to Allstate Interrogatory No. 10 during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 12:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

13

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written.  By way of explanation, to the best of his recollection, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period prior to January 1, 2010.

**REQUEST FOR ADMISSION NO. 13:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received from the "Runningclock@aol.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent to or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as drafted.

**REQUEST FOR ADMISSION NO. 14:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent to or received from

"Runningclock@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent to or received

from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on

"Runningclock@aol.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent to or received from the

"Runningclock@aol.com" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 15:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

   Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 16:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from a "foragents.com" email address or email list over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire

time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent to or

received from a "foragents.com" email address or email list over a twenty-one year period

concerning legal theories that are encompassed within Allstate's current definition of "Release-

related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all

"Release-related" email communications" that Plaintiff sent to or received from a

"foragents.com" email address or email list throughout the "Relevant Time Period"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications that were sent to or received from a "foragents.com" email address or

email list; (d) d) that Plaintiff had any "Release-related" communications to or from

"foragents.com" to retain; and/or (e) "Release-related" email communications sent to or received

from a "foragents.com" email address or email list were not retained.

   Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 17:**  You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 17.

**REQUEST FOR ADMISSION NO. 18:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI, if any, that he may have posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board, if any, when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-

18

related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 19:**  You sent Release-related email communications from the "carrier_insurance_agency@email.msn.com" email address or received Release-related email communications at the "carrier_insurance_agency@email.msn.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent from or received at the "carrier_insurance_agency@email.msn.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at "carrier_insurance_agency@email.msn.com"; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 20:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "carrier_insurance_agency@email.msn.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "carrier_insurance_agency@email.msn.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at "carrier_insurance_agency@email.msn.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "carrier_insurance_agency@email.msn.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "carrier_insurance_agency@email.msn.com"; and/or (d) "Release-related" email communications on "carrier_insurance_agency@email.msn.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent from or received at the

"carrier_insurance_agency@email.msn.com" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 21:**  The email account associated with the "carrier_insurance_agency@email.msn.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "carrier_insurance_agency@email.msn.com" email

address had or utilized a "janitorial" or "auto-delete" function or program during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents;

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the "carrier_insurance_agency@email.msn.com" email address during the

Relevant Time Period; and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff

was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 21.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"carrier_insurance_agency@email.msn.com" email address actually had a "janitorial" or "auto-

delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 22:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "carrier_insurance_agency@email.msn.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "carrier_insurance_agency@email.msn.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "carrier_insurance_agency@email.msn.com" email address during the "Relevant Time Period"; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "carrier_insurance_agency@email.msn.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the

"carrier_insurance_agency@email.msn.com" email address.  By way of further answer, Plaintiff

lacks sufficient knowledge or information to admit or deny the remaining matter in this Request,

including whether the email account associated with the

"carrier_insurance_agency@email.msn.com" email address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 23:**  The email account associated with the
"carrier_insurance_agency@email.msn.com" email address had an email or size capacity limit at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"carrier_insurance_agency@email.msn.com" email address had an email or size capacity limit

during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation

to preserve documents, and (b) it seeks information about the email account beyond the period

for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects

to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had

the obligation to retain, in native format with all corresponding metadata, all "Release-related"

email communications sent from or received at the "carrier_insurance_agency@email.msn.com"

email address during the "Relevant Time Period"; and (b) Plaintiff was obligated to request that

the email host for "carrier_insurance_agency@email.msn.com" increase or remove the "email or

size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"carrier_insurance_agency@email.msn.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 24:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "carrier_insurance_agency@email.msn.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"carrier_insurance_agency@email.msn.com" email address had an email or size capacity limit

during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the email account beyond the period for

which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to

this Request because that it creates unwarranted and inaccurate inferences that:  (a) prior to when

Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host

for "carrier_insurance_agency@email.msn.com" increase or remove the "email or size capacity

limit"; and (b) relevant documents from the "carrier_insurance_agency@email.msn.com" have

not been retained due to a failure to increase or remove an "email or size capacity limit" for

"carrier_insurance_agency@email.msn.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for "carrier_insurance_agency@email.msn.com" increase or remove

any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks

sufficient knowledge or information to admit or deny the remaining matter in Request No. 24,

including whether there was an "email or size capacity limit" for

"carrier_insurance_agency@email.msn.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  You sent Release-related email communications from the "carrier_insurance_agency@msn.com" email address or received Release-related email communications at the "carrier_insurance_agency@msn.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent from or received at the

"carrier_insurance_agency@msn.com" email address beyond the time period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications that he sent from or received at "carrier_insurance_agency@msn.com"; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

> Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 26:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "carrier_insurance_agency@msn.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "carrier_insurance_agency@msn.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at "carrier_insurance_agency@msn.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "carrier_insurance_agency@msn.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "carrier_insurance_agency@msn.com"; and/or (d) "Release-related" email communications on "carrier_insurance_agency@msn.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether he retained, in native format with all corresponding metadata, "all Release-related" communications sent from or received at the "carrier_insurance_agency@msn.com" email address since January 1, 1990.

26

**REQUEST FOR ADMISSION NO. 27:**  The email account associated with the "carrier_insurance_agency@msn.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "carrier_insurance_agency@msn.com" email address had

or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant

Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it

seeks information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "carrier_insurance_agency@msn.com" email address during the Relevant

Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was

obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 27.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"carrier_insurance_agency@msn.com" email address actually had a "janitorial" or "auto-delete"

function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "carrier_insurance_agency@msn.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "carrier_insurance_agency@msn.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "carrier_insurance_agency@msn.com" email address during the "Relevant Time Period"; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "carrier_insurance_agency@msn.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "carrier_insurance_agency@msn.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "carrier_insurance_agency@msn.com"

email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 29:**  The email account associated with the "carrier_insurance_agency@msn.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "carrier_insurance_agency@msn.com" email address had an email or size capacity limit during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "carrier_insurance_agency@msn.com" email address during the "Relevant Time Period"; and (b) Plaintiff was obligated to request that the email host for "carrier_insurance_agency@msn.com" increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for "carrier_insurance_agency@msn.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 30:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "carrier_insurance_agency@msn.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "carrier_insurance_agency@msn.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for "carrier_insurance_agency@msn.com" increase or remove the "email or size capacity limit"; and (b) relevant documents from the "carrier_insurance_agency@email.msn.com" have not been retained due to a failure to increase or remove an "email or size capacity limit" for "carrier_insurance_agency@msn.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "carrier_insurance_agency@email.msn.com" increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether there was an "email or size capacity limit" for "carrier_insurance_agency@msn.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 31:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PC11722 - PC11723; RC00438 - RC00438; RC00439 - RC00444; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681; RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 31 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or email systems or on computers over which Allstate has assumed possession, custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 31.  By way of further answer, it is denied that none of the documents identified in Request No. 31 has been retained and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 32:**  During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.


**REQUEST FOR ADMISSION NO. 33:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "carrier_insurance_agency@msn.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "carrier_insurance_agency@msn.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "carrier_insurance_agency@msn.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 33. By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded multiple emails related to the Release that were sent to or from the "carrier_insurance_agency@msn.com" email address onto one of Plaintiff's Electronic Storage Devices.

**REQUEST FOR ADMISSION NO. 34:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "carrier_insurance_agency@email.msn.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "carrier_insurance_agency@email.msn.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "carrier_insurance_agency@email.msn.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 34.  By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded multiple emails related to the Release that were sent to or from the "carrier_insurance_agency@email.msn.com" email address onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                   AARP Foundation Litigation
Washington, D.C.  20004                          601 E Street, N.W.
Telephone: (202) 739-3000                        Washington, D.C.  20049
Facsimile: (202) 739-3001                        Telephone:  (202) 434-2060
                                                 Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Richard Carrier's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

DB1/ 68068238.1

# EXHIBIT 20H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GENE R. ROMERO,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | )    **Civil Action No. 01-CV-3894 (RLB)** |
| | ) |
| **v.** | ) |
| | ) |
| **ALLSTATE INSURANCE COMPANY,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| **GENE R. ROMERO,** *et al.,* | ) |
| | ) |
| **Plaintiffs.** | ) |
| | )    **Civil Action No. 01-CV-6764 (RLB)** |
| **v.** | ) |
| | ) |
| **ALLSTATE CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF PAUL COBB'S RESPONSES TO ALLSTATE'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Paul Cobb

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff

did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any Release-related documents.

16.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

17.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

18.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

19.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**     You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**     You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all Release-related ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**     You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all Release-related

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.        .

      Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**     Prior to January 25, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

261 of 1066

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 25, 2001.

   Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to January 25, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 700" computer (as
referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Inspiron 700" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 700" computer prior to January 25, 2001, particularly when Plaintiff saved the hard drive for his "Dell Inspiron 700" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 700" computer and that Plaintiff had to do so prior to January 25, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.


**REQUEST FOR ADMISSION NO. 6:**     Prior to January 25, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 8000" computer (as referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Dell Inspiron 8000" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 8000" computer prior to January 25, 2001, particularly when Plaintiff saved the hard drive for his "Dell Inspiron 8000" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 8000" computer and that Plaintiff had to do so prior to January 25, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as drafted.

**REQUEST FOR ADMISSION NO. 7:**    Prior to January 25, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to search for Release-related ESI prior to

January 25, 2001 and that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received from January 1, 1990 through the present.

    Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 8:**    Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**     Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 700" computer (as
referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Dell Inspiron 700" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

Inspiron 700" computer prior to August 1, 2001.  Plaintiff further objects to this Request because

it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Dell Inspiron 700" computer and that Plaintiff had

to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.

**REQUEST FOR ADMISSION NO. 10:**    Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 8000" laptop computer (as referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Inspiron 8000" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

Inspiron 8000" computer prior to August 1, 2001.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make

a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 8000" computer and that Plaintiff

had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.

**REQUEST FOR ADMISSION NO. 11:**    Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior

to August 1, 2001 or that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as written.

**REQUEST FOR ADMISSION NO. 12:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

12

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 13:**     Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 700" computer (as referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Inspiron 700" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

Inspiron 700" computer prior to July 29, 2009.   Plaintiff further objects to this Request because

it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

Forensic Copy (or electronic copy) of his "Dell Inspiron 700" computer and that Plaintiff had to

do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:**     Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 8000" computer (as referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Inspiron 8000" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 8000" computer prior to July 29, 2009. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Dell Inspiron 8000" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.


**REQUEST FOR ADMISSION NO. 15:**    Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI during any particular time period. Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information to admit or deny Request No. 15. By way of explanation, Plaintiff does not remember when he may have conducted such searches and is unaware of any means to reconstruct the dates of such searches.

**REQUEST FOR ADMISSION NO. 16:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

      Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.


**REQUEST FOR ADMISSION NO. 17:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 700" computer (as

referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Dell Inspiron 700" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Inspiron 700" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Dell Inspiron 700" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Dell Inspiron 700" computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.


**REQUEST FOR ADMISSION NO. 18:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Inspiron 8000" computer (as referenced in Mr. Cobb's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Dell Inspiron 8000" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

16

Inspiron 8000" computer prior to January 1, 2010, particularly when Plaintiff saved the hard

drive for his "Dell Inspiron 8000" computer and has produced responsive documents from that

computer.  Plaintiff further objects to this Request because that it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic

copy) of his "Dell Inspiron 8000" computer and/or that Plaintiff had to do so prior to January 1,

2010.

      Without waiving and subject to these objections, Plaintiff admits Request No. 18 as

drafted.


**REQUEST FOR ADMISSION NO. 19:**    Prior to January 1, 2010, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.    Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-

related ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all Release-

related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time

Period."

      Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 19.  By way of explanation, Plaintiff does

not remember when he may have conducted such searches and is unaware of any means to

reconstruct the dates of such searches.

**REQUEST FOR ADMISSION NO. 20:**    You sent Release-related email communications to
the Runningclock@aol.com email address or received Release-related email communications
from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications that he

sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-

related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as

drafted.

**REQUEST FOR ADMISSION NO. 21:**   You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related email communications from Runningclock@aol.com; and/or (d) Release-related email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 21 as drafted.


**REQUEST FOR ADMISSION NO. 22:**    You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 23:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all Release-related ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related

communications from "foragents.com"; (d) that Plaintiff had any Release-related

communications to or from "foragents.com" to retain; and/or (e) Release-related

communications from "foragents.com" have not been retained.

 Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, Plaintiff did not have any Release-related email communications received from or

sent to the "foragents.com" email address or email list from January 1, 1990 through the present

to retain.


**REQUEST FOR ADMISSION NO. 24:**  You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 24 as drafted.  By way of explanation, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.


**REQUEST FOR ADMISSION NO. 25:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) that Plaintiff was the only person who could have retained Release-related communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any Release-related postings to the "Yahoo!

ALL" message board to retain; and/or (e) that Release-related communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 26:**    You sent Release-related email communications from the "paulrcobb@aol.com" email address or received Release-related email communications at the "paulrcobb@aol.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were sent to or received at the paulrcobb@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent from or received at paulrcobb@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 26.  By way of explanation, to the best of his knowledge, Plaintiff never sent or received Release-related email communications at the "paulrcobb@aol.com address.

**REQUEST FOR ADMISSION NO. 27:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "paulrcobb@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent from or received at "paulrcobb@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"— when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at paulrcobb@aol.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from paulrcobb@aol.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related communications that were sent from or received at paulrcobb@aol.com; and/or (d) Release-related email communications on paulrcobb@aol.com were not retained.

Without waiving and subject to these objections, Plaintiff denies Request No. 27.  By way of explanation, to the best of his knowledge, Plaintiff never had Release-related email communications sent or received at the "paulrcobb@aol.com address to retain.

**REQUEST FOR ADMISSION NO. 28:**  The email account associated with the "paulrcobb@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or

program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the paulrcobb@aol.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all Release-related email communications sent from or

received at the paulrcobb@aol.com email address during the Relevant Time Period; and (b) prior

to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 28.  By way of

explanation, Plaintiff does not know, if there was an email account associated with the

paulrcobb@aol.com email address, whether it had a "janitorial" or "auto-delete" function during

the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "paulrcobb@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the paulrcobb@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the paulrcobb@aol.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for paulrcobb@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the paulrcobb@aol.com email address, if there was such an account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether any email account

associated with the paulrcobb@aol.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the "paulrcobb@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the paulrcobb@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the paulrcobb@aol.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for paulrcobb@aol.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 28.  By way of explanation, Plaintiff does not know, if there was an email account associated with the

paulrcobb@aol.com email address, whether it had an email or size capacity limit during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 31:**    During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "paulrcobb@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the paulrcobb@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for paulrcobb@aol.com increase or remove the "email or size capacity limit"; and (b) relevant documents from the paulrcobb@aol.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for paulrcobb@aol.com.

        Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did not request that the email host increase or remove any email or size capacity limit that may have existed for the email account associated with the paulrcobb@aol.com email address, if there was such an account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether any email account

associated with the paulrcobb@aol.com e-mail address had an email or size capacity limit during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 32:**    You sent Release-related email communications from the "paulrcobb@hotmail.com" email address or received Release-related email communications at the "paulrcobb@hotmail.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received at the

paulrcobb@hotmail.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications that he

sent from or received at paulrcobb@hotmail.com; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 32.

**REQUEST FOR ADMISSION NO. 33:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "paulrcobb@hotmail.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all Release-related email communications that he sent from or received at

"paulrcobb@hotmail.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that he sent from or received at

paulrcobb@hotmail.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from paulrcobb@hotmail.com throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who

could have retained Release-related communications that were sent from or received at

paulrcobb@hotmail.com; and/or (d) Release-related email communications on

paulrcobb@hotmail.com were not retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 33 as

drafted.


**REQUEST FOR ADMISSION NO. 34:**  The email account associated with the
"paulrcobb@hotmail.com" email address had or utilized a "janitorial" or "auto-delete" function
or program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the paulrcobb@hotmail.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the paulrcobb@hotmail.com email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 34.  By way of explanation, Plaintiff does not know whether the email account associated with the paulrcobb@hotmail.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 35:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "paulrcobb@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the paulrcobb@hotmail.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an

obligation to preserve documents; and (b) it seeks information about the email account beyond

the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related email communications sent from or received at the paulrcobb@hotmail.com

email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation;

and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete"

function for paulrcobb@hotmail.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the

paulrcobb@hotmail.com email address.  By way of further answer, Plaintiff lacks sufficient

knowledge or information to admit or deny the remaining matter in this Request, including

whether the email account associated with the paulrcobb@hotmail.com e-mail address had a

"janitorial" or "auto-delete" function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 36:**  The email account associated with the
"paulrcobb@hotmail.com" email address had an email or size capacity limit at some point
during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

paulrcobb@hotmail.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the paulrcobb@hotmail.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for paulrcobb@hotmail.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for paulrcobb@hotmal.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 37:**    During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "paulrcobb@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the paulrcobb@hotmail.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

paulrcobb@hotmail.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the paulrcobb@hotmail.com have not been retained due to a failure to increase

or remove an "email or size capacity limit" for paulrcobb@hotmail.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for paulrcobb@hotmail.com increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 37, including whether there

was an "email or size capacity limit" for paulrcobb@hotmail.com during the "Relevant Time

Period.

**REQUEST FOR ADMISSION NO. 37:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
PC02142-PC02147; PC024822 – PC02483; PC10468 – PC10479; PC10610 – PC10615;
PC11722 - PC11723; RC00438 – RC00438; RC00439 – RC00444; RH04757 – RH04757;
TK10904 – TK10905; TK12771 – TK12771; CP01607 – CP01607; CP01624 – CP01624.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 37

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, the documents identified in

Request No. 37.


**REQUEST FOR ADMISSION NO. 38:**  During the period between July 1, 2000, and
December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is

unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and

every R3001 Agent during the period between July 1, 2000 and December 31, 2002.


**REQUEST FOR ADMISSION NO. 40:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "paulrcobb@hotmail.com" email
address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any Release-related emails sent to or from the

"paulrcobb@hotmail.com" email address onto one of Plaintiff's Electronic Storage Devices

during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of Release-related

emails sent to or from the "paulrcobb@hotmail.com" email address beyond the period for which

the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was

obligated to save locally Release-related e-mails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  Plaintiff does not remember and is

unable to determine whether he ever saved any Release-related emails to any of his Electronic

Storage Devices.


**REQUEST FOR ADMISSION NO. 41:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "paulrcobb@aol.com" email address
onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any Release-related emails sent to or from the

"paulrcobb@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during

any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of Release-related emails sent to or from the "paulrcobb@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally Release-related e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff neither admits nor denies Request No. 41.  Because Plaintiff never sent or received any Release-related emails from or at the "paulrcobb@aol.com" email address, there were no emails to save onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                     Respectfully Submitted,


  s/  Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                     Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Paul Cobb's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011            /s/ Michael J. Wilson
                                            Michael J. Wilson

# EXHIBIT 20I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **GENE R. ROMERO, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | Civil Action No. 01-CV-3894 (RLB) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| **GENE R. ROMERO, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs.** | ) | |
| | ) | Civil Action No. 01-CV-6764 (RLB) |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF CRAIG CREASE'S RESPONSES TO ALLSTATE'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Craig Crease ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.     Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.     Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.     Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.     Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.     Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.     Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.     Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.     Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.      Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.      Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.      In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.      To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.      Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**    **RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**    You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**    You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

5

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.


**REQUEST FOR ADMISSION NO. 3:**     You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.     .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

6

**REQUEST FOR ADMISSION NO. 4:**      Prior to February 12, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 12, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**      Prior to February 12, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced

7

in Mr. Crease's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Compaq" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq"

computer prior to February 12, 2001, particularly when Plaintiff saved the hard drive for his

"Compaq" computer and has produced responsive documents from that computer.  Plaintiff

further objects to this Request because that it creates unwarranted and inaccurate inferences that

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Compaq"

computer and that Plaintiff had to do so prior to February 12, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**    Prior to February 12, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-

related" ESI prior to February 12, 2001 or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written.

By way of explanation, prior to February 12, 2001, Plaintiff conducted electronic searches of his

ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 7:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced in Mr. Crease's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Compaq" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Compaq" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:**    Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 9 as drafted.  By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 10:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.


**REQUEST FOR ADMISSION NO. 11:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq" computer (as referenced in Mr. Crease's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Compaq" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Compaq" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Compaq" computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:**    Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12.   By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 13:**    You sent Release-related email communications to the Runningclock@aol.com email address or received Release-related email communications from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the
Runningclock@aol.com email address beyond the time period for which the parties have
currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it
creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in
native format with all corresponding metadata, all "Release-related" email communications that
he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the
obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all
"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as
drafted.


**REQUEST FOR ADMISSION NO. 14:**   You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.
Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether
Plaintiff did not retain all "Release-related" email communications that he sent to or received
from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the
entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether
Plaintiff did not retain all email communications he sent to or received from
Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current
definition of "Release-related" but that were not in existence throughout the "Relevant Time
Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that he sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" email communications from Runningclock@aol.com;

and/or (d) "Release-related" email communications from Runningclock@aol.com have not been

retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 14.   By way of explanation, Plaintiff

believes that Plaintiff has retained all "Release-related" email communications received from the

Runningclock@aol.com email address and all "Release-related" email communications, if any,

that Plaintiff sent to that address.  However, Plaintiff is unable to determine, given the passage of

time, the volume of email communications from Runningclock@aol.com, and the lack of a

regular schedule for Runningclock@aol.com communications, whether Plaintiff has retained "all

Release-related" e-mail communications that Plaintiff received from or sent to the

Runningclock@aol.com email address.


**REQUEST FOR ADMISSION NO. 15:**    You sent Release-related email communications to
a "foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from a "foragents.com"

15

email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 16:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

16

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related"

communications to or from "foragents.com" to retain; and/or (e) "Release-related"

communications from "foragents.com" have not been retained.

      Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection Plaintiff did not have any "Release-related" email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.


**REQUEST FOR ADMISSION NO. 17:**  You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 17 as drafted. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 18:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." . Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-

related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related"

communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of

explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo!

ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 19:**    You sent Release-related email communications from the "CDHHC@aol.com" email address or received Release-related email communications at the "CDHHC@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the CDHHC@aol.com

email address beyond the time period for which the parties have currently agreed to collect and

produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent from or

received at CDHHC@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 19.

**REQUEST FOR ADMISSION NO. 20:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "CDHHC@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "CDHHC@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"— when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at CDHHC@aol.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all "Release-related" email communications" that Plaintiff received at or sent from CDHHC@aol.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at CDHHC@aol.com; and/or (d) "Release-related" email communications on CDHHC@aol.com were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether he retained, in native format with all corresponding metadata, "all Release-related" communications sent from or received at the CDHHC@aol.com email address since January 1, 1990.


**REQUEST FOR ADMISSION NO. 21:**  The email account associated with the "CDHHC@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or

program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the CDHHC@aol.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the CDHHC@aol.com email address during the Relevant Time Period; and (b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 21.  By way of

explanation, Plaintiff does not know whether the email account associated with the

CDHHC@aol.com email address actually had a "janitorial" or "auto-delete" function during the

"Relevant Time Period."


**REQUEST FOR ADMISSION NO. 22:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "CDHHC@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the CDHHC@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the CDHHC@aol.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for CDHHC@aol.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the CDHHC@aol.com email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account

associated with the CDHHC@aol.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 23:**  The email account associated with the "CDHHC@aol.com"  email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the CDHHC@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the CDHHC@aol.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for CDHHC@aol.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for CDHHC@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 24:**    During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "CDHHC@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the CDHHC@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for CDHHC@aol.com increase or remove the "email or size capacity limit"; and (b) relevant documents from the CDHHC@aol.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for CDHHC@aol.com.

        Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for CDHHC@aol.com increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 24, including whether there was an "email or size capacity limit" for CDHHC@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: NL00002 – NL00006; NL00247 – NL00248; NL00254 – NL00254; NL00849 – NL00849; NL00960 – NL00963; PC11722 – PC11723; RC00438 – RC00438; TK12771 – TK12771; CP01607 – CP01607; CP01624 – CP01624; CP01675 – CP01675; CP01676 – CP01676; CP01681 – CP01681; RSW04448 – FSW04449; RSW05254 – RSW0528.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 25

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 25.  By way of further answer, Plaintiff denies that none of the documents

identified in Request No. 25 has been retained and produced in native format with all

corresponding metadata.


**REQUEST FOR ADMISSION NO. 26:**  During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is

unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and

every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "CDHHC@aol.com" email address
onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"CDHHC@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the downloading of "Release-related" emails sent

to or from the "CDHHC@aol.com" email address beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally

"Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or

controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve

documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 27.  By

way of explanation, during the "Relevant Time Period," Plaintiff has downloaded at least one e-

mail related to the Release that was sent to or from the "CDHHC@aol.com" email address onto

one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                          Respectfully Submitted,


 s/ Michael J. Wilson_____

Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                   AARP Foundation Litigation
Washington, D.C.  20004                          601 E Street, N.W.
Telephone: (202) 739-3000                        Washington, D.C.  20049
Facsimile:  (202) 739-3001                       Telephone:  (202) 434-2060
                                                 Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Craig Crease's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                          s/ Michael J. Wilson
                                                           Michael J. Wilson

# EXHIBIT 20J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | Civil Action No. 01-CV-3894 (RLB) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs.** | ) | |
| | ) | Civil Action No. 01-CV-6764 (RLB) |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION**, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF SYLVIA KELLY'S RESPONSES TO ALLSTATE'S
## SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Sylvia Kelly ("Plaintiff"), by and through her attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

## A.    GENERAL OBJECTIONS

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

3

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.    RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**    You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**    You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that she created, obtained, or received over a twenty-one

year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation

to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI

over a twenty-one year period concerning legal theories that are encompassed within Allstate's

current definition of "Release-related" but that were not in existence throughout the "Relevant

Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in her possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**     You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that she created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in her possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**      Prior to February 14, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that she used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 14, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**      Prior to February 14, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Sony" computer (as referenced in

7

Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Sony" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "Sony" computer

prior to February 14, 2001. Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of her "Sony" computer and that Plaintiff had to do so prior to

February 14, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**    Prior to February 14, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer purchased from Best Buy" (as referenced in Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "computer purchased from Best Buy" that contained relevant

ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her

"computer purchased from Best Buy" prior to February 14, 2001. Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation

to make a "Forensic Copy" (or electronic copy) of her "computer purchased from Best Buy" and that Plaintiff had to do so prior to February 14, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as drafted.

**REQUEST FOR ADMISSION NO. 7:**    Prior to February 14, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to

February 14, 2001 and that Plaintiff had the obligation to preserve all "Release-related" ESI that

Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as written.

**REQUEST FOR ADMISSION NO. 8:**    Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that she used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Sony" computer (as referenced in
Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Sony" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "Sony" computer

prior to August 1, 2001.  Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or

electronic copy) of her "Sony" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.

**REQUEST FOR ADMISSION NO. 10:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "computer purchased from Best
Buy" (as referenced in Ms. Kelly's response to Allstate Interrogatory No. 10) that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "computer purchased from Best Buy" computer that contained

relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic

copy) of her "computer purchased from Best Buy" prior to August 1, 2001.  Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had

the obligation to make a "Forensic Copy" (or electronic copy) of her "computer purchased from

Best Buy" and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.

**REQUEST FOR ADMISSION NO. 11:**    Prior to August 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 or that Plaintiff had the obligation to preserve all "Release-related" ESI

that Plaintiff received from January 1, 1990 through the present.

       Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 12:**     Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as drafted.


**REQUEST FOR ADMISSION NO. 13:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Sony" computer (as referenced in Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Sony" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "Sony" computer prior to July 29, 2009.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her "Sony" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.


**REQUEST FOR ADMISSION NO. 14:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer purchased from Best Buy" (as

13

referenced in Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "computer purchased from Best Buy" computer that contained

relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic

copy) of her "computer purchased from Best Buy" computer prior to July 29, 2009.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her "computer

purchased from Best Buy" and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.


**REQUEST FOR ADMISSION NO. 15:**    Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI during any particular time

period.  Plaintiff further objects to this Request because that it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to

July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.  By way of explanation, Plaintiff had conducted one or more electronic searches of "Release-related" ESI in her possession prior to July 29, 2009.


**REQUEST FOR ADMISSION NO. 16:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Sony" computer (as referenced in Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Sony" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "Sony" computer prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her "Sony" computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer purchased from Best Buy" (as referenced in Ms. Kelly's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "computer purchased from Best Buy" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of her "computer purchased from Best Buy" prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her "computer purchased from Best Buy" and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 18 as drafted.

**REQUEST FOR ADMISSION NO. 19:**    Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15. By way of explanation, Plaintiff had conducted one or more electronic searches of "Release-related" ESI in her possession prior to January 1, 2010.

**REQUEST FOR ADMISSION NO. 20:**    You sent Release-related email communications to the Runningclock@aol.com email address or received Release-related email communications from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that she sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as drafted.

**REQUEST FOR ADMISSION NO. 21:**   You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that she sent to or received

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications she sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that she sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" email communications from Runningclock@aol.com;

and/or (d) "Release-related" email communications from Runningclock@aol.com have not been

retained.

   Without waiving and subject to these objections, Plaintiff admits Request No. 21 as

drafted.


**REQUEST FOR ADMISSION NO. 22:**    You sent Release-related email communications to
a "foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that she sent or received

from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to

admit or deny Request No. 22.  By way of explanation, although Plaintiff does not believe that

she sent any "Release-related" email communications to or received any "Release-related" email

communications from the "foragents.com" email address or list, she does not have sufficient

knowledge to deny the Request.


**REQUEST FOR ADMISSION NO. 23:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that she sent to or received

from "foragents.com" when Plaintiff was not under an obligation to do so during the entire

period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that she sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that she sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff does not know whether she had any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.  Moreover, she recently discovered a discarded computer that she has provided to counsel, and does not know what "Release-related" information, if any, may be recoverable from that computer, possibly including communications to or from "foragents.com."

**REQUEST FOR ADMISSION NO. 24:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that she posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny Request No. 24.  By way of explanation, although Plaintiff does not believe that she posted any "Release-related" email communications to the "Yahoo! ALL" message board, she does not have sufficient knowledge to deny the Request.

**REQUEST FOR ADMISSION NO. 25:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that she posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that she posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL"

message board when Plaintiff was not under an obligation to do so during the entire period in

which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was

the only person who could have retained "Release-related" communications that were posted on

the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the

"Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the

"Yahoo! ALL" message board were not retained.

  Without waiving and subject to these objections, Plaintiff lacks sufficient information to

admit or deny this Request. By way of explanation, Plaintiff does not know whether she posted

any "Release-related" email communications to the "Yahoo! ALL" message board from January

1, 1990 through the present to retain. Moreover, she recently discovered a discarded computer

that she has provided to counsel, and does not know what "Release-related" information, if any,

may be recoverable from that computer, possibly including postings to the message board.


**REQUEST FOR ADMISSION NO. 26:** You sent Release-related email communications
from the "sylviak@tampabay.rr.com" email address or received Release-related email
communications at the "sylviak@tampabay.rr.com" address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

sylviak@tampabay.rr.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

she sent from or received at sylviak@tampabay.rr.com; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 26 as

drafted.


**REQUEST FOR ADMISSION NO. 27:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"sylviak@tampabay.rr.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that she sent from or received

at "sylviak@tampabay.rr.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that she sent from or received at

sylviak@tampabay.rr.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from sylviak@tampabay.rr.com throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent from or

received at sylviak@tampabay.rr.com; and/or (d) "Release-related" email communications on

sylviak@tampabay.rr.com were not retained.

       Without waiving and subject to these objections, Plaintiff admits Request No. 27 as

drafted.


**REQUEST FOR ADMISSION NO. 28:**  The email account associated with the
"sylviak@tampabay.rr.com" email address had or utilized a "janitorial" or "auto-delete" function
or program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the sylviak@tampabay.rr.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the sylviak@tampabay.rr.com email address during the Relevant Time Period; and

(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 28.  By way of explanation, Plaintiff does not know whether the email account associated with the sylviak@tampabay.rr.com email address had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "sylviak@tampabay.rr.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the sylviak@tampabay.rr.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the sylviak@tampabay.rr.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation;

26

and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete"

function for sylviak@tampabay.rr.com.

      Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did

not take steps to disable any "janitorial" or "auto-delete" function or program that may have

existed for the email account associated with the sylviak@tampabay.rr.com email address.  By

way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the

remaining matter in this Request, including whether the email account associated with the

sylviak@tampabay.rr.com e-mail address had a "janitorial" or "auto-delete" function or program

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the
"sylviak@tampabay.rr.com" email address had an email or size capacity limit at some point
during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

sylviak@tampabay.rr.com email address had an email or size capacity limit during any portion

of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the sylviak@tampabay.rr.com email address during the

Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

sylviak@tampabay.rr.com increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 30.  By way of

explanation, Plaintiff does not know whether the email account associated with the

sylviak@tampabay.rr.com email address had an email or size capacity limit during the "Relevant

Time Period."


**REQUEST FOR ADMISSION NO. 31:**    During the Relevant Time Period, you did not
request that the email host increase or remove the email or size capacity limit of the email
account associated with the "sylviak@tampabay.rr.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

sylviak@tampabay.rr.com email address had an email or size capacity limit during any portion

of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

sylviak@tampabay.rr.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the sylviak@tampabay.rr.com have not been retained due to a failure to increase

or remove an "email or size capacity limit" for sylviak@tampabay.rr.com.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did

not request that the email host increase or remove any email or size capacity limit that may have

existed for the email account associated with the sylviak@tampabay.rr.com email address.  By

way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the

remaining matter in this Request, including whether the email account associated with the

sylviak@tampabay.rr.com e-mail address had an email or size capacity limit during the

"Relevant Time Period."


**REQUEST FOR ADMISSION NO. 32:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
_____.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because Defendants have failed to identify any

documents supposedly not preserved in native format, making it impossible for Plaintiff to

respond to this Request.


**REQUEST FOR ADMISSION NO. 33:**    You sent Release-related email communications
from the "akelly6@tampabay.rr.com" email address or received Release-related email
communications at the "akelly6@tampabay.rr.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

akelly6@tampabay.rr.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

she sent from or received at akelly6@tampabay.rr.com; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 33.  By

way of explanation, Plaintiff did not use the "akelly6@tampabay.rr.com" address to send or

receive email communications.


**REQUEST FOR ADMISSION NO. 34:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"akelly6@tampabay.rr.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that she sent from or received

at "akelly6@tampabay.rr.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that she sent from or received at

akelly6@tampabay.rr.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from akelly6@tampabay.rr.com throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent from or

received at akelly6@tampabay.rr.com; and/or (d) "Release-related" email communications on

akelly6@tampabay.rr.com were not retained.

　　　　Without waiving and subject to these objections, Plaintiff denies Request No. 34.  By

way of explanation, Plaintiff did not have any "Release-related" email communications to or

from the "akelly6@tampabay.rr.com" address to retain.


**REQUEST FOR ADMISSION NO. 35:**  The email account associated with the
"akelly6@tampabay.rr.com" email address had or utilized a "janitorial" or "auto-delete" function
or program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the akelly6@tampabay.rr.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the akelly6@tampabay.rr.com email address during the Relevant Time Period; and

(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 35.  By way of explanation, Plaintiff does not know whether the email account associated with the akelly6@tampabay.rr.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 36:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "akelly6@tampabay.rr.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the akelly6@tampabay.rr.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the akelly6@tampabay.rr.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for akelly6@tampabay.rr.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the akelly6@tampabay.rr.com email address. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the akelly6@tampabay.rr.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 37:** The email account associated with the "akelly6@tampabay.rr.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the akelly6@tampabay.rr.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email

33

communications sent from or received at the akelly6@tampabay.rr.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for akelly6@tampabay.rr.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request. By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for akelly6@tampabay.rr.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 38:**    During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "akelly6@tampabay.rr.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the akelly6@tampabay.rr.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for akelly6@tampabay.rr.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the akelly6@tampabay.rr.com have not been retained due to a failure to increase

or remove an "email or size capacity limit" for akelly6@tampabay.rr.com.

Without waiving and subject to these objections, Plaintiff admits only that she did not

request that the email host for akelly6@tampabay.rr.com increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 38, including whether there

was an "email or size capacity limit" for akelly6@tampabay.rr.com during the "Relevant Time

Period.


**REQUEST FOR ADMISSION NO. 39:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
PC11722 - PC11723; TK10904 – TK10905; TK12771 – TK12771; CP01607 – CP01607;
CP01624 – CP01624; CP01675 – CP01675; CP01676 – CP01676; CP01681 – CP01681;
RSW04448 – RSW04449; RSW05254 – RSW05258.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 39

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to

admit or deny Request No. 39.  By way of explanation, Plaintiff recently discovered a discarded

computer that she has provided to counsel, and does not know what "Release-related"

information, if any, may be recoverable from that computer, including some or all of the

documents identified in Request No. 39.  Moreover, most or all of the identified documents were

produced in native format with corresponding metadata by one or more other Plaintiffs.


**REQUEST FOR ADMISSION NO. 40:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "akelly6@tampabay.rr.com" email
address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"akelly6@tampabay.rr.com" email address onto one of Plaintiff's Electronic Storage Devices

during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the "akelly6@tampabay.rr.com" email address beyond the period for

which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to

this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was

obligated to save locally "Release-related" e-mails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

denies Request No. 40.  By way of explanation, Plaintiff did not send or receive any "Release-

related" emails at the "akelly6@tampabay.rr.com" email address to download to an Electronic

Storage Device.

**REQUEST FOR ADMISSION NO. 41:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "sylviak@tampabay.rr.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "sylviak@tampabay.rr.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "sylviak@tampabay.rr.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny Request No. 41.  Plaintiff recently discovered a discarded computer that she has provided to counsel, and does not know whether it will reflect that she downloaded "Release-related" emails sent to or received at the "sylviak@tampabay.rr.com" email address to that Electronic Storage Device.

Dated: October 31, 2011                    Respectfully Submitted,


s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)     Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                      Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                         K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                     Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                 MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                 1701 Market Street
                                           Philadelphia, PA  19103
                                           Telephone: (215) 963-5000
                                           Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)          Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.             AARP Foundation Litigation
Washington, D.C.  20004                    601 E Street, N.W.
Telephone: (202) 739-3000                  Washington, D.C.  20049
Facsimile:  (202) 739-3001                 Telephone:  (202) 434-2060
                                           Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Sylvia Kelly's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

# EXHIBIT 20K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF DWIGHT ENGLISH'S RESPONSES TO ALLSTATE'S
<u>SECOND SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Dwight English

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    <u>GENERAL OBJECTIONS</u>**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

5

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.       .

  Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:** Prior to February 10, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 10, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:** Prior to February 10, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Compaq AERO 4/25" computer
(as referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during
the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Compaq AERO 4/25" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Compaq AERO 4/25" computer prior to February 10, 2001, particularly when Plaintiff saved

the hard drive for his "Compaq AERO 4/25" computer and has produced responsive documents

from that computer.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Compaq AERO 4/25" computer and that Plaintiff had to do so prior to February 10,

2001.

    Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:** Prior to February 10, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "IBM hard drive" computer (as
referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "IBM hard drive" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "IBM

hard drive" computer prior to February 10, 2001, particularly when Plaintiff saved the hard drive

for his "IBM hard drive" computer and has produced responsive documents from that computer.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "IBM hard

drive" computer and that Plaintiff had to do so prior to February 10, 2001.

    Without waiving and subject to these objections, Plaintiff admits Request No. 6 as

drafted.

**REQUEST FOR ADMISSION NO. 7:** Prior to February 10, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to February 10, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections and after reasonable investigation, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 7.  By way of explanation, Plaintiff does not recall whether, prior to February 10, 2001, Plaintiff had conducted electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-related" ESI from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 8:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Compaq AERO 4/25" computer (as
referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Compaq AERO 4/25" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Compaq AERO 4/25" computer prior to August 1, 2001, particularly when Plaintiff saved the

hard drive for his "Compaq AERO 4/25" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Compaq AERO 4/25" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as drafted.

**REQUEST FOR ADMISSION NO. 10:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "IBM hard drive" computer (as referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "IBM hard drive" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "IBM hard drive" computer prior to February 10, 2001, particularly when Plaintiff saved the hard drive for his "IBM hard drive" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "IBM hard drive" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections and after reasonable investigation,

Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 11.  By way of

explanation, Plaintiff does not recall whether, prior to August 1, 2001, Plaintiff had conducted

electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-

related" ESI from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as drafted.


**REQUEST FOR ADMISSION NO. 13:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Compaq AERO 4/25" computer (as referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Compaq AERO 4/25" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Compaq AERO 4/25" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Compaq AERO 4/25" computer and has produced responsive documents

from that computer. Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Compaq AERO 4/25" computer and that Plaintiff had to do so prior to July 29,

2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:** Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "IBM hard drive" computer (as referenced in
Mr. English's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "IBM hard drive" computer that contained relevant ESI; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "IBM

hard drive" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for

his "IBM hard drive" computer and has produced responsive documents from that computer.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "IBM hard

drive" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.


**REQUEST FOR ADMISSION NO. 15:** Prior to July 29, 2009, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to July 29, 2009 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections and after reasonable investigation,

Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 15.  By way of

explanation, Plaintiff does not recall whether, prior to July 29, 2009, Plaintiff had conducted

electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-

related" ESI from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 16:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.


**REQUEST FOR ADMISSION NO. 17:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Compaq AERO 4/25" computer (as
referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Compaq AERO 4/25" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Compaq AERO 4/25" computer prior to January 1, 2010, particularly when Plaintiff saved the

hard drive for his "Compaq AERO 4/25" computer and has produced responsive documents

from that computer.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Compaq AERO 4/25" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "IBM hard drive" computer (as referenced in Mr. English's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "IBM hard drive" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "IBM hard drive" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "IBM hard drive" computer and has produced responsive documents from that computer.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "IBM hard drive" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 18 as drafted.

**REQUEST FOR ADMISSION NO. 19:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

17

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections and after reasonable investigation, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 19.  By way of explanation, Plaintiff does not recall whether, prior to January 1, 2010, Plaintiff had conducted electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-related" ESI from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 20:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that

18

he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as

drafted.

**REQUEST FOR ADMISSION NO. 21:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period." Plaintiff further objects to this Request as unduly burdensome because it purports to

require Plaintiff to ascertain which of Plaintiff's email communications to or from

Runningclock@aol.com during the "Relevant Time Period" may relate to the legal theories

encompassed in Allstate's definition of "Release-related," which includes theories that were not

in existence throughout the entire "Relevant Time Period." Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the

obligation to retain, in native format with all corresponding metadata, all "Release-related" email

19

communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email

communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 21.  By way of explanation, Plaintiff

believes that Plaintiff has retained all "Release-related" email communications received from the

Runningclock@aol.com email address and all "Release-related" email communications, if any,

that Plaintiff sent to that address.  However, Plaintiff is unable to determine, given the passage of

time, the volume of email communications from Runningclock@aol.com, and the lack of a

regular schedule for Runningclock@aol.com communications, whether Plaintiff has retained "all

Release-related" email communications that Plaintiff received from or sent to the

Runningclock@aol.com email address.

**REQUEST FOR ADMISSION NO. 22:**  You sent "Release-related" email communications to
a "foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits that Plaintiff received

"Release-related" email communications from the "foragents.com" email address or email list

during the Relevant Time Period.  Plaintiff denies the remaining matter in Request No. 22.  By

way of explanation, to the best of his recollection, Plaintiff did not send "Release-related" email

communications to the "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "foragents.com" when Plaintiff was not under an obligation to do so during the entire

period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff

did not retain all email communications that he sent to or received from "foragents.com" over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; and/or (d) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny Request No. 23. By way of explanation, Plaintiff believes that Plaintiff has retained all "Release-related" email communications received from the "foragents.com" email address. However, Plaintiff is unable to determine, given the passage of time and the volume of email communications from foragents.com whether Plaintiff has retained "all Release-related" email communications that Plaintiff received from that web address. In addition, Plaintiff believes that Plaintiff did not send any "Release-related" email communications to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 24:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he may have posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

22

Without waiving and subject to these objections, Plaintiff denies Request No. 24. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 25:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the

"Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the

"Yahoo! ALL" message board were not retained.

      Without waiving and subject to these objections, Plaintiff denies this Request. By way of

explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo!

ALL" message board from January 1, 1990 to the present to retain.


**REQUEST FOR ADMISSION NO. 26:** You sent Release-related email communications from
the "dwighte@bellsouth.net" email address or received Release-related email communications at
the "dwighte@bellsouth.net" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

dwighte@bellsouth.net email address beyond the time period for which the parties have currently

agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications that he sent

from or received at dwighte@bellsouth.net; and (b) Plaintiff had the obligation to retain, prior to

the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

      Without waiving and subject to these objections, Plaintiff admits Request No. 26.


**REQUEST FOR ADMISSION NO. 27:** You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"dwighte@bellsouth.net" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at dwighte@bellsouth.net over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at dwighte@bellsouth.net over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request as unduly burdensome because it purports to require Plaintiff to ascertain which of Plaintiff's email communications sent from or received at dwighte@bellsouth.net at any time during the "Relevant Time Period" may relate to the legal theories encompassed in Allstate's definition of "Release-related," which includes theories that were not in existence throughout the entire "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff received at or sent from dwighte@bellsouth.net throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at dwighte@bellsouth.net; and/or (d) "Release-related" email communications on dwighte@bellsouth.net were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent from or received at the

dwighte@bellsouth.net email address since January 1, 1990.


**REQUEST FOR ADMISSION NO. 28:** The    email    account    associated    with    the
"dwighte@bellsouth.net" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the dwighte@bellsouth.net email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the dwighte@bellsouth.net email address during the Relevant Time Period; and (b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

        Without waiving and subject to these objections, Plaintiff admits Request No. 28 as

drafted, upon information and belief.

**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "dwighte@bellsouth.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the dwighte@bellsouth.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the dwighte@bellsouth.net email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for dwighte@bellsouth.net.

Without waiving and subject to these objections, Plaintiff admits Request No. 29 as drafted.

**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the "dwighte@bellsouth.net" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because: (a) it is irrelevant whether the email account associated with the

dwighte@bellsouth.net email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the dwighte@bellsouth.net email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for dwighte@bellsouth.net increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

      Without waiving and subject to these objections, Plaintiff admits Request No. 30 as

drafted, upon information and belief.


**REQUEST FOR ADMISSION NO. 31:** During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "dwighte@bellsouth.net" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

dwighte@bellsouth.net email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

dwighte@bellsouth.net increase or remove the "email or size capacity limit"; and (b) relevant

documents from the dwighte@bellsouth.net have not been retained due to a failure to increase or

remove an "email or size capacity limit" for dwighte@bellsouth.net.

Without waiving and subject to these objections, Plaintiff admits Request No. 31 as

drafted.


**REQUEST FOR ADMISSION NO. 32:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate in scanned images:
DE01824; DE03062 – DE03062; DE04447 – DE04447; DE04451 – DE04451; DE04476 –
DE04476; DE04478 – DE04478; DE04479 – DE04479; DE04486 – DE04486; DE04501 –
DE04501; DE04503 – DE04503; DE04555 – DE04555; DE04578 – DE04578; DE04589 –
DE04589; DE04596 – DE04596; DE04598 – DE04598; DE04599 – DE04599; DE04606 –
DE04606; DE04607 – DE04607; DE04652 – DE04652; PL_DEnglish_016290 –
PL_DEnglish_016292; PL_DEnglish_016293 – PL_DEnglish_016301; PL_DEnglish_016302 –
PL_DEnglish_016305; PL_DEnglish_016306 – PL_DEnglish_016318; PL_DEnglish_016319 –
PL_DEnglish_016331; PL_DEnglish_016332 – PL_DEnglish_016343; PL_DEnglish_016344 –
PL_DEnglish_016354.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 32

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, the following documents: DE04451 – DE04451, DE04652 – DE04652, PL_DEnglish_016290 – PL_DEnglish_016292, PL_DEnglish_016293 – PL_DEnglish_016301, PL_DEnglish_016302 – PL_DEnglish_01630, PL_DEnglish_016306 – PL_DEnglish_016318, PL_DEnglish_016319 – PL_DEnglish_016331, and PL_DEnglish_016332 – PL_DEnglish_016343. By way of further answer, it is denied that Plaintiff has not retained, in native format with all corresponding metadata, the remainder of the documents identified in this Request.

**REQUEST FOR ADMISSION NO. 33:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "dwighte@bellsouth.net" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "dwighte@bellsouth.net" email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "dwighte@bellsouth.net" email address beyond the period for which

30

the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was

obligated to save locally "Release-related" e-mails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

      Without waiving and subject to these objections, Plaintiff denies Request No. 33. By

way of explanation, during the "Relevant Time Period," Plaintiff has downloaded multiple

"Release-related" e-mails sent to or from the "dwighte@bellsouth.net" email address onto one of

Plaintiff's "Electronic Storage Devices."

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac vice*)      Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)      John V. Gorman (ID No. 80631)
    DC Bar No. 421274                      Brian M. Ercole (ID No. 91591)
SPRENGER + Lang, PLLC                            MORGAN, LEWIS & BOCKIUS LLP
1400 Eye Street, N.W., Suite 500                 1701 Market Street
Washington, D.C.  20005                          Philadelphia, PA  19103
Telephone:  (202) 265-8010                       Telephone: (215) 963-5000
Facsimile:  (202) 332-6652                       Facsimile:  (215) 963-5001


Craig Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                   AARP Foundation Litigation
Washington, D.C.  20004                          601 E Street, N.W.
Telephone: (202) 739-3000                        Washington, D.C.  20049
Facsimile:  (202) 739-3001                       Telephone:  (202) 434-2060
                                                 Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Dwight English's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                         /s/ Michael J. Wilson
                                                          Michael J. Wilson

# EXHIBIT 20L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO, *et al*.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, *et al*.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF RONALD HARPER'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Ronald Harper

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

4

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

      Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

      Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

email, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.       .

   Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 1, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to February 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Dell Dimension 4700" computer (as
referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Dell Dimension 4700" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

Dimension 4700" computer prior to February 1, 2001, particularly when Plaintiff saved the hard

drive for his "Dell Dimension 4700" computer and has produced responsive documents from that

computer. Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Dell Dimension 4700" computer and that Plaintiff had to do so prior to February 1,

2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:** Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "HP Pavilion 2X5000" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "HP Pavilion 2X5000" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "HP

Pavilion 2X5000" computer prior to February 1, 2001, particularly when Plaintiff saved the hard

drive for his "HP Pavilion 2X5000" computer and has produced responsive documents from that

computer. Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "HP Pavilion 2X5000" computer and that Plaintiff had to do so prior to February 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as drafted.

**REQUEST FOR ADMISSION NO. 7:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 1100" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period..

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Dimension 1100" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

Dimension 1100" computer prior to February 1, 2001, particularly when Plaintiff saved the hard

drive for his "Dell Dimension 1100" computer and has produced responsive documents from that

computer.  Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Dell Dimension 1100" computer and that Plaintiff had to do so prior to February 1,

2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Western Digital WD 400" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Western Digital WD 400" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Western Digital WD 400" computer prior to February 1, 2001, particularly when Plaintiff saved the hard drive for his "Western Digital WD 400" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Western Digital WD 400" computer and that Plaintiff had to do so prior to February 1, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.


**REQUEST FOR ADMISSION NO. 9:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Seagate ST33232A" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Seagate ST33232A" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Seagate ST33232A" computer prior to February 1, 2001, particularly when Plaintiff saved the hard drive for his "Seagate ST33232A" computer and has produced responsive documents from

that computer.  Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Seagate ST33232A" computer and that Plaintiff had to do so prior to February 1,

2001.

   Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.


**REQUEST FOR ADMISSION NO. 10:**  Prior to February 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Lifebook 735DX" computer (as
referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Lifebook 735DX" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Lifebook 735DX" computer prior to February 1, 2001, particularly when Plaintiff saved the

hard drive for his "Lifebook 735DX" computer and has produced responsive documents from

that computer.  Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Lifebook 735DX" computer and that Plaintiff had to do so prior to February 1,

2001.

   Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 4300S" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Dimension 4300S" computer that contained relevant

ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Dell Dimension 4300S" computer prior to February 1, 2001, particularly when Plaintiff saved

the hard drive for his "Dell Dimension 4300S" computer and has produced responsive

documents from that computer.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Dell Dimension 4300S" computer and that Plaintiff had to do

so prior to February 1, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 11 as

drafted.


**REQUEST FOR ADMISSION NO. 12:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Western Digital WDCAVIAR 26400" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Western Digital WDCAVIAR 26400" computer that

contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or

electronic copy) of his "Western Digital WDCAVIAR 26400" computer prior to February 1,

2001, particularly when Plaintiff saved the hard drive for his "Western Digital WDCAVIAR

26400" computer and has produced responsive documents from that computer.  Plaintiff further

objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff

had the obligation to make a "Forensic Copy" (or electronic copy) of his "Western Digital

WDCAVIAR 26400" computer and that Plaintiff had to do so prior to February 1, 2001.

     Without waiving and subject to these objections, Plaintiff admits Request No. 12 as

drafted.


**REQUEST FOR ADMISSION NO. 13:**  Prior to February 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to February 1, 2001 or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

     Without waiving and subject to these objections, Plaintiff denies this Request as written.

By way of explanation, prior to February 1, 2001, Plaintiff conducted electronic searches of his

ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 14:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.


**REQUEST FOR ADMISSION NO. 15:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 4700" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Dell Dimension 4700" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4700" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Dell Dimension 4700" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4700" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 15.  By way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's "Dell Dimension 4700" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 16:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "HP Pavilion 2X5000" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "HP Pavilion 2X5000" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "HP

Pavilion 2X5000" computer prior to July 29, 2009, particularly when Plaintiff saved the hard

drive for his "HP Pavilion 2X5000" computer and has produced responsive documents from that

computer.  Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "HP Pavilion 2X5000" computer and that Plaintiff had to do so prior to July 29,

2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 16.  By

way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's "HP

Pavilion 2X5000" computer was made in connection with a subpoena issued by Allstate in the

United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 17:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Dell Dimension 1100" computer (as
referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell Dimension 1100" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell

Dimension 1100" computer prior to July 29, 2009, particularly when Plaintiff saved the hard

drive for his "Dell Dimension 1100" computer and has produced responsive documents from that

computer.  Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

16

copy) of his "Dell Dimension 1100" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 17. By way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's "Dell Dimension 1100" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 18:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Western Digital WD 400" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Western Digital WD 400" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Western Digital WD 400" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Western Digital WD 400" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Western Digital WD 400" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 18. By way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's

"Western Digital WD 400" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 19:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Seagate ST33232A" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Seagate ST33232A" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Seagate ST33232A" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Seagate ST33232A" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Seagate ST33232A" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 19.  By way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's "Seagate ST33232A" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 20:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Lifebook 735DX" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

18

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Lifebook 735DX" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Lifebook 735DX" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Lifebook 735DX" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Lifebook 735DX" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 20.  By way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's "Lifebook 735DX" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 21:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 4300S" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Dell Dimension 4300S" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4300S" computer prior to July 29, 2009, particularly when Plaintiff saved the

hard drive for his "Dell Dimension 4300S" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4300S" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 21. By way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's "Dell Dimension 4300S" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 22:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Western Digital WDCAVIAR 26400" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Western Digital WDCAVIAR 26400" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Western Digital WDCAVIAR 26400" computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Western Digital WDCAVIAR 26400" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Western Digital WDCAVIAR 26400" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 22.  By

way of explanation, a prior to July 29, 2009, a Forensic Copy of the hard drive in Plaintiff's

"Western Digital WDCAVIAR 26400"  computer was made in connection with a subpoena

issued by Allstate in the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 23:**  Prior to July 29, 2009, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written.

By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI

for "Release-related" documents from the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 24:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 24 as drafted.


**REQUEST FOR ADMISSION NO. 25:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 4700" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Dell Dimension 4700" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4700" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Dell Dimension 4700" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4700" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 25. By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's "Dell Dimension 4700" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 26:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "HP Pavilion 2X5000" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "HP Pavilion 2X5000" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "HP Pavilion 2X5000" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "HP Pavilion 2X5000" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "HP Pavilion 2X5000" computer and that Plaintiff had to do so prior to January 1, 2010.

    Without waiving and subject to these objections, Plaintiff denies Request No. 26.  By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's "HP Pavilion 2X5000" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 27:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 1100" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Dell Dimension 1100" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Dimension 1100" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Dell Dimension 1100" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Dimension 1100" computer and that Plaintiff had to do so prior to January 1, 2010.

    Without waiving and subject to these objections, Plaintiff denies Request No. 27.  By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's

"Dell Dimension 1100" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 28:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Western Digital WD 400" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Western Digital WD 400" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Western Digital WD 400" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Western Digital WD 400" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Western Digital WD 400" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 28.  By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's "Western Digital WD 400" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 29:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Seagate ST33232A" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

25

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Seagate ST33232A" computer that contained relevant ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Seagate ST33232A" computer prior to January 1, 2010, particularly when Plaintiff saved the

hard drive for his "Seagate ST33232A" computer and has produced responsive documents from

that computer.  Plaintiff further objects to this Request because that it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic

copy) of his "Seagate ST33232A" computer and that Plaintiff had to do so prior to January 1,

2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 29.  By

way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's

"Seagate ST33232A" computer was made in connection with a subpoena issued by Allstate in

the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 30:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Lifebook 735DX" computer (as referenced
in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Lifebook 735DX" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Lifebook 735DX" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Lifebook 735DX" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Lifebook 735DX" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 30.  By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's "Lifebook 735DX" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.


**REQUEST FOR ADMISSION NO. 31:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell Dimension 4300S" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Dell Dimension 4300S" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4300S" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Dell Dimension 4300S" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell Dimension 4300S" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 31. By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's "Dell Dimension 4300S" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 32:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Western Digital WDCAVIAR 26400" computer (as referenced in Mr. Harper's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "Western Digital WDCAVIAR 26400" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Western Digital WDCAVIAR 26400" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Western Digital WDCAVIAR 26400" computer and has produced responsive documents from that computer. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Western Digital WDCAVIAR 26400" computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 32. By way of explanation, a prior to January 1, 2010, a Forensic Copy of the hard drive in Plaintiff's "Western Digital WDCAVIAR 26400" computer was made in connection with a subpoena issued by Allstate in the United States District Court for the Northern District of Georgia.

**REQUEST FOR ADMISSION NO. 33:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies Request No. 33 as

drafted.  By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches

of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 34:**  You sent Release-related email communications from the "Runningclock@aol.com" email address or received Release-related email communications at the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

"Runningclock@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent from or received at "Runningclock@aol.com"; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to the foregoing objections, Plaintiff admits this Request as

drafted.

**REQUEST FOR ADMISSION NO. 35:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent from or received at
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent from or received at

"Runningclock@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from "Runningclock@aol.com" throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent from or

received at "Runningclock@aol.com"; and/or (d) "Release-related" email communications on

"Runningclock@aol.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent from or received at the

"Runningclock@aol.com" email address since January 1, 1990.


**REQUEST FOR ADMISSION NO. 36:**  The email account associated with the
"Runningclock@aol.com" email address had or utilized a "janitorial" or "auto-delete" function
or program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the "Runningclock@aol.com" email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the "Relevant Time

Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "Runningclock@aol.com" email address during the "Relevant Time Period";

and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable

any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 36. By way of explanation, Plaintiff does not know whether the email account associated with the "Runningclock@aol.com" email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 37:** During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "Runningclock@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the "Relevant Time Period" or any portion of the "Relevant Time Period." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the "Runningclock@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "Runningclock@aol.com" email address during the "Relevant Time Period"; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation;

32

and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "Runningclock@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "Runningclock@aol.com" email address. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "Runningclock@aol.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 38:** The email account associated with the "Runningclock@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the "Runningclock@aol.com" email address had an email or size capacity limit during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "Runningclock@aol.com" email address during the

33

"Relevant Time Period"; and (b) Plaintiff was obligated to request that the email host for

"Runningclock@aol.com" increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"Runningclock@aol.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 39:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "Runningclock@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"Runningclock@aol.com" email address had an email or size capacity limit during any portion

of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

"Runningclock@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant

documents from the "Runningclock@aol.com" have not been retained due to a failure to increase

or remove an "email or size capacity limit" for "Runningclock@aol.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "Runningclock@aol.com" increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 39, including whether there was an "email or size capacity limit" for "Runningclock@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 40:** You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 40.

**REQUEST FOR ADMISSION NO. 41:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from a "foragents.com" email address or email list over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire

time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent to or

received from a "foragents.com" email address or email list over a twenty-one year period

concerning legal theories that are encompassed within Allstate's current definition of "Release-

related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all

Release-related email communications" that Plaintiff sent to or received from a "foragents.com"

email address or email list throughout the "Relevant Time Period"; (b) Plaintiff had an obligation

to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related"

ESI; (c) Plaintiff was the only person who could have retained "Release-related"

communications that were sent to or received from a "foragents.com" email address or email list;

and/or (d) "Release-related" email communications sent to or received from a "foragents.com"

email address or email list were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent to or received from a "foragents.com"

email address or email list since January 1, 1990.


**REQUEST FOR ADMISSION NO. 42:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

       Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 43:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" communications that he posted to the "Yahoo! ALL"

message board over a twenty-one year period—the so-called "Relevant Time Period"—when

Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all communications that he posted to the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related communications" that Plaintiff posted to the "Yahoo! ALL" message board throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were posted to the "Yahoo! ALL" message board; and/or (d) "Release-related" communications posted to the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether he retained, in native format with all corresponding metadata, "all Release-related" communications posted to the "Yahoo! ALL" message board since January 1, 1990.

**REQUEST FOR ADMISSION NO. 44:**  You sent Release-related email communications from the "Z2EAGLE@aol.com" email address or received Release-related email communications at the "Z2EAGLE@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received at the

"Z2EAGLE@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent from or received at "Z2EAGLE@aol.com"; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to the foregoing objections, Plaintiff admits this Request as

drafted.

**REQUEST FOR ADMISSION NO. 45:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"Z2EAGLE@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "Z2EAGLE@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent from or received at

"Z2EAGLE@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "Z2EAGLE@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "Z2EAGLE@aol.com"; and/or (d) "Release-related" email communications on "Z2EAGLE@aol.com" were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, Plaintiff believes that he retained, in native format with all corresponding metadata, "all Release-related" communications sent from or received at the "Z2EAGLE@aol.com" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 46:**  The email account associated with the "Z2EAGLE@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "Z2EAGLE@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from or received at the "Z2EAGLE@aol.com" email address during the "Relevant Time Period"; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 46.  By way of explanation, Plaintiff does not know whether the email account associated with the "Z2EAGLE@aol.com" email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 47:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "Z2EAGLE@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the "Relevant Time Period" or any portion of the "Relevant Time Period."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "Z2EAGLE@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" email communications sent from or received at the "Z2EAGLE@aol.com" email address during the "Relevant Time Period"; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "Z2EAGLE@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "Z2EAGLE@aol.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "Z2EAGLE@aol.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 48:**  The email account associated with the "Z2EAGLE@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "Z2EAGLE@aol.com" email address had an email or size capacity limit during any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

42

because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the "Z2EAGLE@aol.com" email address during the

"Relevant Time Period"; and (b) Plaintiff was obligated to request that the email host for

"Z2EAGLE@aol.com" increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

        Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request. By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"Z2EAGLE@aol.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 49:** During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "Z2EAGLE@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because: (a) it is irrelevant whether the email account associated with the

"Z2EAGLE@aol.com" email address had an email or size capacity limit during any portion of

the "Relevant Time Period" in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request

because that it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

43

"Z2EAGLE@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant

documents from the "Z2EAGLE@aol.com" email account have not been retained due to a

failure to increase or remove an "email or size capacity limit" for "Z2EAGLE@aol.com."

    Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for "Z2EAGLE@aol.com" increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 49, including whether there

was an "email or size capacity limit" for "Z2EAGLE@aol.com" during the "Relevant Time

Period."

**REQUEST FOR ADMISSION NO. 50:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate in scanned images:
PC11722 - PC11723; RC00438 - RC00438; RC00439 - RC00444; TK10904 - TK10905;
TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675;
TK12873 - TK12873; RSW04448 - RSW04449.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 50

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or email systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

    Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 50.  By way of further answer, it is denied that none of the documents identified

in Request No. 50 has been retained and produced in native format with all corresponding

metadata.


**REQUEST FOR ADMISSION NO. 51:** During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

       Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is

unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and

every R3001 Agent during the period between July 1, 2000 and December 31, 2002.


**REQUEST FOR ADMISSION NO. 52:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "Z2EAGLE@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"Z2EAGLE@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during

any portion of the "Relevant Time Period" in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the "Z2EAGLE@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 52. By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded multiple emails related to the Release that were sent to or from the "Z2EAGLE@aol.com" email address onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                            Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                               K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                           Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                       MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                       1701 Market Street
                                                 Philadelphia, PA  19103
                                                 Telephone: (215) 963-5000
                                                 Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)                Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                   AARP Foundation Litigation
Washington, D.C.  20004                          601 E Street, N.W.
Telephone: (202) 739-3000                        Washington, D.C.  20049
Facsimile: (202) 739-3001                        Telephone:  (202) 434-2060
                                                 Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Ronald Harper's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

# EXHIBIT 20M

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GENE R. ROMERO**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 01-CV-3894 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| **GENE R. ROMERO**, *et al.*, ) | |
| ) | |
| **Plaintiffs.** ) | |
| ) | **Civil Action No. 01-CV-6764 (RLB)** |
| **v.** ) | |
| ) | |
| **ALLSTATE CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF MICHAEL KEARNEY'S RESPONSES TO ALLSTATE'S
<u>SECOND SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Craig Crease

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    <u>GENERAL OBJECTIONS</u>**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**    **RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**    You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**    You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**    You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

6

**REQUEST FOR ADMISSION NO. 4:**    Prior to March 4, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to March 4, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.

**REQUEST FOR ADMISSION NO. 5:**    Prior to March 4, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as

referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI; and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to March 4, 2001, particularly when Plaintiff saved the hard drive for

his "Compaq" computer and has produced responsive documents from that computer. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer and that Plaintiff had to do so prior to March 4, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**    Prior to March 4, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so. Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to

8

March 4, 2001 and that Plaintiff had the obligation to preserve all "Release-related" ESI that

Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 7:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**    Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer prior to August 1, 2001.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:**    Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Asis" laptop computer (as referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

10

drives or other components of the "Asis" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Asis" computer

prior to August 1, 2001.  Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or

electronic copy) of his "Asis" computer and that Plaintiff had to do so prior to August 1, 2001.

 Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.


**REQUEST FOR ADMISSION NO. 10:**    Prior to August 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 or that Plaintiff had the obligation to preserve all "Release-related" ESI

that Plaintiff received from January 1, 1990 through the present.

 Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 11:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

Without  waiving  and  subject  to  these  objections,  Plaintiff  admits  Request  No. 11  as

drafted.


**REQUEST FOR ADMISSION NO. 12:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as referenced
in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

12

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to July 29, 2009.   Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

Forensic Copy (or electronic copy) of his "Hewlett Packard" computer and that Plaintiff had to

do so prior to July 29, 2009.

      Without waiving and subject to these objections, Plaintiff admits Request No. 12 as

drafted.


**REQUEST FOR ADMISSION NO. 13:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Asis" laptop computer (as referenced in Mr.
Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Asis" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Asis" computer

prior to July 29, 2009.   Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic

copy) of his "Asis" computer and that Plaintiff had to do so prior to July 29, 2009.

      Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.

**REQUEST FOR ADMISSION NO. 14:**    Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable investigation, Plaintiff cannot admit or deny this Request.  By way of explanation, Plaintiff cannot reconstruct when he conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 15:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

> Without waiving and subject to these objections, Plaintiff admits Request No. 15 as

drafted.


**REQUEST FOR ADMISSION NO. 16:**    Prior to January 1, 2010, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" computer (as
referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" computer that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Hewlett

Packard" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for

his "Hewlett Packard" computer and has produced responsive documents from that computer.

Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Hewlett Packard" computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Asis" laptop computer (as referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Asis" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Asis" computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Asis" computer and has produced responsive documents from that computer.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Asis" computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:**    Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.    Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable investigation, Plaintiff cannot admit or deny this Request.  By way of explanation, Plaintiff cannot reconstruct when he conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 19:**    You sent Release-related email communications to the Runningclock@aol.com email address or received Release-related email communications from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 19 as drafted.

**REQUEST FOR ADMISSION NO. 20:**   You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as drafted.

**REQUEST FOR ADMISSION NO. 21:**    You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from or to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 22:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

20

**REQUEST FOR ADMISSION NO. 23:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 23 as

drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-

related" communications to the "Yahoo! ALL" message board.


**REQUEST FOR ADMISSION NO. 24:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications You posted to the "Yahoo!
ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message

board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff

was not under an obligation to do so during that entire time; and (b) it is irrelevant whether

Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL"

message board when Plaintiff was not under an obligation to do so during the entire period in

which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was

the only person who could have retained "Release-related" communications that were posted on

the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the

"Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the

"Yahoo! ALL" message board were not retained.

  Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, Plaintiff did not have any postings to the "Yahoo! ALL" message board from

January 1, 1990 to the present to retain.


**REQUEST FOR ADMISSION NO. 25:** You sent Release-related email communications
from the "Goodhandsks1@hotmail.com" email address or received Release-related email
communications at the "Goodhandsks1@hotmail.com" address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

Goodhandsks1@hotmail.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent from or received at Goodhandsks1@hotmail.com; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 25.  By

way of explanation, Plaintiff does not remember ever having a "Goodhandsks1@hotmail.com"

email address.


**REQUEST FOR ADMISSION NO. 26:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"Goodhandsks1@hotmail.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "Goodhandsks1@hotmail.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that he sent from or received at

Goodhandsks1@hotmail.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all "Release-related" email

23

communications" that Plaintiff received at or sent from Goodhandsks1@hotmail.com throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent from or

received at Goodhandsks1@hotmail.com; and/or (d) "Release-related" email communications on

Goodhandsks1@hotmail.com were not retained.

      Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, Plaintiff does not remember ever having a "Goodhandsks1@hotmail.com" email

address, and hence is unaware of any "Release-related" communications sent from or received at

that address to retain.

**REQUEST FOR ADMISSION NO. 27:**  The email account associated with the
"Goodhandsks1@hotmail.com" email address had or utilized a "janitorial" or "auto-delete"
function or program that caused the deletion of email messages, including documents attached
thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the Goodhandsks1@hotmail.com email address had or utilized

a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time

Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the Goodhandsks1@hotmail.com email address during the Relevant Time Period;

and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable

any "janitorial" or "auto-delete" function.

 Without waiving and subject to these objections, Plaintiff cannot admit or deny this

Request because it is senseless.  By way of explanation, Plaintiff does not remember ever having

a "Goodhandsks1@hotmail.com" email address, and hence it is meaningless to talk of any

functions or programs associated with that address.


**REQUEST FOR ADMISSION NO. 28:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"Goodhandsks1@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the

Goodhandsks1@hotmail.com email address had or utilized a "janitorial" or "auto-delete"

function or program during any portion of the Relevant Time Period in which Plaintiff was not

under an obligation to preserve documents; and (b) it seeks information about the email account

beyond the period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications sent from or received at the

Goodhandsks1@hotmail.com email address during the Relevant Time Period; (b) Plaintiff was

25

obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably

anticipated litigation; and (c) relevant documents were lost by not disabling an alleged

"janitorial" or "auto-delete" function for Goodhandsks1@hotmail.com.

Without waiving and subject to these objections, Plaintiff can not admit nor deny this

Request because it is senseless. Because Plaintiff does not remember ever having a

"Goodhandsks1@hotmail.com" email address, it is meaningless to make a statement about

disabling or not disabling any program or function.


**REQUEST FOR ADMISSION NO. 29:**  The email account associated with the
"Goodhandsks1@hotmail.com" email address had an email or size capacity limit at some point
during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

Goodhandsks1@hotmail.com email address had an email or size capacity limit during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the Goodhandsks1@hotmail.com email address during

the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

Goodhandsks1@hotmail.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, Plaintiff cannot admit or deny this Request because it is senseless. By way of explanation, Plaintiff does not remember ever having a "Goodhandsks1@hotmail.com" email address, and hence it is meaningless to make a statement about any functions or programs.

**REQUEST FOR ADMISSION NO. 30:** During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "Goodhandsks1@hotmail.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the Goodhandsks1@hotmail.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for Goodhandsks1@hotmail.com increase or remove the "email or size capacity limit"; and (b) relevant documents from the Goodhandsks1@hotmail.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for Goodhandsks1@hotmail.com.

Without waiving and subject to these objections, Plaintiff can not admit nor deny this Request because it is senseless.  Because Plaintiff does not remember ever having a "Goodhandsks1@hotmail.com" email address, it is meaningless to make a statement about possible measures to change the size capacity.

**REQUEST FOR ADMISSION NO. 31:**    You sent Release-related email communications from the "kearneycom@aol.com" email address or received Release-related email communications at the "kearneycom@aol.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the kearneycom@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at kearneycom@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 31.

**REQUEST FOR ADMISSION NO. 32:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "kearneycom@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received at "kearneycom@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at kearneycom@aol.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from kearneycom@aol.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at kearneycom@aol.com; and/or (d) "Release-related" email communications on kearneycom@aol.com were not retained.

Without waiving and subject to these objections, Plaintiff admits this Request.


**REQUEST FOR ADMISSION NO. 33:** The email account associated with the "kearneycom@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the kearneycom@aol.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the kearneycom@aol.com email address during the Relevant Time Period; and (b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

 Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 33.  By way of

explanation, Plaintiff does not know whether the email account associated with the

kearneycom@aol.com email address actually had a "janitorial" or "auto-delete" function during

the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 34:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"kearneycom@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the kearneycom@aol.com

email address had or utilized a "janitorial" or "auto-delete" function or program during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the kearneycom@aol.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for kearneycom@aol.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the kearneycom@aol.com email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the kearneycom@aol.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 35:**  The email account associated with the "kearneycom@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because: (a) it is irrelevant whether the email account associated with the

kearneycom@aol.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the kearneycom@aol.com email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for kearneycom@aol.com increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request. By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

kearneycom@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 36:**    During the Relevant Time Period, you did not
request that the email host increase or remove the email or size capacity limit of the email
account associated with the "kearneycom@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because: (a) it is irrelevant whether the email account associated with the

kearneycom@aol.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

kearneycom@aol.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the kearneycom@aol.com have not been retained due to a failure to increase or

remove an "email or size capacity limit" for kearneycom@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for kearneycom@aol.com increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 36, including whether there

was an "email or size capacity limit" for kearneycom@aol.com during the "Relevant Time

Period."


**REQUEST FOR ADMISSION NO. 37:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
NL00002 – NL00006; NL00009 – NL00011; NL00247 – NL00248; NL00254 – NL00254;
NL00322 – NL00323; NL00960 – NL00963; PC11722 – PC11723; TK10904 – TK10905;
TK12771 – TK12771; CP01607 – CP01607; CP01624 – CP01624; CP01675 – CP01675.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 37

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits that Plaintiff has not retained, in native format with all corresponding metadata, documents identified in Request No. 37.

**REQUEST FOR ADMISSION NO. 38:** During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request. By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 41(a):[1]** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "kearneycom@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

---

[1]    The Requests for Admission contain two requests numbered 41. Plaintiff has renumbered the first 41(a) and the second 41(b).

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "kearneycom@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "kearneycom@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 41(a).  By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded at least one e-mail related to the Release that was sent to or from the "kearneycom@aol.com" email address onto one of Plaintiff's Electronic Storage Devices.


**REQUEST FOR ADMISSION NO. 41(b):**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "Goodhandsks1@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the

"Goodhandsks1@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "Goodhandsks1@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff does not admit nor deny Request No. 41(b) because it is senseless.  By way of explanation, Plaintiff does not remember ever having a "Goodhandsks1@hotmail.com" email address, and hence it is meaningless to make a statement about downloading emails from it.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson _____
Michael D. Lieder (*admitted pro hac*)         Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)    John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                          Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                             K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                         Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                     MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                     1701 Market Street
                                               Philadelphia, PA  19103
                                               Telephone: (215) 963-5000
                                               Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)              Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                    Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                 AARP Foundation Litigation
Washington, D.C.  20004                        601 E Street, N.W.
Telephone: (202) 739-3000                      Washington, D.C.  20049
Facsimile:  (202) 739-3001                     Telephone:  (202) 434-2060
                                               Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Michael Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                          s/ Michael J. Wilson
                                                          Michael J. Wilson

# EXHIBIT 20N

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF THOMAS KEARNEY'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Thomas Kearney ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.      Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.      Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.      Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.      Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period." Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either: (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; or (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.      .

     Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.

**REQUEST FOR ADMISSION NO. 4:**  Prior to January 19, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 19, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to January 19, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr.
Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to January 19, 2001, given that Plaintiff had not yet acquired the "Gateway"

computer at that time.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) the "Gateway" computer was in Plaintiff's possession, custody or

control prior to January 19, 2001; and (b) Plaintiff had the obligation to make a "Forensic Copy"

(or electronic copy) of his "Gateway" computer.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.   By way of explanation, to the best of his recollection, Plaintiff did not acquire or use

the "Gateway" computer until after January 19, 2001.


**REQUEST FOR ADMISSION NO. 6:** Prior to January 19, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to January 19, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as

drafted.

8

**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

9

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to August 1, 2001, given that Plaintiff had not yet acquired the "Gateway"

computer at that time.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) the "Gateway" computer was in Plaintiff's possession, custody or

control prior to August 1, 2001; and (b) Plaintiff had the obligation to make a "Forensic Copy"

(or electronic copy) of his "Gateway" computer.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.   By way of explanation, to the best of his recollection, Plaintiff did not acquire or use

the "Gateway" computer until after August 1, 2001.


**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.


**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that: (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his

"Gateway" computer and has produced responsive documents from that computer. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway"

computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written. By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for Release-related documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

13

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.

**REQUEST FOR ADMISSION NO. 14:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Kearney's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his

"Gateway" computer and has produced responsive documents from that computer. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway"

computer and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.

**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 16:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

15

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as drafted.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

16

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he may have sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he may have sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he may have sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he may have sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.


**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he may have posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as drafted. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he may have posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he may have posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and

19

inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff may have posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from the "Ttkk3@juno.com" email address or received Release-related email communications at the "Ttkk3@juno.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the Ttkk3@juno.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or

received at Ttkk3@juno.com; and (b) Plaintiff had the obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22.


**REQUEST FOR ADMISSION NO. 23:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "Ttkk3@juno.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at Ttkk3@juno.com over a twenty-one year period—the so-called "Relevant Time Period"—

when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiffs retained all email communications that he sent from or received at

Ttkk3@juno.com over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications that

Plaintiff received at or sent from Ttkk3@juno.com throughout the "Relevant Time Period"; (b)

Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI; and (c) Plaintiff was the only person who could have

retained "Release-related" communications that were sent from or received at Ttkk3@juno.com.

Without waiving and subject to these objections, Plaintiff admits Request No. 23 as

drafted.

**REQUEST FOR ADMISSION NO. 24:** The email account associated with the "Ttkk3@juno.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the Ttkk3@juno.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the Ttkk3@juno.com email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of explanation, Plaintiff does not know whether the email account associated with the Ttkk3@juno.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "Ttkk3@juno.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the Ttkk3@juno.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the Ttkk3@juno.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for Ttkk3@juno.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the Ttkk3@juno.com email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated

23

with the Ttkk3@juno.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:** The email account associated with the "Ttkk3@juno.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the Ttkk3@juno.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the Ttkk3@juno.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for Ttkk3@juno.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for Ttkk3@juno.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "Ttkk3@juno.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the Ttkk3@juno.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for Ttkk3@juno.com increase or remove the "email or size capacity limit"; and (b) relevant documents from the Ttkk3@juno.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for Ttkk3@juno.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for Ttkk3@juno.com increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 27, including whether there was an "email or size capacity limit" for Ttkk3@juno.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PC11722 - PC11723; TK10904 - TK10905; TK11704 - TK11704; TK12771 - TK12771;

CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; TK12873 - TK12873; RSW04448 - RSW04449.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28.  By way of further answer, it is denied that none of the documents identified

in Request No. 28 has been retained and produced in native format with all corresponding

metadata.


**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "Ttkk3@juno.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

26

"Ttkk3@juno.com" email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "Ttkk3@juno.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 29. By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded at least one e-mail related to the Release that was sent to or from the "Ttkk3@juno.com" email address onto one of Plaintiff's "Electronic Storage Devices."

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                         Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                            K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                        Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                    MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                    1701 Market Street
                                              Philadelphia, PA  19103
                                              Telephone: (215) 963-5000
                                              Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                   Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                AARP Foundation Litigation
Washington, D.C.  20004                       601 E Street, N.W.
Telephone: (202) 739-3000                     Washington, D.C.  20049
Facsimile:  (202) 739-3001                    Telephone:  (202) 434-2060
                                              Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Thomas Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                     /s/ Michael J. Wilson
                                            Michael J. Wilson

# EXHIBIT 20O

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO, *ET AL*.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY, *ET AL*.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION, *ET AL*.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RESPONSES OF PLAINTIFF LARRY LANKFORD'S TO ALLSTATE'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Larry Lankford

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent it is premature because discovery

relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.      Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any Request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiff hereby asserts that doctrine or privilege and objects on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

16.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the

discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

17.    Plaintiff objects to these Requests to the extent they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.    In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.    Because Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  Because Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.    Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.    REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

      Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request to the extent it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided Electronic Storage Device or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all "Release-related" ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.     .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:** Prior to January 30, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 30, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:**  Prior to January 30, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Lankford's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of his "personal computer" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to January 30, 2001.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to January 30, 2001.

    Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to January 30, 2001, You did not search for "Release-related" ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related ESI" when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 30, 2001 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 6.  By way of explanation, Plaintiff believes that prior to January 30, 2001, he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period," but, due to the passage of time, Plaintiff cannot presently confirm that he did so.

**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

9

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to August 1, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic

Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.

Lankford's response to Allstate Interrogatory No. 10) that You used during the Relevant Time

Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of his "personal computer" that contained "Release-related" ESI;

and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"personal computer" prior to August 1, 2001.   Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

Forensic Copy (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 9. By way of explanation, Plaintiff believes that prior to August 1, 2001, he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period," but, due to the passage of time, Plaintiff cannot presently confirm that he did so.

**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

      Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Lankford's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to July 29, 2009.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.


**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12.   By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

14

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Lankford's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to January 1, 2010. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.


**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that he sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" e-mail communications from Runningclock@aol.com;

and/or (d) "Release-related" e-mail communications from Runningclock@aol.com have not been

retained.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a

"foragents.com" email address or email list, or received Release-related email communications

from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further

objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence, because it seeks information about "Release-related" e-

mail communications that were sent to or received from a "foragents.com" email address or list

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications that he sent or received from the foragents.com

email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related"

communications to or from "foragents.com" to retain; and/or (e) "Release-related"

communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection Plaintiff did not have any "Release-related" email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:**  You  posted  Release-related  communications  to  the

"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were posted to the "Yahoo! ALL" message board

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications that he posted to the "Yahoo! ALL" message board;

and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably

anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 20.  By way of

explanation, Plaintiff does not believe that he posted "Release-related" communications to the

"Yahoo! ALL" message board, but, due to the passage of time, Plaintiff cannot presently confirm that he did not do so.

**REQUEST FOR ADMISSION NO. 21:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" e-mail communications that he posted on the "Yahoo!ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff posted to the "Yahoo!ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo!ALL" message board; (d) that Plaintiff had any "Release-

related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related"

email communications on the "Yahoo!ALL" message board were not retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 21.  By way of

explanation, Plaintiff does not believe that he posted "Release-related" communications to the

"Yahoo! ALL" message board, but, due to the passage of time, Plaintiff cannot presently confirm

that he did not do so.  Thus, Plaintiff can neither admit nor deny whether Plaintiff had any

"Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the

present to retain.


**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from

the "LLankf7763@aol.com" email address or received Release-related email communications at

the "LLankf7763@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

LLankf7763@aol.com email address beyond the time period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications that he sent

from or received at LLankf7763@aol.com; and (b) Plaintiff had the obligation to retain, prior to

the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22.

**REQUEST FOR ADMISSION NO. 23:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "LLankf7763@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at LLankf7763@aol.com over a twenty-one year period—the so-called "Relevant Time Period"— when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at LLankf7763@aol.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent to LLankf7763@aol.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; and (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at LLankf7763@aol.com.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the "LLankf7763@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the LLankf7763@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the LLankf7763@aol.com email address during the Relevant Time Period; and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "LLankf7763@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.
Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether
the email account associated with the LLankf7763@aol.com email address had or utilized a
"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period
in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks
information about the email account beyond the period for which the parties have currently
agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates
unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native
format with all corresponding metadata, all "Release-related" email communications sent from
or received at the LLankf7763@aol.com email address during the Relevant Time Period; (b)
Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when
Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling
an alleged "janitorial" or "auto-delete" function for  LLankf7763@aol.com.

　　　　Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"LLankf7763@aol.com" email address had an email or size capacity limit at some point during
the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.
Plaintiff further objects to this Request as vague and ambiguous because it does not define the
phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,
unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

LLankf7763@aol.com email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the LLankf7763@aol.com email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for LLankf7763@aol.com increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

       Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

LLankf7763@aol.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request

that the email host increase or remove the email or size capacity limit of the email account

associated with the "LLankf7763@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

LLankf7763@aol.com email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

LLankf7763@aol.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the LLankf7763@aol.com have not been retained due to a failure to increase or

remove an "email or size capacity limit" for LLankf7763@aol.com.

       Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for LLankf7763@aol.com increase or remove any "email or size

capacity limit" for that account.  By way of further answer, after reasonable inquiry, Plaintiff

lacks sufficient knowledge or information to admit or deny the remaining matter in Request No.

27, including whether there was an "email or size capacity limit" for LLankf7763@aol.com

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 28:**  You have not preserved in native format with all

corresponding metadata the following documents produced to Allstate as scanned images:

PC11722 - PC11723; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607;

CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681;

RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have retained documents in native format, with all corresponding metadata, documents that resided on Allstate's network or e-mail systems or on computers over which Allstate has assumed possession, custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 28.  By way of further answer, it is denied that none of the documents identified in Request No. 28 has not been retained and/or produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 29:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "LLankf7763@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the

LLankf7763@aol.com email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the LLankf7763@aol.com email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

 Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 30.  By way of explanation, due to the passage of time, Plaintiff does not presently recall whether he downloaded any email communications from the LLankf7763@aol.com email address onto one of Plaintiff's "Electronic Storage Devices" during the "Relevant Time Period."

Dated: October 31, 2011     Respectfully Submitted,

s/ Michael J. Wilson

Michael D. Lieder (*admitted pro hac*)
Michael J. Wilson (admitted *pro hac vice*)
SPRENGER & LANG, PLLC
1400 Eye St., N.W.
Washington D.C.  20005
Telephone:  (202) 265-8010
Facsimile:  (202) 332-6652

Coleen M. Meehan (ID No. 39765)
John V. Gorman (ID No. 80631)
Brian M. Ercole (ID No. 91591)
K. Catherine Roney (ID No. 94312)
Marisel Acosta (ID No. 89696)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001

Paul Anton Zevnik (ID No. 140986)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

Thomas W. Osborne (admitted *pro hac vice*)
Mary Ellen Signorille (admitted *pro hac vice*)
AARP Foundation Litigation
601 E Street, N.W.
Washington, D.C.  20049
Telephone:  (202) 434-2060
Facsimile:  (202) 824-0955

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Michael Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA 19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

Dated: October 31, 2011                          s/ Michael J. Wilson
                                                            Michael J. Wilson

# EXHIBIT 20P

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RESPONSES OF PLAINTIFF DAVID LAWSON'S TO ALLSTATE'S
<u>SECOND SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff David Lawson ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.      <u>GENERAL OBJECTIONS</u>**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff

did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

16.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or

control since January 1, 1990; and (b) to collect, in native format with all corresponding

metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided

"Electronic Storage Device" or server over which Allstate had or subsequently assumed

possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.


**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all

corresponding metadata, all Release-related ESI, including email, that You created, obtained, or

had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a

twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under

an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not

retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:** Prior to February 17, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 17, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:** Prior to February 17, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Lawson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of his "personal computer" that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to February 17, 2001. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to February 17, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.

**REQUEST FOR ADMISSION NO. 6:** Prior to February 17, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

8

key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to February 17, 2001 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 6.  By way of explanation, due to the passage of time, Plaintiff does not presently recall whether prior to February 17, 2001, he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

9

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic

Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.

Lawson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time

Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of his "personal computer" that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to August 1, 2001.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 9.  By way of explanation, due to the passage of time, Plaintiff does not presently recall whether prior to

August 1, 2001, he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Lawson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to July 29, 2009. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12. By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 13:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

14

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic

Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.

Lawson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time

Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of his "personal computer" that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal

computer" prior to January 1, 2010.  Plaintiff further objects to this Request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy

15

(or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 16:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 17:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received

17

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that he sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" e-mail communications from Runningclock@aol.com;

and/or (d) "Release-related" e-mail communications from Runningclock@aol.com have not been

retained.

   Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a

"foragents.com" email address or email list, or received Release-related email communications

from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further

objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence, because it seeks information about "Release-related" e-

mail communications that were sent to or received from a "foragents.com" email address or list

beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he posted to the "Yahoo! ALL" message board;

and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" e-mail communications that he posted on the "Yahoo!ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff posted to the "Yahoo!ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo!ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" email communications on the "Yahoo!ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.


**REQUEST FOR ADMISSION NO. 22:** You sent Release-related email communications from the "D162043@dellepro.com" email address or received Release-related email communications at the "D162043@dellepro.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the D162043@dellepro.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at D162043@dellepro.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 23:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "D162043@dellepro.com" email address during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at D162043@dellepro.com over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at D162043@dellepro.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent to D162043@dellepro.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" email communications; and (c) Plaintiff was the only person who could have retained "Release-related" email communications that were sent from or received at D162043@dellepro.com.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

23

**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the "D162043@dellepro.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the D162043@dellepro.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the D162043@dellepro.com email address during the Relevant Time Period; and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of explanation, Plaintiff does not know whether the email account associated with the D162043@dellepro.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "D162043@dellepro.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the D162043@dellepro.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the D162043@dellepro.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for D162043@dellepro.com

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the D162043@dellepro.com email address.  By way of further answer, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email

account associated with the D162043@dellepro.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:** The email account associated with the "D162043@dellepro.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the D162043@dellepro.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the D162043@dellepro.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for D162043@dellepro.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

D162043@dellepro.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request

that the email host increase or remove the email or size capacity limit of the email account

associated with the "D162043@dellepro.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

D162043@dellepro.com email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

D162043@dellepro.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the D162043@dellepro.com  have not been retained due to a failure to increase

or remove an "email or size capacity limit" for D162043@dellepro.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for D162043@dellepro.com increase or remove any "email or size

capacity limit" for that account.  By way of further answer, after reasonable inquiry, Plaintiff

lacks sufficient knowledge or information to admit or deny the remaining matter in Request No.

24, including whether there was an "email or size capacity limit" for D162043@dellepro.com

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 28:**  You have not preserved in native format with all

corresponding metadata the following documents produced to Allstate as scanned images:

PC11722 - PC11723; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607;

CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681;

RSW04448 - RSW04449.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

        Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28.  By way of further answer, it is denied that all of the documents identified in

Request No. 28 have not been retained and/or produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 29:** During the period between July 1, 2000, and the date on which your R3001 Contract terminated, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information to admit or deny this Request. By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 30:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "D162043@dellepro.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the D162043@dellepro.com email address onto one of Plaintiff's "Electronic Storage Device"s during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

29

preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the D162043@dellepro.com email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information and knowledge to admit or deny Request No. 30.  By way of explanation, due to the passage of time, Plaintiff does not presently recall whether he downloaded any email communications from the D162043@dellepro.com email address onto one of Plaintiff's "Electronic Storage Devices" during the "Relevant Time Period."

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson _____
Michael D. Lieder (*admitted pro hac*)       Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                           K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                       Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                   MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                   1701 Market Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 963-5000
                                             Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)            Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                  Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.               AARP Foundation Litigation
Washington, D.C.  20004                      601 E Street, N.W.
Telephone: (202) 739-3000                    Washington, D.C.  20049
Facsimile:  (202) 739-3001                   Telephone:  (202) 434-2060
                                             Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Michael Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    s/ Michael J. Wilson
                                          Michael J. Wilson

# EXHIBIT 20Q

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GENE R. ROMERO**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 01-CV-3894 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| **GENE R. ROMERO**, *et al.*, ) | |
| ) | |
| **Plaintiffs.** ) | |
| ) | **Civil Action No. 01-CV-6764 (RLB)** |
| **v.** ) | |
| ) | |
| **ALLSTATE CORPORATION**, et al., ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF NATHAN LITTLEJOHN'S RESPONSES TO ALLSTATE'S
<u>SECOND SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Nathan Littlejohn ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    <u>GENERAL OBJECTIONS</u>**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.    Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.    Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.    Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.    In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.    To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.    Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**     **RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**     You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

        Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**     You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**     You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.     .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**     Prior to February 15, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 15, 2001.

     Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**     Prior to February 15, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in

Mr. Littlejohn's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell" computer

prior to February 15, 2001, particularly when Plaintiff saved the hard drive for his "Dell"

computer and has produced responsive documents from that computer.  Plaintiff further objects

to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had

the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell" computer and that

Plaintiff had to do so prior to February 15, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**    Prior to February 15, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to

February 15, 2001 and that Plaintiff had the obligation to preserve all "Release-related" ESI that

Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections and after reasonable investigation,

Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 6.  By way of

explanation, Plaintiff does not recall whether, prior to February 15, 2001, Plaintiff had conducted

electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-

related" ESI from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 7:**      Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in Mr.
Littlejohn's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell" computer

prior to July 29, 2009, particularly when Plaintiff saved the hard drive for his "Dell" computer

and has produced responsive documents from that computer.  Plaintiff further objects to this

Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "Dell" computer and that

Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**    Prior to July 29, 2009, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009, and that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 9 as drafted.  By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 10:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**    Prior to January 1, 2010, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in
Mr. Littlejohn's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell" computer

prior to January 1, 2010, particularly when Plaintiff saved the hard drive for his "Dell" computer

and has produced responsive documents from that computer.  Plaintiff further objects to this

Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "Dell" computer and that

Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:**    Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12.   By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 13:**    You sent Release-related email communications to the Runningclock@aol.com email address or received Release-related email communications from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.

**REQUEST FOR ADMISSION NO. 14:**   You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information to admit or deny Request No. 14. By way of further explanation, Plaintiff is unable to determine, given the passage of time, the volume of email communications to and from Runningclock@aol.com, and the lack of a regular schedule for Runningclock@aol.com communications, whether Plaintiff has retained "all Release-related" email communications that Plaintiff received from or sent to the Runningclock@aol.com email address.

**REQUEST FOR ADMISSION NO. 15:**    You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received

from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny that Plaintiff sent or received "Release-related" email communications to the "foragents.com" email address or list.  By way of explanation, Plaintiff admits that Plaintiff sent a small number of email communications to the "foragents.com" email address or list, but Plaintiff lacks sufficient information to admit or deny that any of those communications were Release-related.  Plaintiff did not receive "Release-related" email communications from a "foragents.com" email address or list.

**REQUEST FOR ADMISSION NO. 16:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections and after reasonable inquiry, Plaintiff lacks sufficient information to admit or deny whether Plaintiff has retained, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff sent to the foragents.com email address or list from January 1, 1990 through the present, if there were any. By way of explanation, Plaintiff does not know whether Plaintiff sent any "Release-related" email communications to the foragents.com email address or list, and hence does not know whether there were any "Release-related" emails to retain.

**REQUEST FOR ADMISSION NO. 17:**    You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections and after reasonable investigation, Plaintiff denies Request No. 17. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 18:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   .   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications

that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board to retain.

**REQUEST FOR ADMISSION NO. 19:** You sent Release-related email communications from the "NLittl4747@aol.com" email address or received Release-related email communications at the "NLittl4747@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the NLittl4747@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at NLittl4747@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 19.

**REQUEST FOR ADMISSION NO. 20:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "NLittl4747@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "NLittl4747@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at NLittl4747@aol.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from NLittl4747@aol.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at NLittl4747@aol.com; and/or (d) "Release-related" email communications on NLittl4747@aol.com were not retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as drafted.

**REQUEST FOR ADMISSION NO. 21:**  The email account associated with the "NLittl4747@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the NLittl4747@aol.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the NLittl4747@aol.com email address during the Relevant Time Period; and(b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 21.  By way of

explanation, Plaintiff does not know whether the email account associated with the

NLittl4747@aol.com email address actually had a "janitorial" or "auto-delete" function during

the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 22:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "NLittl4747@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the NLittl4747@aol.com

email address had or utilized a "janitorial" or "auto-delete" function or program during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents; and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the NLittl4747@aol.com email address during the

Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents

were lost by not disabling an alleged "janitorial" or "auto-delete" function for

NLittl4747@aol.com.

  Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the NLittl4747@aol.com

email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to

admit or deny the remaining matter in this Request, including whether the email account

associated with the NLittl4747@aol.com e-mail address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 23:**  The email account associated with the "NLittl4747@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the NLittl4747@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the NLittl4747@aol.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for NLittl4747@aol.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for NLittl4747@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 24:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "NLittl4747@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the NLittl4747@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for NLittl4747@aol.com increase or remove the "email or size capacity limit"; and (b) relevant documents from the NLittl4747@aol.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for NLittl4747@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for NLittl4747@aol.com increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 24, including whether there was an "email or size capacity limit" for NLittl4747@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:** You sent Release-related email communications from the "cwpn@aol.com" email address or received Release-related email communications at the "cwpn@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the cwpn @aol.com

email address beyond the time period for which the parties have currently agreed to collect and

produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent from or

received at cwpn@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether Plaintiff sent from or received at the cwpn@aol.com email

address any "Release-related" email communications during the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 26:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"cwpn@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "cwpn@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—

when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiffs retained all email communications that he sent from or received at

cwpn@aol.com over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, "all Release-related email communications" that

Plaintiff received at or sent from cwpn@aol.com throughout the "Relevant Time Period"; (b)

Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained

"Release-related" communications that were sent from or received at cwpn@aol.com; and/or (d)

"Release-related" email communications on cwpn@aol.com were not retained.

 Without waiving and subject to these objections, Plaintiff lacks sufficient knowledge or

information to admit or deny this Request.  By way of explanation, because Plaintiff does not

know whether Plaintiff sent or received any "Release-related" email communications at

cwpn@aol.com during the Relevant Time Period, Plaintiff does not know whether there were

any "Release-related" email communications to retain.


**REQUEST FOR ADMISSION NO. 27:**  The email account associated with the
"cwpn@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the cwpn@aol.com email address had or utilized a "janitorial"

or "auto-delete" function or program during any portion of the Relevant Time Period in which

Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about

the email account beyond the period for which the parties have currently agreed to collect and

produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications sent from or received at the

cwpn@aol.com email address during the Relevant Time Period; and (b) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-

delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 27.  By way of

explanation, Plaintiff does not know whether the email account associated with the

cwpn@aol.com email address actually had a "janitorial" or "auto-delete" function during the

"Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"cwpn@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the cwpn@aol.com email

address had or utilized a "janitorial" or "auto-delete" function or program during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the cwpn@aol.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for cwpn@aol.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the cwpn@aol.com email address. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the cwpn@aol.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 29:** The email account associated with the "cwpn@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the

cwpn@aol.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the cwpn@aol.com email address during the Relevant Time Period; and (b)

Plaintiff was obligated to request that the email host for cwpn@aol.com increase or remove the

"email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for cwpn@aol.com

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 30:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "cwpn@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

cwpn@aol.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for cwpn@aol.com

increase or remove the "email or size capacity limit"; and (b) relevant documents from the

cwpn@aol.com have not been retained due to a failure to increase or remove an "email or size

capacity limit" for cwpn@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for cwpn@aol.com increase or remove any "email or size capacity

limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or

information to admit or deny the remaining matter in Request No. 30, including whether there

was an "email or size capacity limit" for cwpn@aol.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 31:** You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
NL00002 - NL00006; NL00009 - NL00011; NL00247 - NL00248; NL00254 - NL00254;
NL00284 - NL00284; NL00322 - NL00323; NL00324 - NL00327; NL00344 - NL00345;
NL00399 - NL00399; NL00845 - NL00845; NL00846 - NL00848; NL00849' - NL00849;
NL00850 - NL00852; NL00853 - NL00854; NL00856 - NL00856; NL00878 - NL00880;
NL00881 - NL00882; NL00884 - NL00885; NL00960 - NL00963.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 31

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, the documents identified in Request No. 31.

**REQUEST FOR ADMISSION NO. 32:**  During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 41(a):**[1]  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "cwpn@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "cwpn@aol.com"

---

[1]    Allstate's numbering of the Requests inexplicably jumps from 32 to 41, and 41 is repeated twice.  Plaintiff has maintained that numbering system, except to number the last two Requests 41(a) and 41(b).

email address onto one of Plaintiff's Electronic Storage Devices during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the downloading of "Release-related" emails sent to or from the

"cwpn@aol.com" email address beyond the period for which the parties have currently agreed to

collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-

mails onto a computer or data storage device that Plaintiff possessed or controlled during the

"Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the

entirety of the "Relevant Time Period."

   Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, because

Plaintiff does not know whether Plaintiff sent or received any "Release-related" email

communications at cwpn@aol.com, Plaintiff does not know whether there were any "Release-

related" email communications to download to an Electronic Storage Device.


**REQUEST FOR ADMISSION NO. 41(b):**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "NLittl4747@aol.com" email address
onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"NLittl4747@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during

any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "NLittl4747@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 41(b) as drafted.  By way of explanation, Plaintiff did download one or more emails sent to or from the NLittl4747@aol.com email address onto one of Plaintiff's Electronic Storage Devices during the Relevant Time Period.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac vice*)    Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)    John V. Gorman (ID No. 80631)
        DC Bar No. 421274                       Brian M. Ercole (ID No. 91591)
SPRENGER + Lang, PLLC                           MORGAN, LEWIS & BOCKIUS LLP
1400 Eye Street, N.W., Suite 500                1701 Market Street
Washington, D.C.  20005                         Philadelphia, PA  19103
Telephone:  (202) 265-8010                      Telephone: (215) 963-5000
Facsimile:  (202) 332-6652                      Facsimile:  (215) 963-5001


Craig Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                     Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Craig Crease's

Amended Responses to Allstate's First Set of Requests for Admission was served on October 31,

2011 via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    s/ Michael J. Wilson
                                    Michael J. Wilson

# EXHIBIT 20R

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF REBECCA MASLOWSKI'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Rebecca

Maslowski's ("Plaintiff"), by and through her attorneys, hereby provides the following responses

to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in her deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**     **RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

4

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that she created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in her possession, custody, or control since January 1, 1990; or (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that she created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in her possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.        .

　　　　Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to March 10, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that she used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to March 10, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to March 10, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms.
Maslowski's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is not limited to the drives

or other components of the "personal computer" that contained relevant ESI.  Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had

the obligation to make a "Forensic Copy" (or electronic copy) of her "personal computer" and

that Plaintiff had to do so prior to March 10, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:** Prior to March 10, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to March 10, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as

drafted.


**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that she used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms.
Maslowski's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is not limited to the drives

or other components of the "personal computer" that contained relevant ESI.  Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had

the obligation to make a "Forensic Copy" (or electronic copy) of her "personal computer" and

that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.


**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

        Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms.
Maslowski's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is not limited to the drives

or other components of the "personal computer" that contained relevant ESI.  Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had

11

the obligation to make a "Forensic Copy" (or electronic copy) of her "personal computer" and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections and after reasonable investigation, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 12. By way of explanation, Plaintiff does not recall whether, prior to July 29, 2009, Plaintiff had conducted electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-related" ESI from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 13:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

12

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms. Maslowski's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is not limited to the drives or other components of the "personal computer" that contained relevant ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of her "personal computer" and that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections and after reasonable investigation, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 15. By way of explanation, Plaintiff does not recall whether, prior to January 1, 2010, Plaintiff had conducted electronic searches against the ESI in Plaintiff's possession, custody or control for "Release-related" ESI from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 16:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that she sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that she sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications she sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that she sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

16

corresponding metadata, all "Release-related" email communications that she may have sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of her recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that she may have sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that she may have sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that she may have sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications from "foragents.com"; (d)

that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain;

and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of

explanation, to the best of her recollection Plaintiff did not have any "Release-related" email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that: (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that she may have posted to the "Yahoo! ALL" message

board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably

anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as

drafted. By way of explanation, to the best of her recollection, Plaintiff did not post "Release-

related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that she may have posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that she may have posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff may have posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of her recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

19

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from the "Bmaslowski@blazenet.net" email address or received Release-related email communications at the "Bmaslowski@blazenet.net" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

Bmaslowski@blazenet.net email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

she sent from or received at Bmaslowski@blazenet.net; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

        Without waiving and subject to these objections, Plaintiff admits Request No. 22.


**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "Bmaslowski@blazenet.net" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that she sent from or received

at Bmaslowski@blazenet.net over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

20

irrelevant whether Plaintiffs retained all email communications that she sent from or received at Bmaslowski@blazenet.net over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff received at or sent from Bmaslowski@blazenet.net throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; and (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at Bmaslowski@blazenet.net.

Without waiving and subject to these objections, Plaintiff admits Request No. 23.


**REQUEST FOR ADMISSION NO. 24:**  The   email   account   associated   with   the "Bmaslowski@blazenet.net" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the Bmaslowski@blazenet.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

21

unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the Bmaslowski@blazenet.net email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24. By way of explanation, Plaintiff does not know whether the email account associated with the Bmaslowski@blazenet.net email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 25:** During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "Bmaslowski@blazenet.net" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the Bmaslowski@blazenet.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the Bmaslowski@blazenet.net email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for Bmaslowski@blazenet.net.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the Bmaslowski@blazenet.net email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the Bmaslowski@blazenet.net e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the "Bmaslowski@blazenet.net" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the Bmaslowski@blazenet.net email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the

23

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the Bmaslowski@blazenet.net email address during the

Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

Bmaslowski@blazenet.net increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

Bmaslowski@blazenet.net during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "Bmaslowski@blazenet.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

Bmaslowski@blazenet.net email address had an email or size capacity limit during any portion

of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

24

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

Bmaslowski@blazenet.net increase or remove the "email or size capacity limit"; and (b) relevant

documents from the Bmaslowski@blazenet.net have not been retained due to a failure to

increase or remove an "email or size capacity limit" for Bmaslowski@blazenet.net.

Without waiving and subject to these objections, Plaintiff admits only that she did not

request that the email host for Bmaslowski@blazenet.net increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in Request No. 27, including whether there

was an "email or size capacity limit" for Bmaslowski@blazenet.net during the "Relevant Time

Period."

**REQUEST FOR ADMISSION NO. 28:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: AW00330 - AW00331; CM05150 - CM05150; CM05164 - CM05164; CM05482 - CM05482; PC11722 - PC11723; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681; RSW04448 - RSW04449.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 28. By way of further answer, it is denied that none of the documents identified in Request No. 28 has been retained and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 29:** During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request. By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 30:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "Bmaslowski@blazenet.net" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the

26

Bmaslowski@blazenet.net email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the Bmaslowski@blazenet.net email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 30 as drafted.

Dated: October 31, 2011                     Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                            Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                               K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                           Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                       MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                       1701 Market Street
                                                 Philadelphia, PA  19103
                                                 Telephone: (215) 963-5000
                                                 Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                   AARP Foundation Litigation
Washington, D.C.  20004                          601 E Street, N.W.
Telephone: (202) 739-3000                        Washington, D.C.  20049
Facsimile:  (202) 739-3001                       Telephone:  (202) 434-2060
                                                 Facsimile:  (202) 824-0955

*Counsel for Plaintiffs and the Class*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Rebecca

Maslowski's Responses to Allstate's Second Set of Requests for Admission was served on

October 31, 2011 via e-mail on all counsel of record, with a copy by regular mail to the

following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                 /s/ Michael J. Wilson
                                         Michael J. Wilson

28

# EXHIBIT 20S

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENE R. ROMERO**, *ET AL.* ) | |
| ) | |
| **Plaintiffs**, ) | **Civil Action No. 01-CV-3894 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY**, *ET AL.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **GENE R. ROMERO, ET AL.** ) | |
| ) | |
| **Plaintiffs**, ) | **Civil Action No. 01-CV-6764 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE CORPORATION**, *ET AL.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### RESPONSES OF PLAINTIFF CRAIG MILLISON
### TO ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Craig Millison ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

## A.    GENERAL OBJECTIONS

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any Request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiff hereby asserts that doctrine or privilege and objects on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

16.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the

discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

17.     Plaintiff objects to these Requests to the extent they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     Because Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  Because Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request to the extent it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided Electronic Storage Device or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE**: Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.     .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:** Prior to February 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE**: Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 10, 2001.

　　Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:** Prior to February 10, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Millison's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of his "personal computer" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to February 10, 2001.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to February 10, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.

**REQUEST FOR ADMISSION NO. 6:** Prior to February 10, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related ESI" when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to February 10, 2001 or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 6.  By way of

explanation, Plaintiff believes that prior to February 10, 2001, he conducted electronic searches

of his ESI for "Release-related" documents from the "Relevant Time Period," but, due to the

passage of time, Plaintiff cannot presently confirm that he did so.


**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not make a Forensic

Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used

during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Millison's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE**: Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to August 1, 2001. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI during any particular time period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 9.  By way of explanation, Plaintiff believes that prior to August 1, 2001, he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period," but, due to the passage of time, Plaintiff cannot presently confirm that he did so.

11

**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Millison's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to July 29, 2009.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12. By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 13:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

14

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.


**REQUEST FOR ADMISSION NO. 14:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Millison's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to January 1, 2010. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

15

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for

Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

key word searches, against the ESI (in native format, with all corresponding metadata) in Your

possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI

that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By

way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI

for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to

the "Runningclock@aol.com" email address or received Release-related email communications

from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.


**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" e-mail communications from Runningclock@aol.com; and/or (d) "Release-related" e-mail communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the foragents.com

email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related"

email communications from/to a "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all

corresponding metadata, all Release-related email communications You sent to or received from

a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not retain all "Release-related" email communications that he sent to or received from

"foragents.com" when Plaintiff was not under an obligation to do so during the entire period in

which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not

retain all email communications that he sent to or received from "foragents.com" over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

     Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE**: Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

     Without waiving and subject to these objections, Plaintiff denies Request No. 20 as drafted. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" e-mail communications that he posted on the "Yahoo!ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff posted to the "Yahoo!ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo!ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" email communications on the "Yahoo!ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from the "millison@aol.com" email address or received Release-related email communications at the "millison@aol.com" email address during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the millison@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at millison@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22 as drafted.

**REQUEST FOR ADMISSION NO. 23:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "millison@aol.com" email address during the Relevant Time Period.

**RESPONSE**: Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at millison@aol.com over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at millison@aol.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:   (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent to millison@aol.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; and (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at millison@aol.com.

Without waiving and subject to these objections, Plaintiff admits Request No. 23 as drafted.

**REQUEST FOR ADMISSION NO. 24:** The email account associated with the "millison@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the millison@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the millison@aol.com email address during the Relevant Time Period; and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24. By way of explanation, Plaintiff does not know whether the email account associated with the millison@aol.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "millison@aol.com" email address.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the millison@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the millison@aol.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for  millison@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the millison@aol.com email address.  By way of further answer, after reasonably inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account

25

associated with the millison@aol.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:** The email account associated with the "millison@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the millison@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the millison@aol.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for millison@aol.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

　　　　Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

millison@aol.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request

that the email host increase or remove the email or size capacity limit of the email account

associated with the "millison@aol.com" email address.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

millison@aol.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for  millison@aol.com

increase or remove the "email or size capacity limit"; and (b) relevant documents from the

millison@aol.com have not been retained due to a failure to increase or remove an "email or size

capacity limit" for millison@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for millison@aol.com increase or remove any "email or size capacity

limit" for that account.  By way of further answer, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the remaining matter in Request No. 24,

including whether there was an "email or size capacity limit" for  millison@aol.com during the

"Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:** You have not preserved in native format with all

corresponding metadata the following documents produced to Allstate as scanned images:

CM05110 - CM05112; CM05150 - CM05150; CM05164 - CM05164; CM05179 - CM05180;

CM05181 - CM05181; CM05286 - CM05286; CM05368 - CM05368; CM05377 - CM05377;

CM05482 - CM05482.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have

retained documents in native format, with all corresponding metadata, documents that resided on

Allstate's network or e-mail systems or on computers over which Allstate has assumed

possession, custody, and control.  Plaintiff further objects to this Request because it calls for the

ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28.  Plaintiff denies the remaining matter in this Request.

**REQUEST FOR ADMISSION NO. 29:** During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

      Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 30**: During the Relevant Time Period, you did not download any Release-related emails sent to or from the "millison@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE**:  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the millison@aol.com email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the millison@aol.com email address beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally

"Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or

controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve

documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny Request No. 30.  By way of explanation,

due to the passage of time, Plaintiff does not presently recall whether he downloaded any email

communications from the millison@aol.com email address onto one of Plaintiff's "Electronic

Storage Devices" during the "Relevant Time Period."


Dated: October 31, 2011                          Respectfully Submitted,


s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)           Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)      John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                            Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                               K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                           Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                       MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                       1701 Market Street
                                                 Philadelphia, PA  19103
                                                 Telephone: (215) 963-5000
                                                 Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)                Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                      Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                   AARP Foundation Litigation
Washington, D.C.  20004                          601 E Street, N.W.
Telephone: (202) 739-3000                        Washington, D.C.  20049
Facsimile:  (202) 739-3001                       Telephone:  (202) 434-2060
                                                 Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Michael Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                     s/ Michael J. Wilson
                                        Michael J. Wilson

# EXHIBIT 20T

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO, *ET AL.*** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY, *ET AL.*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION, *ET AL.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF JAMES MOOREHEAD'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff James Moorehead ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.     GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.     Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.    Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.    Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.    Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.    Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.    Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.    Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.    Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.    Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12. Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13. Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law. To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14. Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents. The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action. The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15. Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

3

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.     RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

5

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present. Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period." Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.    .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:** Prior to January 30, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 30, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:** Prior to January 30, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to January 19, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

8

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as

drafted.


**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to July 29, 2009 or that Plaintiff had the obligation to preserve all "Release-related" ESI

that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.


**REQUEST FOR ADMISSION NO. 10:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as

drafted.


**REQUEST FOR ADMISSION NO. 13:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

13

metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.


**REQUEST FOR ADMISSION NO. 14:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he may have sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

14

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 15:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he may have sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he may have sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he may have sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 16:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he may have posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 16 as drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he may have posted on the "Yahoo! ALL"

message board over a twenty-one year period—the so-called "Relevant Time Period"—when

Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiff did not retain all ESI that he may have posted on the "Yahoo! ALL" message

board over a twenty-one year period concerning legal theories that are encompassed within

Allstate's current definition of "Release-related" but that were not in existence throughout the

"Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" communications that Plaintiff may have posted to

the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the

entire period in which that message board existed; (b) that Plaintiff had an obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c)

that Plaintiff was the only person who could have retained "Release-related" communications

that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-

related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related"

communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo!

ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications from
the  "marymoorehead@hotmail.com"  email  address  or  received  Release-related  email
communications at the "marymoorehead@hotmail.com" email address during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

marymoorehead@hotmail.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent from or received at marymoorehead@hotmail.com; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

    Without waiving and subject to these objections, Plaintiff admits Request No. 18.


**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"marymoorehead@hotmail.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at marymoorehead@hotmail.com over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that he sent from or received at

marymoorehead@hotmail.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

18

because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications that Plaintiff received at or sent from marymoorehead@hotmail.com throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; and (c) Plaintiff was the

only person who could have retained "Release-related" communications that were sent from or

received at marymoorehead@hotmail.com.

      Without waiving and subject to these objections, Plaintiff admits Request No. 19.


**REQUEST FOR ADMISSION NO. 20:** The email account associated with the
"marymoorehead@hotmail.com" email address had or utilized a "janitorial" or "auto-delete"
function or program that caused the deletion of email messages, including documents attached
thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

the email account associated with the marymoorehead@hotmail.com email address had or

utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant

Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it

seeks information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the marymoorehead@hotmail.com email address during the Relevant Time Period;

and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable

any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 20.  By way of

explanation, Plaintiff does not know whether the email account associated with the

marymoorehead@hotmail.com email address actually had a "janitorial" or "auto-delete" function

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 21:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"marymoorehead@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the

marymoorehead@hotmail.com email address had or utilized a "janitorial" or "auto-delete"

function or program during any portion of the Relevant Time Period in which Plaintiff was not

under an obligation to preserve documents; and (b) it seeks information about the email account

beyond the period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications sent from or received at the

marymoorehead@hotmail.com email address during the Relevant Time Period; (b) Plaintiff was

obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably

anticipated litigation; and (c) relevant documents were lost by not disabling an alleged

"janitorial" or "auto-delete" function for marymoorehead@hotmail.com.

   Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the

marymoorehead@hotmail.com email address.  By way of further answer, Plaintiff lacks

sufficient knowledge or information to admit or deny the remaining matter in this Request,

including whether the email account associated with the marymoorehead@hotmail.com e-mail

address had a "janitorial" or "auto-delete" function or program during the "Relevant Time

Period."

**REQUEST FOR ADMISSION NO. 22:** The email account associated with the "marymoorehead@hotmail.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

marymoorehead@hotmail.com email address had an email or size capacity limit during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the marymoorehead@hotmail.com email address

during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

marymoorehead@hotmail.com increase or remove the "email or size capacity limit," prior to

when Plaintiff reasonably anticipated litigation.

　　　　Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

marymoorehead@hotmail.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 23:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "marymoorehead@hotmail.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

marymoorehead@hotmail.com email address had an email or size capacity limit during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

marymoorehead@hotmail.com increase or remove the "email or size capacity limit"; and (b)

relevant documents from the marymoorehead@hotmail.com have not been retained due to a

failure to increase or remove an "email or size capacity limit" for

marymoorehead@hotmail.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for marymoorehead@hotmail.com increase or remove any "email or

size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient

knowledge or information to admit or deny the remaining matter in Request No. 23, including

whether there was an "email or size capacity limit" for marymoorehead@hotmail.com during the

"Relevant Time Period."


**REQUEST FOR ADMISSION NO. 24:** You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
PC11722 - PC11723; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607;
CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681;
RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 24

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 24. By way of further answer, it is denied that none of the documents identified

23

in Request No. 24 has been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 25:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "marymoorehead@hotmail.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download." Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

marymoorehead@hotmail.com email address onto one of Plaintiff's "Electronic Storage

Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an

obligation to preserve documents, and (b) it seeks information about the downloading of

"Release-related" emails sent to or from the marymoorehead@hotmail.com email address

beyond the period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data

storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b)

Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time

Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 25. By

way of explanation, during the "Relevant Time Period," Plaintiff has downloaded at least one e-

mail related to the Release that was sent to or from the "marymoorehead@hotmail.com" email

address onto one of Plaintiff's "Electronic Storage Devices."

Dated: October 31, 2011                      Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)       Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                           K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                       Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                   MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                   1701 Market Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 963-5000
                                             Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)            Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                  Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.               AARP Foundation Litigation
Washington, D.C.  20004                      601 E Street, N.W.
Telephone: (202) 739-3000                    Washington, D.C.  20049
Facsimile:  (202) 739-3001                   Telephone:  (202) 434-2060
                                             Facsimile:  (202) 824-0955

*Counsel for Plaintiffs and the Class*

25

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff James Moorehead's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                                    Michael J. Wilson

# EXHIBIT 20U

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **GENE R. ROMERO**, *et al.*, | ) |
|  | ) |
| **Plaintiffs,** | )     **Civil Action No. 01-CV-3894 (RLB)** |
|  | ) |
| **v.** | ) |
|  | ) |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |
|  | ) |
| **GENE R. ROMERO**, *et al.*, | ) |
|  | ) |
| **Plaintiffs.** | ) |
|  | )     **Civil Action No. 01-CV-6764 (RLB)** |
| **v.** | ) |
|  | ) |
| **ALLSTATE CORPORATION, et al.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

**PLAINTIFF CHRISTOPHER PERKINS' RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Christopher Perkins

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

      Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**    **RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**    You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**    You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**    You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**    Prior to February 28, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 28, 2001.

> Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:**    Prior to February 28, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computers" (as

referenced in Mr. Perkins' response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "personal computers" that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of those computers prior to February 28, 2001. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his computers and that Plaintiff had to do so prior to February 28, 2001.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny this Request. By way of explanation, Plaintiff replaced his "personal computers" when necessary. Each time he replaced a computer, Plaintiff made an electronic copy of the files from the old computer, including the files concerning Allstate, and transferred those files to the new computer. Plaintiff does not know whether the first such copy and transfer of information occurred prior to February 28, 2001.

**REQUEST FOR ADMISSION NO. 6:**    Prior to February 28, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to search for "Release-related" ESI prior to

February 28, 2001 and that Plaintiff had the obligation to preserve all "Release-related" ESI that

Plaintiff received from January 1, 1990 through the present.

   Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**     Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "personal computers" (as
referenced in Mr. Perkins' response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computers" that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of those computers

prior to August 1, 2001.  Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or

electronic copy) of his computers and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to

admit or deny this Request.  By way of explanation, Plaintiff replaced his "personal computers"

when necessary.  Each time he replaced a computer, Plaintiff made an electronic copy of the files

from the old computer, including the files concerning Allstate, and transferred those files to the

new computer.  Plaintiff does not know whether the first such copy and transfer of information

occurred prior to February 28, 2001.

**REQUEST FOR ADMISSION NO. 9:**    Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 or that Plaintiff had the obligation to preserve all "Release-related" ESI

that Plaintiff received from January 1, 1990 through the present.

     Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 10:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.


**REQUEST FOR ADMISSION NO. 11:**    Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computers" (as referenced in Mr. Perkins' response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "personal computers" that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of those computers prior to July 29, 2009.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his computers and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff denies Request No. 11.  By way of explanation, Plaintiff replaced his "personal computers" when necessary.  Each time he replaced a computer, Plaintiff made an electronic copy of the files from the old computer,

including the files concerning Allstate, and transferred those files to the new computer.  The first

such transfer had occurred prior to July 29, 2009.


**REQUEST FOR ADMISSION NO. 12:**    Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI during any particular time

period.  Plaintiff further objects to this Request because that it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to

July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-related" ESI that

Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 12.  By way of explanation, Plaintiff does

not remember when he may have conducted such searches and is unaware of any means to

reconstruct the dates of such searches.


**REQUEST FOR ADMISSION NO. 13:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

        Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:**    Prior to January 1, 2010, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "personal computers" (as
referenced in Mr. Perkins' response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computers" that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of those computers

prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his computers and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff denies Request No. 14.  By way of explanation, Plaintiff replaced his "personal computers" when necessary.  Each time he replaced a computer, Plaintiff made an electronic copy of the files from the old computer, including the files concerning Allstate, and transferred those files to the new computer.  The first such transfer had occurred prior to January 1, 2010.

**REQUEST FOR ADMISSION NO. 15:**   Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information to admit or deny Request No. 15.  By way of explanation, Plaintiff does

15

not remember when he may have conducted such searches and is unaware of any means to

reconstruct the dates of such searches.


**REQUEST FOR ADMISSION NO. 16:**    You sent Release-related email communications to
the Runningclock@aol.com email address or received Release-related email communications
from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

        Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.


**REQUEST FOR ADMISSION NO. 17:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:**    You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about

17

"Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny this Request.  Plaintiff believes that he may have sent one or more communications to foragents.com or to Yahoo! ALL, but not to both of them.  Plaintiff does not recall the site to which he may have sent one or more communications.


**REQUEST FOR ADMISSION NO. 19:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related"

communications to or from "foragents.com" to retain; and/or (e) "Release-related"

communications from "foragents.com" have not been retained.

　　　　Without waiving and subject to these objections, Plaintiff admits that, if he did send

email communications to foragents.com, he did not retain all such communications.  As

explained in response to Request No. 18, Plaintiff does not know whether he sent email

communications to foragents.com.


**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff lacks sufficient information to admit or deny this Request.  Plaintiff believes that he may have sent one or more communications to foragents.com or to Yahoo! ALL, but not to both of them.  Plaintiff does not recall the site to which he may have sent one or more communications.

**REQUEST FOR ADMISSION NO. 21:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff admits that, if he did send email communications to Yahoo! ALL, he did not retain all such communications. As explained in response to Request No. 20, Plaintiff does not know whether he sent email communications to Yahoo! ALL.

**REQUEST FOR ADMISSION NO. 22:**    You sent Release-related email communications from the "clperkins1@yahoo.com" email address or received Release-related email communications at the "clperkins1@yahoo.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the clperkins1@yahoo.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at clperkins1@yahoo.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22.

**REQUEST FOR ADMISSION NO. 23:**    You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "clperkins1@yahoo.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "clperkins1@yahoo.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at clperkins1@yahoo.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from clperkins1@yahoo.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at clperkins1@yahoo.com; and/or (d) "Release-related" email communications on clperkins1@yahoo.com were not retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 23 as drafted.

**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the "clperkins1@yahoo.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the clperkins1@yahoo.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the clperkins1@yaho.com email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of explanation, Plaintiff does not know whether the email account associated with the clperkins1@yahoo.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "clperkins1@yahoo.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the clperkins1@yahoo.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the clperkins1@yahoo.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for clperkins1@yahoo.com.

      Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the clperkins1@yahoo.com email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account

associated with the clperkins1@yahoo.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the "clperkins1@yahoo" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the clperkins1@yahoo.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the clperkins1@yahoo.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for clperkins1@yahoo.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, Plaintiff admits Request No. 26 as drafted.

**REQUEST FOR ADMISSION NO. 27:**     During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "clperkins1@yahoo.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

clperkins1@yahoo.com email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

clperkins1@yahoo.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the clperkins1@yahoo.com have not been retained due to a failure to increase or

remove an "email or size capacity limit" for clperkins1@yahoo.com.

Without waiving and subject to these objections, Plaintiff admits Request No. 27 as

drafted.


**REQUEST FOR ADMISSION NO. 28:**     You sent Release-related email communications from the "clperkins@excite.com" email address or received Release-related email communications at the "clperkins@excite.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

26

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were sent to or received at the

clperkins@excite.com email address beyond the time period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications that he sent

from or received at clperkins@excite.com; and (b) Plaintiff had the obligation to retain, prior to

the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 28.


**REQUEST FOR ADMISSION NO. 29:**    You have not retained, in native format with all
corresponding metadata, all Release-related email communications sent from or received at the
"clperkins@excite.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "clperkins@excite.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiffs retained all email communications that he sent from or received at

clperkins@excite.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from clperkins@excite.com throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" communications that were sent from or received at

clperkins@excite.com; and/or (d) "Release-related" email communications on

clperkins@excite.com were not retained.

       Without waiving and subject to these objections, Plaintiff admits Request No. 29 as

drafted.


**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the
"clperkins@excite.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the clperkins@excite.com email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all Release-related email communications sent from or

received at the clperkins@excite.com email address during the Relevant Time Period; and (b)

prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 30.  By way of explanation, Plaintiff does not know whether the email account associated with the clperkins@excite.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 31:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "clperkins@excite.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the clperkins@excite.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the clperkins@excite.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for clperkins@excite.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the clperkins@excite.com email address. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the clperkins@excite.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 32:** The email account associated with the "clperkins@excite.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the clperkins@excite.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent

30

from or received at the clperkins@excite.com email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for clperkins@excite.com increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

       Without waiving and subject to these objections, Plaintiff admits Request No. 32 as

drafted.


**REQUEST FOR ADMISSION NO. 33:**    During the Relevant Time Period, you did not
request that the email host increase or remove the email or size capacity limit of the email
account associated with the "clperkins@excite.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

clperkins@excite.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

clperkins@excite.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the clperkins@excite.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for clperkins@excite.com.

Without waiving and subject to these objections, Plaintiff admits Request No. 33 as drafted.

**REQUEST FOR ADMISSION NO. 34:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PC11722 - PC11723; TK10904 – TK10905; TK12771 – TK12771; CP01607 – CP01607; CP01624 – CP01624; CP01675 – CP01675; CP01676 – CP01676; CP01681 – CP01681; RSW04448 – RSW04449.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 37 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or e-mail systems or on computers over which Allstate has assumed possession, custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, the documents identified in Request No. 34.  By way of further answer, Plaintiff asserts that each of the documents identified in Request No. 34 has been retained by one or more of the Plaintiffs and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 35(a):**[1]  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "clperkins@excite.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "clperkins@excite.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "clperkins@excite.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff lacks sufficient information to either admit or deny Request No. 35(a).  By way of explanation, although Plaintiff believes that during the "Relevant Time Period" Plaintiff downloaded onto one of Plaintiff's Electronic Storage Devices at least one e-mail related to the Release that was sent to or from the "clperkins@excite.com" email address, Plaintiff does not know whether he did so.

---

[1]  The Requests contain two Requests for Admission No. 35.  Plaintiff refers to the first as Request 35(a) and 35(b).

**REQUEST FOR ADMISSION NO. 35(b):**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "clperkins1@yahoo.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"clperkins1@yahoo.com" email address onto one of Plaintiff's Electronic Storage Devices

during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the "clperkins1@yahoo.com" email address beyond the period for which

the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was

obligated to save locally "Release-related" e-mails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff lacks sufficient information to

either admit or deny Request No. 35(b).  By way of explanation, although Plaintiff believes that

during the "Relevant Time Period" Plaintiff downloaded onto one of Plaintiff's Electronic

Storage Devices at least one e-mail related to the Release that was sent to or from the

"clperkins1@yahoo.com" email address, Plaintiff does not know whether he did so.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                         Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                            K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                        Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                    MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                    1701 Market Street
                                              Philadelphia, PA  19103
                                              Telephone: (215) 963-5000
                                              Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                   Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                AARP Foundation Litigation
Washington, D.C.  20004                       601 E Street, N.W.
Telephone: (202) 739-3000                     Washington, D.C.  20049
Facsimile:  (202) 739-3001                    Telephone:  (202) 434-2060
                                              Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Christopher

Perkins' Responses to Allstate's Second Set of Requests for Admission was served on October

31, 2011 via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA 19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

Dated: October 31, 2011                           /s/ Michael J. Wilson
                                                  Michael J. Wilson

# EXHIBIT 20V

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## RESPONSES OF PLAINTIFF RICHARD PETERSON TO ALLSTATE'S
## SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Richard Peterson ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

## A.   GENERAL OBJECTIONS

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.      Plaintiff objects to each Request to the extent it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.       Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.       Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.       Plaintiff objects to each Requests to the extent it is vague and ambiguous.

5.       Plaintiff objects to each Request to the extent it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.       Plaintiff objects to each Request to the extent it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.       Plaintiff objects to each Request to the extent it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.       Plaintiff objects to each Request to the extent it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.       Plaintiff objects to each Request to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law. To the extent that any Request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiff hereby asserts that doctrine or privilege and objects on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents. The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action. The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any Release-related documents.

16.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the

discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

17.     Plaintiff objects to these Requests to the extent they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     Because Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  Because Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.**     **RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**:  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided

"Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.       .

6

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.


**REQUEST FOR ADMISSION NO. 4:** Prior to January 30, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 30, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:** Prior to January 30, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Peterson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of his "personal computer" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to January 30, 2001.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to January 30, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.

**REQUEST FOR ADMISSION NO. 6:** Prior to January 30, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related ESI" when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to January 30, 2001 or that Plaintiff had the obligation to preserve all "Release-related" ESI

that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 6.  By way of

explanation, due to the passage of time, Plaintiff does not presently recall whether prior to

January 30, 2001, he conducted electronic searches of his ESI for "Release-related" documents

from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 7:** Prior to August 1, 2001, You did not make a Forensic

Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used

during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Peterson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to August 1, 2001.   Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

Forensic Copy (or electronic copy) of his "personal computer" and that Plaintiff had to do so

prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.

**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not search for

Release-related ESI from the Relevant Time Period by conducting electronic searches, such as

key word searches, against the ESI (in native format, with all corresponding metadata) in Your

possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI during any particular time

period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate

inference that Plaintiff had the obligation to search for "Release-related" ESI prior to August 1,

2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff

received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 9.  By way of

explanation, due to the passage of time, Plaintiff does not presently recall whether prior to

August 1, 2001, he conducted electronic searches of his ESI for "Release-related" documents

from the "Relevant Time Period."

11

**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Peterson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to July 29, 2009. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:** Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12.   By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 13:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

14

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.


**REQUEST FOR ADMISSION NO. 14:**   Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Peterson's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the his "personal computer" that contained "Release-related" ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "personal computer" prior to January 1, 2010.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 16:** You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the

16

Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.


**REQUEST FOR ADMISSION NO. 17:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" email communications that he sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" e-mail communications from Runningclock@aol.com;

and/or (d) "Release-related" e-mail communications from Runningclock@aol.com have not been

retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as

drafted.


**REQUEST FOR ADMISSION NO. 18:** You sent Release-related email communications to a

"foragents.com" email address or email list, or received Release-related email communications

from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further

objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence, because it seeks information about "Release-related" e-

mail communications that were sent to or received from a "foragents.com" email address or list

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications that he sent or received from the foragents.com

18

email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

       Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related"

email communications from/to a "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 19:** You have not retained, in native format with all

corresponding metadata, all Release-related email communications You sent to or received from

a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not retain all "Release-related" email communications that he sent to or received from

"foragents.com" when Plaintiff was not under an obligation to do so during the entire period in

which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not

retain all email communications that he sent to or received from "foragents.com" over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related"

communications to or from "foragents.com" to retain; and/or (e) "Release-related"

communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection, Plaintiff did not have any "Release-related" email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.


**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the

"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" e-mail communications that were posted to the "Yahoo! ALL" message board

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all "Release-related" email communications that he posted to the "Yahoo! ALL" message board;

and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably

anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as

drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-

related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" e-mail communications that he posted on the "Yahoo!ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff posted to the "Yahoo!ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo!ALL" message board; (d) that Plaintiff had any "Release-

related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" email communications on the "Yahoo!ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:** You sent Release-related email communications from the "usc3146@mindspring.com" email address or received Release-related email communications at the "usc3146@mindspring.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the usc3146@mindspring.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at usc3146@mindspring.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 23:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "usc3146@mindspring.com" email address during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a)  it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at usc3146@mindspring.com over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at usc3146@mindspring.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:   (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent to usc3146@mindspring.com throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; and (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at usc3146@mindspring.com.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 24:** The email account associated with the "usc3146@mindspring.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the usc3146@mindspring.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the usc3146@mindspring.com email address during the Relevant Time Period; and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of explanation, Plaintiff does not know whether the email account associated with the usc3146@mindspring.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:** During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "usc3146@mindspring.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the usc3146@mindspring.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the usc3146@mindspring.com email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for usc3146@mindspring.com .

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the  usc3146@mindspring.com email address.  By way of further answer, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email

account associated with the usc3146@mindspring.com e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:** The email account associated with the "usc3146@mindspring.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the address usc3146@mindspring.com had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the usc3146@mindspring.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for usc3146@mindspring.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

usc3146@mindspring.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:** During the Relevant Time Period, you did not request

that the email host increase or remove the email or size capacity limit of the email account

associated with the "usc3146@mindspring.com" email address.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

usc3146@mindspring.com email address had an email or size capacity limit during any portion

of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

usc3146@mindspring.com increase or remove the "email or size capacity limit"; and (b) relevant

documents from the usc3146@mindspring.com have not been retained due to a failure to

increase or remove an "email or size capacity limit" for usc3146@mindspring.com.

    Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for usc3146@mindspring.com increase or remove any "email or size

capacity limit" for that account. By way of further answer, after reasonable inquiry, Plaintiff

lacks sufficient knowledge or information to admit or deny the remaining matter in Request No.

27, including whether there was an "email or size capacity limit" for usc3146@mindspring.com

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 28:** You have not preserved in native format with all

corresponding metadata the following documents produced to Allstate as scanned images:

PC11722 - PC11723; RP01339 - RP01339; TK10904 - TK10905; TK12771 - TK12771;

CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681

- CP01681; RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have

retained documents in native format, with all corresponding metadata, documents that resided on

Allstate's network or e-mail systems or on computers over which Allstate has assumed

possession, custody, and control. Plaintiff further objects to this Request because it calls for the

ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28. By way of further answer, it is denied that none of the documents identified

in Request No. 28 has not been retained and/or produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 29:** During the period between July 1, 2000, and the date on which your R3001 Contract terminated, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.


**REQUEST FOR ADMISSION NO. 30**: During the Relevant Time Period, you did not download any Release-related emails sent to or from the "usc3146@mindspring.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the usc3146@mindspring.com email address onto one of Plaintiff's "Electronic Storage Device"s during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the usc3146@mindspring.com email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient information and knowledge to admit or deny Request No. 30.  By way of explanation, due to the passage of time, Plaintiff does not recall whether he downloaded any email communications from the  usc3146@mindspring.com email address onto one of Plaintiff's "Electronic Storage Devices" during the "Relevant Time Period."

Dated: October 31, 2011                    Respectfully Submitted,


s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                          Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                             K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                         Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                     MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                     1701 Market Street
                                               Philadelphia, PA  19103
                                               Telephone: (215) 963-5000
                                               Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                    Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                 AARP Foundation Litigation
Washington, D.C.  20004                        601 E Street, N.W.
Telephone: (202) 739-3000                      Washington, D.C.  20049
Facsimile: (202) 739-3001                      Telephone:  (202) 434-2060
                                               Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Michael Kearney's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                                s/ Michael J. Wilson
                                                                Michael J. Wilson

# EXHIBIT 20W

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **GENE R. ROMERO, *ET AL.*** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY, *ET AL.*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION, *ET AL.*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

**PLAINTIFF PAULA REINERIO RESPONSES TO ALLSTATE'S**
**<u>SECOND SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Paula Reinerio ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    <u>GENERAL OBJECTIONS</u>**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

3

16.    Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any Release-related documents.

17.    Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.    In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.    To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.    Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.    RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

4

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all Release-related ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all Release-related

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

  Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to January 29, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

6

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 29, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to January 29, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to the drives or other components of the computer referred to in this Request that contained relevant ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of that computer and that Plaintiff had to do so prior to January 29, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.

**REQUEST FOR ADMISSION NO. 6:**  Prior to January 29, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of any of the "subsequent computers" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to January 29, 2001 or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as written.

**REQUEST FOR ADMISSION NO. 7:**  Prior to January 29, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted

8

electronic searches for Release-related ESI during any particular time period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to January 29, 2001, or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to the drives or other components of the referenced computer that contained relevant ESI.

Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her computer and/or that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as drafted.

**REQUEST FOR ADMISSION NO. 10:** Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of any of the "subsequent computers" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to the drives or other components of the computer referenced in the Request that contained relevant

ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI during any particular time period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that she used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as drafted.

**REQUEST FOR ADMISSION NO. 13:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to

the drives or other components of the referenced computer that contained relevant ESI.

Plaintiff further objects to this Request because it creates an unwarranted and inaccurate

inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her

computer and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of any of the "subsequent computers" (as
referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it is not limited to

the drives or other components of the "subsequent computers" that contained relevant ESI.

Plaintiff further objects to this Request because it creates an unwarranted and inaccurate

inference that Plaintiff had the obligation to make Forensic Copies (or electronic copies) of her

computers and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.


**REQUEST FOR ADMISSION NO. 15:**  Prior to July 29, 2009, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of her ESI for Release-related documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 16:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

14

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the referenced computer that contained relevant ESI. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of any of the "subsequent computers" (as referenced in Ms. Reinerio's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "subsequent computers" that contained relevant ESI.  Plaintiff

further objects to this Request because it creates an unwarranted and inaccurate inference that

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of her computers and/or

that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 18 as

drafted.

**REQUEST FOR ADMISSION NO. 19:**  Prior to January 1, 2010, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior

to January 1, 2010 or that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 19.   By

way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of her ESI

for Release-related documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 20:**  You sent Release-related email communications to
the "Runningclock@aol.com" email address or received Release-related email communications
from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications that

she sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-

related ESI.

       Without waiving and subject to these objections, Plaintiff admits Request No. 20 as

drafted.


**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all Release-related email communications that he sent to or received from

Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire

period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did

not retain all email communications he sent to or received from Runningclock@aol.com

concerning legal theories that are encompassed within Allstate's current definition of "Release-

17

related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related email communications that he sent or received from Runningclock@aol.com; (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained

Release-related email communications from Runningclock@aol.com; and/or (d) Release-related

email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 21.   By way of explanation, Plaintiff

believes that Plaintiff has retained all Release-related email communications received from the

Runningclock@aol.com email address and all Release-related email communications, if any, that

Plaintiff sent to that address.  However, Plaintiff is unable to determine, given the passage of

time, the volume of email communications from Runningclock@aol.com, and the lack of a

regular schedule for Runningclock@aol.com communications, whether Plaintiff has retained

"all" Release-related email communications that Plaintiff received from or sent to the

Runningclock@aol.com email address.

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further

objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence, because it seeks information about Release-related e-

mail communications that were sent to or received from a "foragents.com" email address or list

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all Release-related email communications that she sent or received from the foragents.com email

address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, to the best of her recollection, Plaintiff did not receive or send Release-

related email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
a "foragents.com" email address or email list during the Relevant Time Period

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not retain all Release-related email communications that he sent to or received from

"foragents.com" when Plaintiff was not under an obligation to do so during the entire period in

which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not

retain all email communications that he sent to or received from "foragents.com" over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding

19

metadata, all Release-related ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related communications from "foragents.com"; (d) that Plaintiff had any Release-related communications to or from "foragents.com" to retain; and/or (e) Release-related communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of her recollection Plaintiff did not have any Release-related email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 24:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that she posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

20

Without waiving and subject to these objections, Plaintiff denies Request No. 17 as drafted.  By way of explanation, to the best of her recollection, Plaintiff did not post Release-related communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 25:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  .  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) that Plaintiff was the only person who could have retained Release-related communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any Release-related postings to the

21

"Yahoo! ALL" message board to retain; and/or (e) that Release-related communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of her recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board to retain.

**REQUEST FOR ADMISSION NO. 26:**  You sent Release-related email communications from the "preinerio@g2a.net" email address or received Release-related email communications at the "preinerio@g2a.net" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were sent to or received at the preinerio@g2a.net email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received in the "preinerio@g2a.net" email address and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 26.

**REQUEST FOR ADMISSION NO. 27:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "preinerio@g2a.net" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent from or received at "preinerio@g2a.net" over a twenty-one year period—the so-called "Relevant Time Period"— when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at dlturk@home.com over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from preinerio@g2a.net throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related communications that were sent from or received at preinerio@g2a.net; and/or (d) Release-related email communications on preinerio@g2a.net were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether she retained, in native format with all corresponding metadata, all Release-related communications sent from or received at the preinerio@g2a.net email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 28:**  The email account associated with the "preinerio@g2a.net" email address had or utilized a "janitorial" or "auto-delete" function or

23

program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the preinerio@g2a.net email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all Release-related email communications sent from or

received at the preinerio@g2a.net email address during the Relevant Time Period; and (b) prior

to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 28.  By way of

explanation, Plaintiff does not know whether the email account associated with the

preinerio@g2a.net email address actually had a "janitorial" or "auto-delete" function during the

"Relevant Time Period."


**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "preinerio@g2a.net" email address.

<center>24</center>

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the arbwol@cox.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the preinerio@g2a.net email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for preinerio@g2a.net.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the preinerio@g2a.net email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the preinerio@g2a.net e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the "preinerio@g2a.net" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the preinerio@g2a.net email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the preinerio@g2a.net email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for preinerio@g2a.net increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for preinerio@g2a.net during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 31:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "preinerio@g2a.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the preinerio@g2a.net email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for preinerio@g2a.net increase or remove the "email or size capacity limit"; and (b) relevant documents from the preinerio@g2a.net have not been retained due to a failure to increase or remove an "email or size capacity limit" for preinerio@g2a.net.

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for preinerio@g2a.net increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 24, including whether there was an "email or size capacity limit" for preinerio@g2a.net during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 32:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PR00182 - PR00182; PR00184 - PR00184; PR00186 - PR00186; PR00643 - PR00643; PR00783 - PR00783; PR00785 - PR00785; PR00806 - PR00806; PR00815 - PR00815; PR00817 - PR00817; PR00903 - PR00903; PR00904 - PR00904; PR00943 - PR00943; PR00999 - PR00999; PRO1000 - PRO1000; PRO1011 - PRO1011; PRO1050 - PR01052; PR01202 - PR01202; PR02196 - PR02207; PR02238 - PR02247; PR02328 - PR02337; PR03277 -

PR03282; PR03283 - PR03283; PR04387 - PR04388; PR04389 - PR04390; PR04427 - PR04427.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 32 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have retained documents in native format, with all corresponding metadata, that reside on Allstate's network or e-mail systems or on computers over which Allstate has assumed possession, custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 32.  By way of further answer, it is denied that all of the documents identified in Request No. 32 have not been retained and produced in native format with all corresponding metadata.

**REQUEST FOR ADMISSION NO. 33:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "preinerio@g2a.net" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any Release-related emails sent to or from the

28

"preinerio@g2a.net" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of Release-related emails sent to or from the "preinerio@g2a.net" email address beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was obligated to save locally Release-related e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 27. By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded at least one e-mail related to the Release that was sent to or from the "preinerio@g2a.net" email address onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                          Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)      Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                           K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                       Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                   MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                   1701 Market Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 963-5000
                                             Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)           Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                  Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.              AARP Foundation Litigation
Washington, D.C.  20004                      601 E Street, N.W.
Telephone: (202) 739-3000                    Washington, D.C.  20049
Facsimile:  (202) 739-3001                   Telephone:  (202) 434-2060
                                             Facsimile:  (202) 824-0955

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Ralph Wolverton's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson_____ __

# EXHIBIT 20X

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENE R. ROMERO**, *et al.*, ) | |
| ) | |
| **Plaintiffs**, ) | **Civil Action No. 01-CV-3894 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **GENE R. ROMERO**, *et al.*, ) | |
| ) | |
| **Plaintiffs**, ) | **Civil Action No. 01-CV-6764 (RLB)** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLSTATE CORPORATION**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF GENE ROMERO'S RESPONSE TO
ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Gene Romero

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law. To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents. The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action. The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.     <u>RESPONSES TO REQUESTS FOR ADMISSION</u>

<u>REQUEST FOR ADMISSION NO. 1:</u>  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

<u>RESPONSE:</u>  Plaintiff incorporates by reference herein the foregoing General Objections.

4

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

5

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

email, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.     .

        Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to March 24, 2000, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to March 24, 2000.

> Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to March 24, 2000, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr.
Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" computer that contained relevant ESI;  and (b) it

is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to March 24, 2000.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to

March 24, 2000.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.

**REQUEST FOR ADMISSION NO. 6:**  Prior to March 24, 2000, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "custom personal computer" (as referenced
in Mr. Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "custom personal computer" that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "custom

personal computer" prior to March 24, 2000.  Plaintiff further objects to this Request because

that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "custom personal computer" and that Plaintiff had to

do so prior to March 24, 2000.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 7:**  Prior to March 24, 2000, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to March 24, 2000, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to March 24, 2000, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 8:**  Prior to February 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

9

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**  Prior to February 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr.
Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" computer that contained relevant ESI;  and (b) it

is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to February 1, 2001.  Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so

prior to February 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.

**REQUEST FOR ADMISSION NO. 10:**  Prior to February 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "custom personal computer" (as referenced in Mr. Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "custom personal computer" that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "custom

personal computer" prior to February 1, 2001.  Plaintiff further objects to this Request because

that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "custom personal computer" and that Plaintiff had to

do so prior to February 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to February 1, 2001, You did not search for release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

11

related" ESI prior to February 1, 2001, or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

 Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to February 1, 2001, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as

drafted.


**REQUEST FOR ADMISSION NO. 13:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr.
Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "eMachine" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to July 29, 2009.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to

July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "custom personal computer" (as referenced
in Mr. Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "custom personal computer" that contained relevant ESI;  and

(b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "custom

personal computer" prior to July 29, 2009.  Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "custom personal computer" and that Plaintiff had to

do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.


**REQUEST FOR ADMISSION NO. 15:**  Prior to July 29, 2009, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to July 29, 2009, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 16:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

     Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.

**REQUEST FOR ADMISSION NO. 17:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "eMachine" computer (as referenced in Mr. Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "eMachine" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine" computer prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "eMachine" computer and that Plaintiff had to do so prior to January 1, 2010.

　　　　Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted.

**REQUEST FOR ADMISSION NO. 18:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "custom personal computer" (as referenced in Mr. Romero's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "custom personal computer" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "custom personal computer" prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

16

"Forensic Copy" (or electronic copy) of his "custom personal computer" and that Plaintiff had to

do so prior to January 1, 2010.

　　　　Without waiving and subject to these objections, Plaintiff admits Request No. 18 as

drafted.


**REQUEST FOR ADMISSION NO. 19:**  Prior to January 1, 2010, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

　　　　Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to January 1, 2010, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 20:**  You sent Release-related email communications to
the "Runningclock@aol.com" email address or received Release-related email communications
from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from the

"Runningclock@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent to or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 20 as

drafted.


**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent to or received from

"Runningclock@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent to or received from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on "Runningclock@aol.com" were not retained.

       Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

19

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection Plaintiff did not have any "Release-related" email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 24:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 25:** You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 26:**  You sent Release-related email communications from the "RainbowGene@aol.com" email address or received Release-related email communications at the "RainbowGene@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent from or received at the

"RainbowGene@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent from or received at "RainbowGene@aol.com"; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 27:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "RainbowGene@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "RainbowGene@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent from or received at

"RainbowGene@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "RainbowGene@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "RainbowGene@aol.com"; and/or (d) "Release-related" email communications on "RainbowGene@aol.com" were not retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 28:**  The email account associated with the "RainbowGene@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "RainbowGene@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the "RainbowGene@aol.com" email address during the Relevant Time Period; and

(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

      Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 28.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"RainbowGene@aol.com" email address actually had a "janitorial" or "auto-delete" function

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"RainbowGene@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the

"RainbowGene@aol.com" email address had or utilized a "janitorial" or "auto-delete" function

or program during any portion of the Relevant Time Period in which Plaintiff was not under an

obligation to preserve documents; and (b) it seeks information about the email account beyond

the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" email communications sent from or received at the "RainbowGene@aol.com" email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "RainbowGene@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "RainbowGene@aol.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the "RainbowGene@aol.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the "RainbowGene@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "RainbowGene@aol.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

26

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the "RainbowGene@aol.com" email address during the

Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for

"RainbowGene@aol.com" increase or remove the "email or size capacity limit," prior to when

Plaintiff reasonably anticipated litigation.

       Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"RainbowGene@aol.com" during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 31:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "RainbowGene@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"RainbowGene@aol.com" email address had an email or size capacity limit during any portion

of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff

reasonably anticipated litigation, Plaintiff was obligated to request that the email host for

"RainbowGene@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant documents from the "RainbowGene@aol.com" have not been retained due to a failure to increase or remove an "email or size capacity limit" for "RainbowGene@aol.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "RainbowGene@aol.com" increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 31, including whether there was an "email or size capacity limit" for "RainbowGene@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 32:**  You sent Release-related email communications from the "grr001@aol.com" email address or received Release-related email communications at the "grr001@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received at the "grr001@aol.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at "grr001@aol.com"; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

28

**REQUEST FOR ADMISSION NO. 33:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "grr001@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent from or received

at "grr001@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—

when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiff retained all email communications that he sent from or received at

"grr001@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from "grr001@aol.com" throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who

could have retained "Release-related" communications that were sent from or received at

"grr001@aol.com"; and/or (d) "Release-related" email communications on "grr001@aol.com"

were not retained.

        Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 34:**  The email account associated with the "grr001@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or

program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the "grr001@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "grr001@aol.com" email address during the Relevant Time Period; and(b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 34. By way of explanation, Plaintiff does not know whether the email account associated with the "grr001@aol.com" email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 35:** During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "grr001@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "grr001@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "grr001@aol.com" email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "grr001@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "grr001@aol.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account

associated with the "grr001@aol.com" email address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 36:**  The email account associated with the "grr001@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "grr001@aol.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "grr001@aol.com" email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for "grr001@aol.com" increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for "grr001@aol.com" during the "Relevant Time Period

**REQUEST FOR ADMISSION NO. 37:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "grr001@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "grr001@aol.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for "grr001@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant documents from the "grr001@aol.com" have not been retained due to a failure to increase or remove an "email or size capacity limit" for "grr001@aol.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "grr001@aol.com" increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 37, including whether there was an "email or size capacity limit" for "grr001@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 38:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PC11722 - PC11723; TK10904 - TK10905; TK11704 - TK11704; TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681; RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 38

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or email systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 38.  By way of further answer, it is denied that none of the documents identified

in Request No. 38 has been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 39:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "grr001@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"grr001@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the downloading of "Release-related" emails sent

to or from the "grr001@aol.com" email address beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally

"Release-related" emails onto a computer or data storage device that Plaintiff possessed or

controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve

documents throughout the entirety of the "Relevant Time Period."

        Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, during the "Relevant Time Period," Plaintiff downloaded multiple emails related to

the Release that were sent to or from the "grr001@aol.com" email address onto one of Plaintiff's

Electronic Storage Devices.


**REQUEST FOR ADMISSION NO. 40:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "RainbowGene@aol.com" email
address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"RainbowGene@aol.com" email address onto one of Plaintiff's Electronic Storage Devices

during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "RainbowGene@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 40.  By way of explanation, during the "Relevant Time Period," Plaintiff has downloaded multiple emails related to the Release that were sent to or from the "RainbowGene@aol.com" email address onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)      Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*) John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                       Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                          K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                      Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                  MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                  1701 Market Street
                                            Philadelphia, PA  19103
                                            Telephone: (215) 963-5000
                                            Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)          Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                 Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.             AARP Foundation Litigation
Washington, D.C.  20004                     601 E Street, N.W.
Telephone: (202) 739-3000                   Washington, D.C.  20049
Facsimile:  (202) 739-3001                  Telephone:  (202) 434-2060
                                            Facsimile:  (202) 824-0955

*Counsel for Plaintiffs and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Gene Romero's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                          s/ Michael J. Wilson
                                                 Michael J. Wilson

39

DB1/ 68085191.1

# EXHIBIT 20Y

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO, *et al*.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, *et al*.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF PAUL SHIRLEY'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Paul Shirley ("Plaintiff"),

by and through his attorneys, hereby provides the following responses to Allstate's Second Set

Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.


**B.    <u>RESPONSES TO REQUESTS FOR ADMISSION</u>**

**<u>REQUEST FOR ADMISSION NO. 1:</u>**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all "Release-related" ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.     .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**  Prior to January 20, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 20, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to January 20, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Shirley's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to January 20, 2001.  Plaintiff further objects to this Request because that it

creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a

"Forensic Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so

prior to January 20, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to January 20, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 20, 2001, or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period" prior to January 20, 2001.

**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Shirley's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to August 1, 2001.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so prior to

August 1, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether he conducted electronic searches of his ESI for "Release-related" documents from the "Relevant Time Period" prior to August 1, 2001.

**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Shirley's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Gateway" computer that contained relevant ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway" computer prior to July 29, 2009.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he conducted electronic searches of his ESI for

"Release-related" documents from the "Relevant Time Period" prior to July 29, 2009.

**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

  Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.

**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Gateway" computer (as referenced in Mr. Shirley's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Gateway" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Gateway"

computer prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Gateway" computer and that Plaintiff had to do so prior to

January 1, 2010.

  Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.

14

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Hewlett Packard" laptop (as referenced in Mr. Shirley's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Hewlett Packard" laptop computer that contained relevant

ESI; and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his

"Hewlett Packard" laptop computer prior to January 1, 2010.  Plaintiff further objects to this

Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the

obligation to make a "Forensic Copy" (or electronic copy) of his "Gateway" computer and that

Plaintiff had to do so prior to January 1, 2010.

       Without waiving and subject to these objections, Plaintiff admits Request No. 15 as

drafted.


**REQUEST FOR ADMISSION NO. 16:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to January 1, 2010, or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff denies this Request as written. By way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 17:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received from the "Runningclock@aol.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 18:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent to or received from "Runningclock@aol.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent to or received from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on "Runningclock@aol.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether he retained, in native format with all corresponding metadata, "all Release-related" communications sent to or received from the "Runningclock@aol.com" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 19:**  You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-

related" email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 20:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "foragents.com" when Plaintiff was not under an obligation to do so during the entire

period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff

did not retain all email communications that he sent to or received from "foragents.com" over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff

had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-

related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related"

communications to or from "foragents.com" to retain; and/or (e) "Release-related"

communications from "foragents.com" have not been retained.

      Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection Plaintiff did not have any "Release-related" email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 21:**  You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 21 as drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-related" communications to the "Yahoo! ALL" message board.


**REQUEST FOR ADMISSION NO. 22:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in

which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was

the only person who could have retained "Release-related" communications that were posted on

the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the

"Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the

"Yahoo! ALL" message board were not retained.

      Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings

to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.


**REQUEST FOR ADMISSION NO. 23:**  You sent Release-related email communications from
the "paullshirley@aol.com" email address or received Release-related email communications at
the "paullshirley@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received at the paullshirley@aol

email address beyond the time period for which the parties have currently agreed to collect and

produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent from or

received at "paullshirley@aol.com"; and (b) Plaintiff had the obligation to retain, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

      Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 24:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "paullshirley@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "paullshirley@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at "paullshirley@aol.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "paullshirley@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "paullshirley@aol.com"; and/or (d) "Release-related" email communications on "paullshirley@aol.com" were not retained.

　　　　Without waiving and subject to these objections, Plaintiff admits this Request as drafted.


**REQUEST FOR ADMISSION NO. 25:**  The email account associated with the "paullshirley@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or

program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the "paullshirley@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "paullshirley@aol.com" email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 25. By way of explanation, Plaintiff does not know whether the email account associated with the "paullshirley@aol.com" email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:** During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "paullshirley@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "paullshirley@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "paullshirley@aol.com" email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "paullshirley@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "paullshirley@aol.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account

associated with the "paullshirley@aol.com" email address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**  The email account associated with the
"paullshirley@aol.com" email address had an email or size capacity limit at some point during
the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"paullshirley@aol.com" email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the "paullshirley@aol.com" email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for "paullshirley@aol.com" increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

        Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"paullshirley@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "paullshirley@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "paulshirley@aol.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for "paullshirley@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant documents from the "paullshirley@aol.com" email address have not been retained due to a failure to increase or remove an "email or size capacity limit" for "paullshirley@aol.com."

        Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "paullshirley@aol.com" increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 28, including whether there was an "email or size capacity limit" for "paullshirley@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 29:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PC11722 - PC11723; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681; RSW04448 - RSW04449.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 29

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or email systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 29.  By way of further answer, it is denied that none of the documents identified

in Request No. 29 has been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 30:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "paullshirley@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Without waiving and subject to these objections, after reasonable investigation,

Plaintiff lacks information sufficient to admit or deny this Request.  By way of explanation,

Plaintiff cannot recall whether he downloaded any "Release-related" emails sent to or from the

"paullshirley@aol.com" email address onto one of his "Electronic Storage Devices" since

January 1, 1990.

27

Dated: October 31, 2011                   Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)       Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                           K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                       Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                   MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                   1701 Market Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 963-5000
                                             Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)            Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                  Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.               AARP Foundation Litigation
Washington, D.C.  20004                      601 E Street, N.W.
Telephone: (202) 739-3000                    Washington, D.C.  20049
Facsimile:  (202) 739-3001                   Telephone:  (202) 434-2060
                                             Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Paul Shirley's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                         s/ Michael J. Wilson
                                                Michael J. Wilson

# EXHIBIT 20Z

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF DONALD TRGOVICH'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Donald Trgovich ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.      Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15. Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any Release-related documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.     RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

4

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; and (b) to collect, in native format with all corresponding metadata, all Release-related ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all Release-related

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

       Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to May 7, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to May 7, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to May 7, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Trgovich's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it is not limited to

the drives or other components of the computer referred to in this Request that contained relevant

ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of that computer and that Plaintiff had to do so prior to May 7, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as drafted.

**REQUEST FOR ADMISSION NO. 6:**  Prior to May 7, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to May 7, 2001 or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to August 1, 2001.

       Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Trgovich's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it is not limited to

the drives or other components of the computer referenced in the Request that contained relevant

ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:**  Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI during any particular time period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as drafted.

**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.Trgovich's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to

the drives or other components of the referenced computer that contained relevant ESI.

Plaintiff further objects to this Request because it creates an unwarranted and inaccurate

inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his

computer and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as

drafted.


**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.   Plaintiff further objects to this Request to the extent that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-

related ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all Release-

related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time

Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 12.   By

way of explanation, prior to July 29, 2009, Plaintiff conducted electronic searches of his ESI for

Release-related documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

> Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Trgovich's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the referenced computer that contained relevant ESI.  Plaintiff

further objects to this Request because it creates an unwarranted and inaccurate inference that

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his  computer and/or

that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior

to January 1, 2010 or that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies Request No. 15.   By

way of explanation, prior to January 1, 2010, Plaintiff conducted electronic searches of his ESI

for Release-related documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to
the "Runningclock@aol.com" email address or received Release-related email communications
from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications that he

sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-

related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all Release-related email communications that he sent to or received from

Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire

period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did

not retain all email communications he sent to or received from Runningclock@aol.com

concerning legal theories that are encompassed within Allstate's current definition of "Release-

related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that: (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related email communications that he sent or received from Runningclock@aol.com; (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained

Release-related email communications from Runningclock@aol.com; and/or (d) Release-related

email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 17. However, Plaintiff is unable to

determine, given the passage of time, the volume of email communications from

Runningclock@aol.com, and the lack of a regular schedule for Runningclock@aol.com

communications, whether Plaintiff has retained "all" Release-related email communications that

Plaintiff received from or sent to the Runningclock@aol.com email address.

**REQUEST FOR ADMISSION NO. 18:** You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all Release-related email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send Release-related email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related communications from "foragents.com"; (d) that Plaintiff had any Release-related

17

communications to or from "foragents.com" to retain; and/or (e) Release-related communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection Plaintiff did not have any Release-related email communications received from or sent to the "foragents.com" email address or email list from January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related communications that were posted to the "Yahoo! ALL" message board beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related communications that he posted to the "Yahoo! ALL" message board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 17 as drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post Release-related communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) that Plaintiff was the only person who could have retained Release-related communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any Release-related postings to the "Yahoo! ALL" message board to retain; and/or (e) that Release-related communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from the "dlturk@home.com" email address or received Release-related email communications at the "dlturk@home.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com;

however, Plaintiff construes this request to ask for information about the e-mail address

dlturk@cox.net, which he has used.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because it seeks information about Release-related e-mail communications that were sent to or

received at the dlturk@cox.net email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications sent

from or received in the dlturk@cox.net email address and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

　　　　Without waiving and subject to these objections, Plaintiff admits Request No. 22.


**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "dlturk@home.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com;

however, Plaintiff construes this request to ask for information about the e-mail address

dlturk@cox.net, which he has used.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email

communications that he sent from or received at dlturk@cox.net over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email

communications that he sent from or received at dlturk@cox.net over a twenty-one year period

concerning legal theories that are encompassed within Allstate's current definition of "Release-

related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all

Release-related email communications" that Plaintiff received at or sent from dlturk@cox.net

throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only

person who could have retained Release-related communications that were sent from or received

at dlturk@cox.net; and/or (d) Release-related email communications on dlturk@cox.net were not

retained.

      Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, all Release-related communications sent from or received at the dlturk@cox.net email

address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the
"dlturk@home.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com; however, Plaintiff construes this request to ask for information about the e-mail address dlturk@cox.net, which he has used.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the dlturk@cox.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the dlturk@cox.net email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of explanation, Plaintiff does not know whether the email account associated with the dlturk@cox.net email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period.

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "dlturk@home.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com; however, Plaintiff construes this request to ask for information about the e-mail address dlturk@cox.net, which he has used.  Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the dlturk@cox.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the dlturk@cox.net email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for dlturk@cox.net.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the dlturk@cox.net email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit

or deny the remaining matter in this Request, including whether the email account associated

with the dlturk@cox.net e-mail address had a "janitorial" or "auto-delete" function or program

during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"dlturk@home.com" email address had an email or size capacity limit at some point during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com;

however, Plaintiff construes this request to ask for information about the e-mail address

dlturk@cox.net, which he has used.  Plaintiff further objects to this Request as vague and

ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further

objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account

associated with the dlturk@cox.net email address had an email or size capacity limit during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents, and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all Release-related email

communications sent from or received at the dlturk@cox.net email address during the Relevant

Time Period; and (b) Plaintiff was obligated to request that the email host for dlturk@cox.net

increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably

anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request. By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for dlturk@cox.net during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:** During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "dlturk@home.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com; however, Plaintiff construes this request to ask for information about the e-mail address dlturk@cox.net, which he has used. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the dlturk@cox.net email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for dlturk@cox.net increase or remove the "email or size capacity limit"; and (b) relevant documents from the dlturk@cox.net have not been retained due to a failure to increase or remove an "email or size capacity limit" for dlturk@cox.net.

25

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for dlturk@cox.net increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 27, including whether there was an "email or size capacity limit" for dlturk@cox.net during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:** You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PC11722 - PC11723; TK10904 - TK10905; TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681; RSW04448 - RSW04449.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have retained documents in native format, with all corresponding metadata, that reside on Allstate's network or e-mail systems or on computers over which Allstate has assumed possession, custody, and control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has not retained, in native format with all corresponding metadata, each of the documents identified in Request No. 28. By way of further answer, it is denied that all of the documents identified in Request No. 28 have not been retained and produced in native format with all corresponding metadata.

26

**REQUEST FOR ADMISSION NO. 29:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "dlturk@home.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that he did not ever use an e-mail address of dlturk@home.com;

however, Plaintiff construes this request to ask for information about the e-mail address

dlturk@cox.net, which he has used.  Plaintiff further objects to this Request as vague and

ambiguous, because it does not define the term "download."  Plaintiff interprets this term to

mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request

as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any Release-

related emails sent to or from the "dlturk@cox.net" email address onto one of Plaintiff's

Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff

was not under an obligation to preserve documents, and (b) it seeks information about the

downloading of Release-related emails sent to or from the "dlturk@cox.net" email address

beyond the period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was obligated to save locally Release-related e-mails onto a computer or data

storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b)

Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time

Period."

 Without waiving and subject to these objections, and after reasonable inquiry, Plaintiff is

unable to admit or deny Request No. 29.  By way of explanation, during the "Relevant Time

Period," Plaintiff received or sent at least one e-mail related to the Release from the

"dlturk@cox.net" email address onto one of Plaintiff's Electronic Storage Devices but Plaintiff

cannot recall if he downloaded any such messages.

Dated: October 31, 2011                              Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                     Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Donald Trgovich's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson_____

# EXHIBIT 20AA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE R. ROMERO,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF RICHARD WANDNER'S RESPONSES TO
ALLSTATE'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Richard Wandner ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.     Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.     Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.     Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.     Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.     Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.     Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.     Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.


**REQUEST FOR ADMISSION NO. 1:**  You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**  You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including email,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.

**REQUEST FOR ADMISSION NO. 3:**  You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

email, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related"

ESI, including email, that existed on any Allstate-provided "Electronic Storage Device" or server

over which Allstate had or subsequently assumed possession, custody, or control.    .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.

**REQUEST FOR ADMISSION NO. 4:**  Prior to February 12, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to February 12, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to February 12, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in
Mr. Wandner's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell" computer

prior to February 12, 2001.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Dell" computer and that Plaintiff had to do so prior to

February 12, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to February 12, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to February 12, 2001, or that Plaintiff had the obligation to preserve all

"Release-related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to February 12, 2001, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in Mr. Wandner's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "Dell" computer that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "Dell" computer

prior to August 1, 2001. Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Dell" computer and that Plaintiff had to do so prior to August

1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so. Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request. By way of explanation, Plaintiff does not recall whether prior to August 1, 2001, Plaintiff conducted electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in Mr. Wandner's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "Dell" computer that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine" computer prior to July 29, 2009.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Dell" computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.

**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to July 29, 2009, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.


**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.

**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "Dell" computer (as referenced in Mr. Wandner's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "Dell" computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "eMachine"

computer prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "Dell" computer and that Plaintiff had to do so prior to January

1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

14

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for all "Release-

related" ESI prior to March 24, 2000, or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether prior to January 1, 2010, Plaintiff conducted

electronic searches of his ESI for "Release-related" documents from the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to
the "Runningclock@aol.com" email address or received Release-related email communications
from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from the

"Runningclock@aol.com" email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications that

he sent or received from the "Runningclock@aol.com" email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

"Release-related" ESI.

       Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" email communications that he sent to or received

from "Runningclock@aol.com" over a twenty-one year period—the so-called "Relevant Time

Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is

irrelevant whether Plaintiff retained all email communications that he sent to or received from

"Runningclock@aol.com" over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff sent to or received from "Runningclock@aol.com" throughout

the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications that were sent to or received

from "Runningclock@aol.com"; and/or (d) "Release-related" email communications on

"Runningclock@aol.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent to or received from the

"Runningclock@aol.com" email address since January 1, 1990.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" email communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent or received

from the "foragents.com" email address or email list; and (b) Plaintiff had the obligation to

retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 40 as

drafted.

17

**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications from "foragents.com"; (d) that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain; and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 17 as

drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-

related" communications to the "Yahoo! ALL" message board.


**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all
corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL"
message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he posted on the "Yahoo! ALL" message

board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff

was not under an obligation to do so during that entire time; and (b) it is irrelevant whether

Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

19

definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences: (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any "Release-related" postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:** You sent Release-related email communications from the "rswand@aol.com" email address or received Release-related email communications at the "rswand@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received at the "rswand@aol.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" email communications that he sent from or received at "rswand@aol.com"; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to the foregoing objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "rswand@aol.com" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "rswand@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"— when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at "rswand@aol.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "rswand@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at

"rswand@aol.com"; and/or (d) "Release-related" email communications on "rswand@aol.com"
were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff
lacks sufficient information and knowledge to admit or deny this Request.  By way of
explanation, Plaintiff is continuing to investigate whether he retained, in native format with all
corresponding metadata, "all Release-related" communications sent from or received at the
"rswand@aol.com" email address since January 1, 1990.


**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the
"rswand@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.
Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether
the email account associated with the "rswand@aol.com" email address had or utilized a
"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period
in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks
information about the email account beyond the period for which the parties have currently
agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates
unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native
format with all corresponding metadata, all "Release-related" email communications sent from
or received at the "rswand@aol.com" email address during the Relevant Time Period; and (b)
prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any
"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in this Request.  By way of

explanation, Plaintiff does not know whether the email account associated with the

"rswand@aol.com" email address actually had a "janitorial" or "auto-delete" function during the

"Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"rswand@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the "rswand@aol.com"

email address had or utilized a "janitorial" or "auto-delete" function or program during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents; and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all "Release-related" email

communications sent from or received at the "rswand@aol.com" email address during the

Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents

were lost by not disabling an alleged "janitorial" or "auto-delete" function for

"rswand@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the "rswand@aol.com"

email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to

admit or deny the remaining matter in this Request, including whether the email account

associated with the "rswand@aol.com" email address had a "janitorial" or "auto-delete" function

or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"rswand@aol.com" email address had an email or size capacity limit at some point during the
Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"rswand@aol.com" email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the "rswand@aol.com" email address during the Relevant Time Period; and

(b) Plaintiff was obligated to request that the email host for "rswand@aol.com" increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for "rswand@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "rswand@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "rswand@aol.com" email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to request that the email host for "rswand@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant documents from the "rswand@aol.com" have not been retained due to a failure to increase or remove an "email or size capacity limit" for "rswand@aol.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for "rswand@aol.com" increase or remove any "email or size capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether there was an "email or size capacity limit" for "rswand@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:**  You sent Release-related email communications from the "rswandner@aol.com" email address or received Release-related email communications at the "rswandner@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" email communications that were sent to or received at the "rswand@aol.com" email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at "rswandner@aol.com"; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to the foregoing objections, Plaintiff admits this Request as drafted.

**REQUEST FOR ADMISSION NO. 29:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "rswandner@aol.com" email address during the Relevant Time Period.

26

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at "rswandner@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff retained all email communications that he sent from or received at "rswandner@aol.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all Release-related email communications" that Plaintiff received at or sent from "rswandner@aol.com" throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that were sent from or received at "rswandner@aol.com"; and/or (d) "Release-related" email communications on "rswandner@aol.com" were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information and knowledge to admit or deny this Request.  By way of explanation, Plaintiff is continuing to investigate whether he retained, in native format with all corresponding metadata, "all Release-related" communications sent from or received at the "rswandner@aol.com" email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 30:**  The email account associated with the "rswandner@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "rswandner@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "rswandner@aol.com" email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in this Request.  By way of explanation, Plaintiff does not know whether the email account associated with the "rswandner@aol.com" email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 31:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "rswandner@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the "rswand@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications sent from or received at the "rswandner@aol.com" email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for "rswandner@aol.com."

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the "rswandner@aol.com" email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account

associated with the "rswandner@aol.com" email address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 32:**  The email account associated with the "rswandner@aol.com" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"rswandner@aol.com" email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the "rswandner@aol.com" email address during the Relevant Time Period;

and (b) Plaintiff was obligated to request that the email host for "rswandner@aol.com" increase

or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated

litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

"rswandner@aol.com" during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 33:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "rswandner@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

"rswandner@aol.com" email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

"rswandner@aol.com" increase or remove the "email or size capacity limit"; and (b) relevant

documents from the "rswandner@aol.com" have not been retained due to a failure to increase or

remove an "email or size capacity limit" for "rswandner@aol.com."

Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for "rswandner@aol.com" increase or remove any "email or size

capacity limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge

or information to admit or deny the remaining matter in this Request, including whether there

was an "email or size capacity limit" for "rswandner@aol.com" during the "Relevant Time

Period."

**REQUEST FOR ADMISSION NO. 34:**  You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681 - CP01681; RSW04448 - RSW04449; RSW05254 - RSW05258; RSW05442 - RSW05453.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in this Request in

native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in

native format, with all corresponding metadata, documents that resided on Allstate's network or

email systems or on computers over which Allstate has assumed possession, custody, and

control.  Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 34.  By way of further answer, it is denied that none of the documents identified

in Request No. 34 has been retained and produced in native format with all corresponding

metadata.


**REQUEST FOR ADMISSION NO. 35:**  During the Relevant Time Period, you did not download any Release-related emails sent to or from the "rswandner@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"rswandner@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during

any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of "Release-related"

emails sent to or from the "rswandner@aol.com" email address beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save

locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed

or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve

documents throughout the entirety of the "Relevant Time Period."

       Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, during the "Relevant Time Period," Plaintiff believes that he downloaded multiple

emails related to the Release that were sent to or from the "rswandner@aol.com" email address

onto one of Plaintiff's Electronic Storage Devices.

**REQUEST FOR ADMISSION NO. 36:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "rswand@aol.com" email address onto
one of your Electronic Storage Devices.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any "Release-related" emails sent to or from the

"rswand@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during any

33

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "rswand@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" emails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, during the "Relevant Time Period," Plaintiff downloaded multiple emails related to the Release that were sent to or from the "rswand@aol.com" email address onto one of Plaintiff's Electronic Storage Devices.

Dated: October 31, 2011                         Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)          Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)     John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                           Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                              K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                          Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                      MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                      1701 Market Street
                                                Philadelphia, PA  19103
                                                Telephone: (215) 963-5000
                                                Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)               Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                     Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                  AARP Foundation Litigation
Washington, D.C.  20004                         601 E Street, N.W.
Telephone: (202) 739-3000                       Washington, D.C.  20049
Facsimile:  (202) 739-3001                      Telephone:  (202) 434-2060
                                                Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Richard Wandner's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011,

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

# EXHIBIT 20BB

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GENE R. ROMERO, *ET AL.* ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 01-CV-3894 (RLB) |
| ) | |
| v. ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY, *ET AL.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| GENE R. ROMERO, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 01-CV-6764 (RLB) |
| ) | |
| v. ) | |
| ) | |
| ALLSTATE CORPORATION, *ET AL.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF TIMOTHY WEISMAN'S RESPONSES TO ALLSTATE'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Timothy Weisman ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law. To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents. The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action. The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any "Release-related" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.    RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**     You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

4

Without waiving and subject to these objections, Plaintiff admits Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**   You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; or (b) to collect, in native format with all corresponding metadata, all "Release-related"

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.

**REQUEST FOR ADMISSION NO. 3:**      You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

5

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all "Release-related" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.


**REQUEST FOR ADMISSION NO. 4:**  Prior to February 28, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 28, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to February 28, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer hard drive" (as referenced in Mr. Weisman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of his "computer hard drive" prior to

February 28, 2001, particularly when Plaintiff saved the hard drive and has produced responsive

documents from that computer.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "computer hard drive" and that Plaintiff had to do so prior to

February 28, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.

**REQUEST FOR ADMISSION NO. 6:**  Prior to February 28, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to February 28, 2001 and/or that Plaintiff had the obligation to preserve all "Release-

related" ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 6 as

drafted.

**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.


**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "computer hard drive" (as referenced in Mr.
Weisman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff made a "Forensic Copy" (or electronic copy) of his "computer hard drive" prior to

August 1, 2001, particularly when Plaintiff saved the hard drive and has produced responsive

documents from that computer.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "computer hard drive" and that Plaintiff had to do so prior to

August 1, 2001.

　　　　Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.


**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**　　Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI

prior to August 1, 2001 and/or that Plaintiff had the obligation to preserve all "Release-related"

ESI that Plaintiff received from January 1, 1990 through the present.

　　　　Without waiving and subject to these objections, Plaintiff admits Request No. 9 as

drafted.

**REQUEST FOR ADMISSION NO. 10:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.

**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "computer hard drive" (as referenced in Mr.

Weisman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff made a "Forensic Copy" (or electronic copy) of his "computer hard drive" prior to July

29, 2009, particularly when Plaintiff saved the hard drive and has produced responsive

documents from that computer.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of his "computer hard drive" and that Plaintiff had to do so prior to

July 29, 2009.

    Without waiving and subject to these objections, Plaintiff admits Request No. 11 as

drafted.


**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for "Release-related" ESI during any particular time

period.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate

inference that Plaintiff had the obligation to search for "Release-related" ESI prior to July 29,

2009, and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff

received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as

drafted.


**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:** Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous as drafted, and as purporting to impose on Plaintiff an obligation greater than that contemplated by the Federal Rules of Civil Procedure because it purports to require Plaintiff to ascertain the intended meaning of the following incomprehensible language: "make a Forensic Copy (or otherwise make an electronic copy) of the response to Allstate Interrogatory No. 10) that You used. . . ."

**REQUEST FOR ADMISSION NO. 15:** Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for "Release-related" ESI when Plaintiff was under no obligation to do so. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for "Release-related" ESI prior to January 1, 2010 and/or that Plaintiff had the obligation to preserve all "Release-related" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 15 as drafted.

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to the "Runningc1ock@aol.com" email address or received Release-related email communications from the "Runningc1ock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:** You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

15

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent or received from Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" email communications from Runningclock@aol.com; and/or (d) "Release-related" email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 17 as drafted

**REQUEST FOR ADMISSION NO. 18:** You sent Release-related email communications to a "foragents.com" email address or email list, or received Release-related email communications from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about

16

"Release-related" e-mail communications that were sent to or received from a "foragents.com" email address or list beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he may have sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send "Release-related" email communications from/to a "foragents.com" email address or email list.


**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he may have sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he may have sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" ESI that he may have sent to or

received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when

Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only

person who could have retained "Release-related" communications from "foragents.com"; (d)

that Plaintiff had any "Release-related" communications to or from "foragents.com" to retain;

and/or (e) "Release-related" communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, to the best of his recollection Plaintiff did not have any "Release-related" email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

"Release-related" communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

"Release-related" communications that he may have posted to the "Yahoo! ALL" message

board; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably

anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as

drafted.  By way of explanation, to the best of his recollection, Plaintiff did not post "Release-

related" communications to the "Yahoo! ALL" message board.


**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all
corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL"
message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all "Release-related" ESI that he may have posted on the "Yahoo! ALL"

message board over a twenty-one year period—the so-called "Relevant Time Period"—when

Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiff did not retain all ESI that he may have posted on the "Yahoo! ALL" message

board over a twenty-one year period concerning legal theories that are encompassed within

Allstate's current definition of "Release-related" but that were not in existence throughout the

"Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted

and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all "Release-related" communications that Plaintiff may have posted to

the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the

entire period in which that message board existed; (b) that Plaintiff had an obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c)

that Plaintiff was the only person who could have retained "Release-related" communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any "Release-related" postings to the "Yahoo! ALL" message board to retain; and/or (e) that "Release-related" communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:** You sent Release-related email communications from the "tvrw@webtv.net" email address or received Release-related email communications at the "tvrw@webtv.net" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about "Release-related" e-mail communications that were sent to or received at the tvrw@webtv.net email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that he sent from or received at tvrw@webtv.net; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22.

**REQUEST FOR ADMISSION NO. 23:** You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "tvrw@webtv.net" email address during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all "Release-related" email communications that he sent from or received at tvrw@webtv.net over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or received at tvrw@webtv.net over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period." Plaintiff further objects to this Request as unduly burdensome because it purports to require Plaintiff to ascertain which of Plaintiff's email communications sent from or received at tvrw@webtv.net at any time during the "Relevant Time Period" may relate to the legal theories encompassed in Allstate's definition of "Release-related," which includes theories that were not in existence throughout the entire "Relevant Time Period." Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all "Release-related" email communications that Plaintiff received at or sent from tvrw@webtv.net throughout the "Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI; (c) Plaintiff was the only person who could have retained "Release-related" communications that

were sent from or received at tvrw@webtv.net; and/or (d) "Release-related" email

communications on tvrw@webtv.net were not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, "all Release-related" communications sent from or received at the tvrw@webtv.net

email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the
"tvrw@webtv.net" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the tvrw@webtv.net email address had or utilized a

"janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period

in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks

information about the email account beyond the period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all "Release-related" email communications sent from

or received at the tvrw@webtv.net email address during the Relevant Time Period; and (b) prior

to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any

"janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of

explanation, Plaintiff does not know whether the email account associated with the

tvrw@webtv.net email address actually had a "janitorial" or "auto-delete" function during the

"Relevant Time Period."


**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable
the "janitorial" or "auto-delete" function or program of the email account associated with the
"tvrw@webtv.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the tvrw@webtv.net email

address had or utilized a "janitorial" or "auto-delete" function or program during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents;

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the tvrw@webtv.net email address during the Relevant Time Period; (b)

Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when

Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling

an alleged "janitorial" or "auto-delete" function for tvrw@webtv.net.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the tvrw@webtv.net email

address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to admit

or deny the remaining matter in this Request, including whether the email account associated

with the tvrw@webtv.net e-mail address had a "janitorial" or "auto-delete" function or program

during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"tvrw@webtv.net" email address had an email or size capacity limit at some point during the
Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

tvrw@webtv.net email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all "Release-related" email communications sent

from or received at the tvrw@webtv.net email address during the Relevant Time Period; and (b)

Plaintiff was obligated to request that the email host for tvrw@webtv.net increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 26.  By way of explanation, Plaintiff does not know whether the email account associated with the tvrw@webtv.net email address actually had an email or size capacity limit during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 27:** During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the ''tvrw@webtv.net'' email address.

**RESPONSE:  RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General

Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not

define the phrase "email or size capacity limit."  Plaintiff further objects to this Request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence, because:  (a) it is irrelevant whether the email account associated with the

tvrw@webtv.net email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for tvrw@webtv.net

increase or remove the "email or size capacity limit"; and (b) relevant documents from the

tvrw@webtv.net have not been retained due to a failure to increase or remove an "email or size capacity limit" for tvrw@webtv.net.

Without waiving and subject to these objections, Plaintiff admits Request No. 27 as drafted.

**REQUEST FOR ADMISSION NO. 28:** You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: PCl1722 - PCll723; TKI0904 - TK10905; TK12771 - TK12771; CP01607 - CP01607; CP01624 - CP01624; CPOl675 - CP01675; CPOl676 - CP01676.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain

in native format, with all corresponding metadata, documents that resided on Allstate's network

or e-mail systems or on computers over which Allstate has assumed possession, custody, and

control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion

as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28. By way of further answer, it is denied that none of the documents identified

in Request No. 28 has been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 29:** During the period between July 1, 2000, and the date on which your R3001 Contract terminated, Allstate did not alter the commission rates paid to R3001 Agents.

26

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects that this Request seeks an admission about information that is uniquely within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 30:** During the Relevant Time Period, you did not download any Release-related emails sent to or from the "tvrw@webtv.net" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any "Release-related" emails sent to or from the "tvrw@webtv.net" email address onto one of Plaintiff's "Electronic Storage Devices" during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of "Release-related" emails sent to or from the "tvrw@webtv.net" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally "Release-related" e-mails onto a computer or data storage device that Plaintiff possessed or

controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve

documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 30 as

drafted.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)      Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                           K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                       Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                   MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                   1701 Market Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 963-5000
                                             Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)           Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                 Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.              AARP Foundation Litigation
Washington, D.C.  20004                     601 E Street, N.W.
Telephone: (202) 739-3000                   Washington, D.C.  20049
Facsimile:  (202) 739-3001                  Telephone:  (202) 434-2060
                                            Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Timothy Weisman's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                          /s/ Michael J. Wilson
                                                          Michael J. Wilson

# EXHIBIT 20CC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GENE R. ROMERO,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) **Civil Action No. 01-CV-3894 (RLB)** |
| | ) |
| **v.** | ) |
| | ) |
| **ALLSTATE INSURANCE COMPANY,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| **GENE R. ROMERO,** *et al.,* | ) |
| | ) |
| **Plaintiffs.** | ) |
| | ) **Civil Action No. 01-CV-6764 (RLB)** |
| **v.** | ) |
| | ) |
| **ALLSTATE CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF ANTHONY WIKTOR'S RESPONSES TO ALLSTATE'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Anthony Wiktor

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1

1.      Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.     Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.     Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.     Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.     Plaintiff objects to Allstate's definition of ""Release-related"" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to

concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of ""Release-related"."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any ""Release-related"" documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.    RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**    You created, obtained, or had in your possession, custody, or control "Release-related" ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:**    You did not collect, in native format with all corresponding metadata, all "Release-related" ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all ""Release-related"" ESI that he created, obtained, or received over a twenty-one

year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation

to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI

over a twenty-one year period concerning legal theories that are encompassed within Allstate's

current definition of ""Release-related"" but that were not in existence throughout the "Relevant

Time Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all ""Release-related"" ESI, including e-

mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; and (b) to collect, in native format with all corresponding metadata, all ""Release-

related"" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage

Device" or server over which Allstate had or subsequently assumed possession, custody, or

control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as drafted.

**REQUEST FOR ADMISSION NO. 3:**    You did not retain, in native format with all corresponding metadata, all "Release-related" ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff interprets the Request to seek an admission that Plaintiff did not retain ""Release-related"" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all ""Release-related"" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of ""Release-related"" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all ""Release-related"" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all ""Release-related"" ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.        .

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4:**      Prior to February 14, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to February 14, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 4 as drafted.

**REQUEST FOR ADMISSION NO. 5:**    Prior to February 14, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Wiktor's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the referenced computer that contained relevant ESI;  and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of the referenced

computer prior to February 14, 2001.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of the referenced computer and that Plaintiff had to do so prior to

February 14, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.  Plaintiff notes that the referenced computer probably did not even have Internet access

as of February 14, 2001.


**REQUEST FOR ADMISSION NO. 6:**    Prior to February 14, 2001, You did not search for "Release-related" ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for ""Release-related"" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to search for ""Release-related"" ESI prior

to February 14, 2001 and that Plaintiff had the obligation to preserve all ""Release-related"" ESI

that Plaintiff received from January 1, 1990 through the present.

      Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 7:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that
You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

9

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.

**REQUEST FOR ADMISSION NO. 8:**    Prior to August 1, 2001, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced
in Mr. Wiktor's response to Allstate Interrogatory No. 10) that You used during the Relevant
Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the

drives or other components of the "personal computer" that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of the referenced

computer prior to August 1, 2001. Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic

Copy" (or electronic copy) of that computer and that Plaintiff had to do so prior to August 1,

2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as

drafted.

**REQUEST FOR ADMISSION NO. 9:**    Prior to August 1, 2001, You did not search for
"Release-related" ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for ""Release-related"" ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for ""Release-related"" ESI

prior to August 1, 2001 or that Plaintiff had the obligation to preserve all ""Release-related""

ESI that Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits this Request as written.


**REQUEST FOR ADMISSION NO. 10:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**    Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Wiktor's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computer" that contained relevant ESI; and (b) it is

irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of that computer prior

to July 29, 2009.   Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic

copy) of that computer and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as

drafted


**REQUEST FOR ADMISSION NO. 12:**    Prior to July 29, 2009, You did not search for
"Release-related" ESI from the Relevant Time Period by conducting electronic searches, such as

key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for ""Release-related"" ESI during any particular time period.   Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for ""Release-related"" ESI prior to July 29, 2009, or that Plaintiff had the obligation to preserve all ""Release-related"" ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 12 as drafted.


**REQUEST FOR ADMISSION NO. 13:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.


**REQUEST FOR ADMISSION NO. 14:**    Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Wiktor's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the "personal computer" that contained relevant ESI;  and (b) it is irrelevant whether Plaintiff made a "Forensic Copy" (or electronic copy) of that computer prior to January 1, 2010.  Plaintiff further objects to this Request because that it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of that computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

14

**REQUEST FOR ADMISSION NO. 15:**    Prior to January 1, 2010, You did not search for "Release-related" ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for ""Release-related"" ESI when Plaintiff was under no

obligation to do so.    Plaintiff further objects to this Request because that it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation to search for ""Release-

related"" ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all

""Release-related"" ESI that Plaintiff received over a twenty-one year period—the so-called

"Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 15 as

drafted.

**REQUEST FOR ADMISSION NO. 16:**    You sent "Release-related" email communications to the Runningclock@aol.com email address or received "Release-related" email communications from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

""Release-related"" e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all ""Release-related"" email communications

that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all

""Release-related"" ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.

**REQUEST FOR ADMISSION NO. 17:**   You have not retained, in native format with all
corresponding metadata, all "Release-related" email communications You sent to or received
from the Runningclock@aol.com email address during the Relevant Time Period.

**RESPONSE:**   Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not retain all ""Release-related"" email communications that he sent to or received

from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the

entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether

Plaintiff did not retain all email communications he sent to or received from

Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current

definition of ""Release-related"" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all ""Release-related"" email communications that he sent or received from

Runningclock@aol.com; (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all ""Release-related"" ESI; (c) Plaintiff was the only person

who could have retained ""Release-related"" email communications from

Runningclock@aol.com; and/or (d) ""Release-related"" email communications from

Runningclock@aol.com have not been retained.

      Without waiving and subject to these objections, Plaintiff admits Request No. 17 as

drafted.


**REQUEST FOR ADMISSION NO. 18:**    You sent "Release-related" email communications
to a "foragents.com" email address or email list, or received "Release-related" email
communications from a "foragents.com" email address or email list, during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

""Release-related"" e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all ""Release-related"" email communications that he sent or received

from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all ""Release-related"" ESI.

      Without waiving and subject to these objections, Plaintiff denies this Request as drafted.

By way of explanation, Plaintiff did not receive or send ""Release-related"" email

communications from or to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:**    You have not retained, in native format with all corresponding metadata, all "Release-related" email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all ""Release-related"" email communications that he sent to or received

from "foragents.com" when Plaintiff was not under an obligation to do so during the entire

period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff

did not retain all email communications that he sent to or received from "foragents.com" over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of ""Release-related"" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all ""Release-related"" ESI that he sent to or received from "foragents.com"; (b)

Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all ""Release-related"" ESI; (c) Plaintiff was the only person who could have retained

""Release-related"" communications from "foragents.com"; (d) that Plaintiff had any ""Release-

related"" communications to or from "foragents.com" to retain; and/or (e) ""Release-related""

communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, Plaintiff did not have any ""Release-related"" email communications received from

or sent to the "foragents.com" email address or email list from January 1, 1990 through the

present to retain.

18

**REQUEST FOR ADMISSION NO. 20:**  You posted "Release-related" communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

""Release-related"" communications that were posted to the "Yahoo! ALL" message board

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata,

all ""Release-related"" communications that he posted to the "Yahoo! ALL" message board; and

(b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all ""Release-related"" ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as

drafted.  By way of explanation, Plaintiff did not post ""Release-related"" communications to the

"Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:**    You have not retained, in native format with all corresponding metadata, all "Release-related" email communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all ""Release-related"" ESI that he posted on the "Yahoo! ALL" message

board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff

was not under an obligation to do so during that entire time; and (b) it is irrelevant whether

Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-

one year period concerning legal theories that are encompassed within Allstate's current

definition of ""Release-related"" but that were not in existence throughout the "Relevant Time

Period."  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding

metadata, all ""Release-related"" communications that Plaintiff posted to the "Yahoo! ALL"

message board when Plaintiff was not under an obligation to do so during the entire period in

which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date

when Plaintiff reasonably anticipated litigation, all ""Release-related"" ESI; (c) that Plaintiff was

the only person who could have retained ""Release-related"" communications that were posted

on the "Yahoo! ALL" message board; (d) that Plaintiff had any ""Release-related"" postings to

the "Yahoo! ALL" message board to retain; and/or (e) that ""Release-related"" communications

on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of

explanation, Plaintiff did not have any postings to the "Yahoo! ALL" message board from

January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:**    You sent "Release-related" email communications
from the "motivated83@aol.com" email address or received "Release-related" email
communications at the "motivated83@aol.com" address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

""Release-related"" e-mail communications that were sent to or received at the

motivated83@aol.com email address beyond the time period for which the parties have currently

agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, all ""Release-related"" email communications that he

sent from or received at motivated83@aol.com; and (b) Plaintiff had the obligation to retain,

prior to the date when Plaintiff reasonably anticipated litigation, all ""Release-related"" ESI.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny Request No. 22.  By way of explanation, Plaintiff

does not remember and cannot determine whether Plaintiff sent from or received at the

"motivated83@aol.com" email address any ""Release-related"" email communications.


**REQUEST FOR ADMISSION NO. 23:**    You have not retained, in native format with all
corresponding metadata, all "Release-related" email communications sent from or received at the
"motivated83@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all ""Release-related"" email communications that he sent from or

received at "motivated83@aol.com" over a twenty-one year period—the so-called "Relevant

Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and

(b) it is irrelevant whether Plaintiffs retained all email communications that he sent from or

received at motivated83@aol.com over a twenty-one year period concerning legal theories that

are encompassed within Allstate's current definition of ""Release-related"" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff sent from or received

at motivated83@aol.com any ""Release-related"" email communications; (b) Plaintiff had the obligation to retain, in native format with all corresponding metadata, "all "Release-related"" email communications" that Plaintiff received at or sent from motivated83@aol.com throughout the "Relevant Time Period"; (c) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all ""Release-related"" ESI; (d) Plaintiff was the only person who could have retained ""Release-related"" communications that were sent from or received at motivated83@aol.com; and/or (e) ""Release-related"" email communications on motivated83@aol.com were not retained.

Without waiving and subject to these objections, Plaintiff admits Request No. 23, to the extent that there were any such communications.


**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the "motivated83@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or program that caused the deletion of email messages, including documents attached thereto, at some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the motivated83@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all ""Release-related"" email communications sent from

or received at the motivated83@aol.com email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24. By way of explanation, Plaintiff does not know whether the email account associated with the motivated83@aol.com email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:** During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "motivated83@aol.com" email address.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether the email account associated with the motivated83@aol.com email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all ""Release-related"" email communications sent from or received at the motivated83@aol.com email address during the

23

Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents

were lost by not disabling an alleged "janitorial" or "auto-delete" function for

motivated83@aol.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the motivated83@aol.com

email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to

admit or deny the remaining matter in this Request, including whether the email account

associated with the motivated83@aol.com e-mail address had a "janitorial" or "auto-delete"

function or program during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"motivated83@aol.com" email address had an email or size capacity limit at some point during
the Relevant Time Period.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

motivated83@aol.com email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

24

native format with all corresponding metadata, all ""Release-related"" email communications

sent from or received at the motivated83@aol.com email address during the Relevant Time

Period; and (b) Plaintiff was obligated to request that the email host for motivated83@aol.com

increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably

anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for

motivated83@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**    During the Relevant Time Period, you did not
request that the email host increase or remove the email or size capacity limit of the email
account associated with the "motivated83@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."  Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

motivated83@aol.com email address had an email or size capacity limit during any portion of

the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents,

and (b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because that

it creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for

motivated83@aol.com increase or remove the "email or size capacity limit"; and (b) relevant documents from the motivated83@aol.com have not been retained due to a failure to increase or remove an "email or size capacity limit" for motivated83@aol.com.

Without waiving and subject to these objections, Plaintiff admits only that he did not request that the email host for motivated83@aol.com increase or remove any "email or size capacity limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in Request No. 27, including whether there was an "email or size capacity limit" for motivated83@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 28:** You have not preserved in native format with all corresponding metadata the following documents produced to Allstate as scanned images: AW00330 – AW00331; PC11722 – PC11723; TK10904 – TK10905; TK12771 – TK12771; CP01607 – CP01607; CP01624 – CP01624; CP01675 – CP01675.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28 in native format with corresponding metadata; and (b) Plaintiff was under an obligation to retain in native format, with all corresponding metadata, documents that resided on Allstate's network or e-mail systems or on computers over which Allstate has assumed possession, custody, and control. Plaintiff further objects to this Request because it calls for the ultimate legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits that Plaintiff has not retained, in native format with all corresponding metadata, documents identified in Request No. 28.

**REQUEST FOR ADMISSION NO. 29:**  During the period between July 1, 2000, and December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

       Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is

unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and

every R3001 Agent during the period between July 1, 2000 and December 31, 2002.


**REQUEST FOR ADMISSION NO. 41:**  During the Relevant Time Period, you did not download any "Release-related" emails sent to or from the "motivated83@aol.com" email address onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff downloaded any ""Release-related"" emails sent to or from the

"motivated83@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during

any portion of the Relevant Time Period in which Plaintiff was not under an obligation to

preserve documents, and (b) it seeks information about the downloading of ""Release-related""

emails sent to or from the "motivated83@aol.com" email address beyond the period for which

the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this

Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff was

obligated to save locally ""Release-related"" e-mails onto a computer or data storage device that

Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was

obligated to preserve documents throughout the entirety of the "Relevant Time Period."

     Without waiving and subject to these objections, Plaintiff admits Request No. 41 as

drafted.

Dated: October 31, 2011           Respectfully Submitted,


 s/ Michael J. Wilson
_____

Michael D. Lieder (*admitted pro hac*)     Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)  John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC        Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.             K. Catherine Roney (ID No. 94312)
Washington D.C. 20005         Marisel Acosta (ID No. 89696)
Telephone: (202) 265-8010       MORGAN, LEWIS & BOCKIUS LLP
Facsimile: (202) 332-6652        1701 Market Street
                                 Philadelphia, PA 19103
                                 Telephone: (215) 963-5000
                                 Facsimile: (215) 963-5001


Paul Anton Zevnik (ID No. 140986)   Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP  Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.    AARP Foundation Litigation
Washington, D.C. 20004        601 E Street, N.W.
Telephone: (202) 739-3000      Washington, D.C. 20049
Facsimile: (202) 739-3001       Telephone: (202) 434-2060
                                 Facsimile: (202) 824-0955


*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Anthony Wiktor's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson
                                           Michael J. Wilson

# EXHIBIT 20DD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                          )
**GENE R. ROMERO,** *ET AL.*              )
                                          )
                    **Plaintiffs,**       )        **Civil Action No. 01-CV-3894 (RLB)**
                                          )
        **v.**                            )
                                          )
**ALLSTATE INSURANCE COMPANY,** *ET AL.*  )
                                          )
                    **Defendants.**       )
_____     )
                                          )
**GENE R. ROMERO, ET AL.**                )
                                          )
                    **Plaintiffs,**       )        **Civil Action No. 01-CV-6764 (RLB)**
                                          )
        **v.**                            )
                                          )
**ALLSTATE CORPORATION,** *ET AL.*        )
                                          )
                    **Defendants.**       )
_____     )

## PLAINTIFF JOHN WITTMAN'S RESPONSES TO ALLSTATE'S
## SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff John Wittman

("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's

Second Set Of Requests for Admissions ("Requests"):

## A.    GENERAL OBJECTIONS

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is

incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because

discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is

ongoing.

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law.  To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents.  The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action.  The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any Release-related documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

**B.    RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1**: You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all Release-related

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related" ESI to the present.  Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation either:  (a) to retain, prior to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January 1, 1990; or (b) to retain, in native format with all corresponding metadata, all Release-related ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 3 as drafted.

**REQUEST FOR ADMISSION NO. 4**:  Prior to January 27, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

6

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 27, 2001.

        Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to January 27, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Wittman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the

drives or other components of the "personal computer" that contained relevant ESI.  Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "personal

computer" and that Plaintiff had to do so prior to January 27, 2001.

    Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to January 27, 2001, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior

to January 27, 2001 or that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

    Without waiving and subject to these objections, Plaintiff admits Request No. 6.


**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so. Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to August 1, 2001.

      Without waiving and subject to these objections, Plaintiff admits Request No. 7 as

drafted.

**REQUEST FOR ADMISSION NO. 8:** Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Wittman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because: (a) it is not limited to the drives or other components of the "personal computer" that contained relevant ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI during any particular time period. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as drafted.

**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

       Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr.
Wittman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time
Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is not limited to the drives or other components of the "personal computer" that contained relevant ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal computer" and that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.


**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 12.


**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 13 as drafted.

**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of the "personal computer" (as referenced in Mr. Wittman's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to

13

the drives or other components of the "personal computer" that contained relevant ESI.  Plaintiff

further objects to this Request because it creates an unwarranted and inaccurate inference that

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "personal

computer" and/or that Plaintiff had to do so prior to January 1, 2010.

      Without waiving and subject to these objections, Plaintiff admits Request No. 14 as

drafted.


**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior

to January 1, 2010 or that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

      Without waiving and subject to these objections, Plaintiff admits Request No. 15.


**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to
the "Runningclock@aol.com" email address or received Release-related email communications
from the "Rurmingclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were sent to or received from the Runningclock@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 16 as drafted.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent to or received from Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications he sent to or received from Runningclock@aol.com concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related email communications that he sent or received from Runningclock@aol.com; (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained

Release-related email communications from Runningclock@aol.com; and/or (d) Release-related

email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 17.   By way of explanation, Plaintiff

believes that Plaintiff has retained all Release-related email communications received from the

Runningclock@aol.com email address and all Release-related email communications, if any, that

Plaintiff sent to that address.  However, Plaintiff is unable to determine, given the passage of

time, the volume of email communications from Runningclock@aol.com, and the lack of a

regular schedule for Runningclock@aol.com communications, whether Plaintiff has retained

"all" Release-related email communications that Plaintiff received from or sent to the

Runningclock@aol.com email address.


**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received from a "foragents.com"

email address or list beyond the time period for which the parties have currently agreed to collect

and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies Request No, 18 as drafted.  By way of explanation, to the best of his recollection, Plaintiff did not receive or send Release-related email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related

communications from "foragents.com"; (d) that Plaintiff had any Release-related

communications to or from "foragents.com" to retain; and/or (e) Release-related

communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies Request No. 19. By

way of explanation, to the best of his recollection Plaintiff did not have any Release-related

email communications received from or sent to the "foragents.com" email address or email list

from January 1, 1990 through the present to retain.


**REQUEST FOR ADMISSION NO. 20:**  You posted Release-related communications to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that: (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 20 as

drafted. By way of explanation, to the best of his recollection, Plaintiff did not post Release-

related communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) that Plaintiff was the only person who could have retained Release-related communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any Release-related postings to the "Yahoo! ALL" message board to retain; and/or (e) that Release-related communications on the "Yahoo! ALL" message board were not retained.

19

Without waiving and subject to these objections, Plaintiff denies Request No. 21. By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from the "johnsells@aol.com" email address or received Release-related email communications at the "johnsells@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were sent to or received at the johnsells@aol.com email address beyond the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent or received at johnsells@aol.com; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22.

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "johnsells@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent from or received at

"johnsells@aol.com" over a twenty-one year period—the so-called "Relevant Time Period"—

when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiffs retained all email communications that he sent from or received at

johnsells@aol.com over a twenty-one year period concerning legal theories that are

encompassed within Allstate's current definition of "Release-related" but that were not in

existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, "all Release-related email

communications" that Plaintiff received at or sent from johnsells@aol.com throughout the

"Relevant Time Period"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff

reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who

could have retained Release-related communications that were sent from or received at

johnsells@aol.com; and/or (d) Release-related email communications on johnsells@aol.com

were not retained.

       Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, all Release-related communications sent from or received at the johnsells@aol.com

email address since January 1, 1990.

**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the
"johnsells@aol.com" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

the email account associated with the johnsells@aol.com address had or utilized a "janitorial" or

"auto-delete" function or program during any portion of the Relevant Time Period in which

Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about

the email account beyond the period for which the parties have currently agreed to collect and

produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and

inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all

corresponding metadata, all Release-related email communications sent from or received at the

johnsells@aol.com email address during the Relevant Time Period; and(b) prior to when

Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or

"auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of

explanation, Plaintiff does not know whether the email account associated with the

johnsells@aol.com email address actually had a "janitorial" or "auto-delete" function during the

"Relevant Time Period."

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "johnsells@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not make clear

whether it seeks information concerning the entirety of the Relevant Time Period or any portion

of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because:  (a) it is irrelevant whether the email account associated with the johnsells@aol.com

email address had or utilized a "janitorial" or "auto-delete" function or program during any

portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve

documents; and (b) it seeks information about the email account beyond the period for which the

parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request

because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to

retain, in native format with all corresponding metadata, all Release-related email

communications sent from or received at the johnsells@aol.com email address during the

Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete"

function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents

were lost by not disabling an alleged "janitorial" or "auto-delete" function for

johnsells@aol.com.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits

only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or

program that may have existed for the email account associated with the johnsells@aol.com

email address.  By way of further answer, Plaintiff lacks sufficient knowledge or information to

admit or deny the remaining matter in this Request, including whether the email account

associated with the johnsells@aol.com e-mail address had a "janitorial" or "auto-delete" function

or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:**  The email account associated with the
"johnsells@aol.com" email address had an email or size capacity limit at some point during the
Relevant Time Period..

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the johnsells@aol.com email address had an email or size capacity limit during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the johnsells@aol.com email address during the Relevant Time Period; and (b) Plaintiff was obligated to request that the email host for johnsells@aol.com increase or remove the "email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny Request No. 26.  By way of explanation, Plaintiff does not recall whether there was an "email or size capacity limit" for johnsells@aol.com during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request that the email host increase or remove the email or size capacity limit of the email account associated with the "johnsells@aol.com" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit." Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because: (a) it is irrelevant whether the email account associated with the

johnsells@aol.com email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that: (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for johnsells@aol.com

increase or remove the "email or size capacity limit"; and (b) relevant documents from the

johnsells@aol.com have not been retained due to a failure to increase or remove an "email or

size capacity limit" for johnsells@aol.com.

     Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for johnsells@aol.com increase or remove any "email or size capacity

limit" for that account. By way of further answer, Plaintiff lacks sufficient knowledge or

information to admit or deny the remaining matter in Request No. 27, including whether there

was an "email or size capacity limit" for johnsells@aol.com during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 28:** You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
JW00277 - JW00279; JW00297 - JW00297; JW00298 - JW00299; JW00300 - JW00302;
JW00403 - JW00404; JW00407 - JW00407; JW00450 - JW00451.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that: (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have

retained documents in native format, with all corresponding metadata, that reside on Allstate's

network or e-mail systems or on computers over which Allstate has assumed possession,

custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate

legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28.  By way of further answer, it is denied that all of the documents identified in

Request No. 28 have not been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 29:**  During the period between July 1, 2000, and
December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is

unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and

every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 30:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "johnsells@aol.com" email address
onto one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous, because it does not define the term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any Release-related emails sent to or from the "johnsells@aol.com" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of Release-related emails sent to or from the "johnsells@aol.com" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally Release-related e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, and after reasonable inquiry, Plaintiff is unable to admit or deny Request No. 30.  By way of explanation, during the "Relevant Time Period," Plaintiff received or sent at least one e-mail related to the Release from the "johnsells@aol.com" email address onto one of Plaintiff's Electronic Storage Devices but Plaintiff cannot recall if he downloaded any such messages.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson_____
Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                          Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                             K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                         Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                     MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                     1701 Market Street
                                               Philadelphia, PA  19103
                                               Telephone: (215) 963-5000
                                               Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                    Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                AARP Foundation Litigation
Washington, D.C.  20004                        601 E Street, N.W.
Telephone: (202) 739-3000                      Washington, D.C.  20049
Facsimile:  (202) 739-3001                     Telephone:  (202) 434-2060
                                               Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff John Wittman's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA 19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

Dated: October 31, 2011                    /s/ Michael J. Wilson_____

# EXHIBIT 20EE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **GENE R. ROMERO,** *ET AL.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-3894 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **GENE R. ROMERO, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 01-CV-6764 (RLB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLSTATE CORPORATION,** *ET AL.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF RALPH WOLVERTON'S RESPONSES TO ALLSTATE'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Ralph Wolverton ("Plaintiff"), by and through his attorneys, hereby provides the following responses to Allstate's Second Set Of Requests for Admissions ("Requests"):

**A.    GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Allstate's Requests, each of which is incorporated into the specific responses and objections set forth below.

1.    Plaintiff objects to each Request to the extent that it is premature because discovery relating to the invalidity, unenforceability, and/or inapplicability of the Release is ongoing.

1

2.      Plaintiff objects to each Request to the extent that it is overbroad, unduly burdensome, and/or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Request to the extent it seeks information unrelated to the Release, thereby making them irrelevant and unduly burdensome.

4.      Plaintiff objects to each Requests to the extent that it is vague and ambiguous.

5.      Plaintiff objects to each Request to the extent that it seeks information beyond any applicable statute of limitations, contains no time limitation, and/or seeks information outside the relevant period of time concerning the Mass Termination Program.

6.      Plaintiff objects to each Request to the extent that it imposes burdens or responsibilities on Plaintiffs beyond those required by the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, and/or will cause Plaintiff to incur unnecessary expense.

8.      Plaintiff objects to each Request to the extent that it requests information already in the possession of Defendants, information equally available to Defendants, and/or information which is publicly available.

9.      Plaintiff objects to each Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each Request to the extent that it seeks information outside of the possession, custody, or control of Plaintiff.

11.     Plaintiff objects to each Request to the extent that it uses undefined terms or phrases, thereby rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

12.    Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement, amend, or otherwise modify any of the following responses as necessary.

13.    Plaintiff objects to these Requests to the extent that any Request calls for information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, and/or any other privilege or protection recognized under applicable law. To the extent that any request may be construed as calling for admissions that are subject to any such claim or privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis.

14.    Plaintiff objects to Allstate's definition of "Relevant Time Period" as encompassing more than twenty-one years of time, including long periods of time when Plaintiff was not under an obligation to preserve documents. The "Relevant Time Period" includes almost ten years prior to the date on which Plaintiff was first presented with the Release and more than eleven years prior to the filing of the instant action. The use of the term "Relevant Time Period" thereby makes many, if not all of, the Requests overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Relevant Time Period."

15.    Plaintiff objects to Allstate's definition of "Release-related" in the context of these Requests as overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence, because it incorporates legal theories that were not in existence throughout the entire twenty-one year "Relevant Time Period" and because it fails to concretely identify the universe of documents and/or ESI that is the subject of each Request. Nonetheless, Plaintiff answers each Request based upon Allstate's definition of "Release-related."

3

16.     Plaintiff objects to the definition of "Electronic Storage Device" as including any computer or data storage device that Plaintiff may have used in any manner and at any time from January 1, 1990 through the present, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any Release-related documents.

17.     Plaintiff objects to these Requests because they are unduly burdensome in that Plaintiff has already answered many of the Requests in his deposition, interrogatory answers, or both, making it unnecessary to seek admissions establishing the same facts.

18.     In responding to these Requests, Plaintiff does not waive or intend to waive, but rather expressly reserves, the right to object on all appropriate grounds to the use of any evidence or information covered or referred to in the specific responses below.  Further, Plaintiff does not concede that any of Plaintiff's responses are, or will be, admissible evidence.  Plaintiff does not waive any objection, on any ground, whether or not asserted here, to the use of any such response at trial.

19.     To the extent that Plaintiff asserts a specific objection to a particular Request, Plaintiff does not thereby waive these General Objections.  To the extent that Plaintiff objects to a particular Request but proceeds to answer that Request in whole or in part, Plaintiff does not thereby waive any objection to the Request.

20.     Plaintiff incorporates these objections by reference into each and every response below to the extent applicable.

## B.    RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**: You created, obtained, or had in your possession, custody, or control Release-related ESI during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Without waiving and subject to these objections, Plaintiff admits Request No. 1.


**REQUEST FOR ADMISSION NO. 2:** You did not collect, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff objects to this Request as overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did

not collect all "Release-related" ESI that he created, obtained, or received over a twenty-one year

period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do

so during the entire time; and (b) it is irrelevant whether Plaintiff did not collect all ESI over a

twenty-one year period concerning legal theories that are encompassed within Allstate's current

definition of "Release-related" but that were not in existence throughout the "Relevant Time

Period."   Plaintiff further objects to this Request because it creates an unwarranted and

inaccurate inference that Plaintiff had the obligation either:  (a) to collect or preserve, prior to the

date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including e-mail,

that Plaintiff created, obtained, or had in his possession, custody, or control since January 1,

1990; and (b) to collect, in native format with all corresponding metadata, all Release-related

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

Without waiving and subject to these objections, Plaintiff admits Request No. 2 as

drafted.

5

**REQUEST FOR ADMISSION NO. 3:** You did not retain, in native format with all corresponding metadata, all Release-related ESI, including email, that You created, obtained, or had in your possession, custody, or control at any time during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff interprets the Request to seek an admission that Plaintiff did not retain "Release-related"

ESI to the present. Plaintiff objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant

whether Plaintiff did not retain all "Release-related" ESI that he created, obtained, or received

over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not

under an obligation to do so during the entire time; and (b) it is irrelevant whether Plaintiff did

not retain all ESI over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period." Plaintiff further objects to this request because it creates an

unwarranted and inaccurate inference that Plaintiff had the obligation either: (a) to retain, prior

to the date when Plaintiff reasonably anticipated litigation, all "Release-related" ESI, including

e-mail, that Plaintiff created, obtained, or had in his possession, custody, or control since January

1, 1990; or (b) to retain, in native format with all corresponding metadata, all Release-related

ESI, including e-mail, that existed on any Allstate-provided "Electronic Storage Device" or

server over which Allstate had or subsequently assumed possession, custody, or control.

       Without waiving and subject to these objections, Plaintiff admits Request No. 3 as

drafted.

**REQUEST FOR ADMISSION NO. 4**: Prior to October 30, 2000, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

6

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to October 30, 2000.

      Without waiving and subject to these objections, Plaintiff admits Request No. 4 as

drafted.


**REQUEST FOR ADMISSION NO. 5:**  Prior to October 30, 2000, You did not make a
Forensic Copy (or otherwise make an electronic copy) of the computer You purchased in 2001
(as referenced in Mr. Wolverton's response to Allstate Interrogatory No. 10) that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it is not limited to

the drives or other components of the computer referred to in this Request that contained relevant

ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate

inferences that Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of that

computer and that Plaintiff had to do so prior to October 30, 2000.

Without waiving and subject to these objections, Plaintiff admits Request No. 5 as

drafted.


**REQUEST FOR ADMISSION NO. 6:**  Prior to October 30, 2000, You did not search for
Release-related ESI from the Relevant Time Period by conducting electronic searches, such as
key word searches, against the ESI (in native format, with all corresponding metadata) in Your
possession, custody, or control.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it is irrelevant whether

Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no

obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted

and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior

to October 30, 2000 or that Plaintiff had the obligation to preserve all Release-related ESI that

Plaintiff received from January 1, 1990 through the present.

Without waiving and subject to these objections, Plaintiff admits Request No. 6.


**REQUEST FOR ADMISSION NO. 7:**  Prior to August 1, 2001, You did not make a Forensic
Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used
during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may have used in any manner, including computers or data storage devices that Plaintiff did not possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time Period," including any Allstate-provided Electronic Storage Device over which Allstate had or subsequently assumed possession, custody, or control or any "Electronic Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 7 as drafted.

**REQUEST FOR ADMISSION NO. 8:**  Prior to August 1, 2001, You did not make a Forensic Copy (or otherwise make an electronic copy) of the computer You purchased in 2001 (as referenced in Mr. Wolverton's response to Allstate Interrogatory No. 10) that You used during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

9

calculated to lead to the discovery of admissible evidence, including because it is not limited to the drives or other components of the computer referenced in the Request that contained relevant ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his "Compaq" computer and that Plaintiff had to do so prior to August 1, 2001.

Without waiving and subject to these objections, Plaintiff admits Request No. 8 as drafted.

**REQUEST FOR ADMISSION NO. 9:** Prior to August 1, 2001, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI during any particular time period. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to August 1, 2001, or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 9 as drafted.

**REQUEST FOR ADMISSION NO. 10:** Prior to July 29, 2009, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant that

Plaintiff did not make a "Forensic Copy" of  each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a "Forensic

Copy" of each "Electronic Storage Device" that he used over a twenty-one year period—the so-

called "Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of "each Electronic

Storage Device" that Plaintiff "used" in any manner and at any time during the "Relevant Time

Period," including any Allstate-provided Electronic Storage Device over which Allstate had or

subsequently assumed possession, custody, or control or any "Electronic Storage Device" that

Plaintiff did not control or possess within the meaning of Rule 34; and (b) Plaintiff had to do so

prior to July 29, 2009.

       Without waiving and subject to these objections, Plaintiff admits Request No. 10 as

drafted.


**REQUEST FOR ADMISSION NO. 11:**  Prior to July 29, 2009, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the computer You purchased in 2001 (as
referenced in Mr. Wolverton's response to Allstate Interrogatory No. 10) that You used during
the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, including because it is not limited to the drives or other components of the referenced computer that contained relevant ESI. Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his computer and/or that Plaintiff had to do so prior to July 29, 2009.

Without waiving and subject to these objections, Plaintiff admits Request No. 11 as drafted.


**REQUEST FOR ADMISSION NO. 12:**  Prior to July 29, 2009, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**     Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to July 29, 2009 or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 12.


**REQUEST FOR ADMISSION NO. 13:**  Prior to January 1, 2010, You did not make a Forensic Copy (or otherwise make an electronic copy) of each Electronic Storage Device that You used during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not make a "Forensic Copy" of each "Electronic Storage Device" that Plaintiff may

have used in any manner, including computers or data storage devices that Plaintiff did not

possess or control within the meaning of Rule 34 or on which Plaintiff did not store, receive, or

obtain any relevant documents; and (b) it is irrelevant whether Plaintiff did not make a copy of

each "Electronic Storage Device" that he used over a twenty-one year period—the so-called

"Relevant Time Period"—when Plaintiff was under no obligation to do so.   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:

(a) Plaintiff had the obligation to make a "Forensic Copy" (or electronic copy) of "each

Electronic Storage Device" that Plaintiff "used" in any manner and at any time during the

"Relevant Time Period," including any Allstate-provided "Electronic Storage Device" over

which Allstate had or subsequently assumed possession, custody, or control or any "Electronic

Storage Device" that Plaintiff did not control or possess within the meaning of Rule 34; and (b)

Plaintiff had to do so prior to January 1, 2010.

        Without waiving and subject to these objections, Plaintiff admits Request No. 13 as

drafted.


**REQUEST FOR ADMISSION NO. 14:**  Prior to January 1, 2010, You did not make a Forensic
Copy (or otherwise make an electronic copy) of the computer You purchased in 2001 (as
referenced in Mr. Wolverton's response to Allstate Interrogatory No. 10) that You used during
the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is not limited to the drives or other components of the referenced computer that contained relevant ESI.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to make a Forensic Copy (or electronic copy) of his  computer and/or that Plaintiff had to do so prior to January 1, 2010.

Without waiving and subject to these objections, Plaintiff admits Request No. 14 as drafted.

**REQUEST FOR ADMISSION NO. 15:**  Prior to January 1, 2010, You did not search for Release-related ESI from the Relevant Time Period by conducting electronic searches, such as key word searches, against the ESI (in native format, with all corresponding metadata) in Your possession, custody, or control.

**RESPONSE:**    Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is irrelevant whether Plaintiff conducted electronic searches for Release-related ESI when Plaintiff was under no obligation to do so.  Plaintiff further objects to this Request because it creates an unwarranted and inaccurate inference that Plaintiff had the obligation to search for Release-related ESI prior to January 1, 2010 or that Plaintiff had the obligation to preserve all Release-related ESI that Plaintiff received over a twenty-one year period—the so-called "Relevant Time Period."

Without waiving and subject to these objections, Plaintiff admits Request No. 15.

**REQUEST FOR ADMISSION NO. 16:**  You sent Release-related email communications to the "Runningclock@aol.com" email address or received Release-related email communications from the "Runningclock@aol.com" email address during the Relevant Time Period.

14

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related e-mail communications that were sent to or received from the

Runningclock@aol.com email address beyond the time period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications that he

sent or received from the Runningclock@aol.com email address; and (b) Plaintiff had the

obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-

related ESI.

      Without waiving and subject to these objections, Plaintiff admits Request No. 16 as

drafted.

**REQUEST FOR ADMISSION NO. 17:**  You have not retained, in native format with all
corresponding metadata, all Release-related email communications You sent to or received from
the "Runningclock@aol.com" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether

Plaintiff did not retain all Release-related email communications that he sent to or received from

Runningclock@aol.com when Plaintiff was not under an obligation to do so during the entire

period in which Runningclock@aol.com has existed; and (b) it is irrelevant whether Plaintiff did

not retain all email communications he sent to or received from Runningclock@aol.com

concerning legal theories that are encompassed within Allstate's current definition of "Release-

related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further

objects to this Request because it creates unwarranted and inaccurate inferences that:  (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related email communications that he sent or received from Runningclock@aol.com; (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained

Release-related email communications from Runningclock@aol.com; and/or (d) Release-related

email communications from Runningclock@aol.com have not been retained.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient information to admit or deny Request No. 17.  However, Plaintiff is unable to

determine, given the passage of time, the volume of email communications from

Runningclock@aol.com, and the lack of a regular schedule for Runningclock@aol.com

communications, whether Plaintiff has retained "all" Release-related email communications that

Plaintiff received from or sent to the Runningclock@aol.com email address.

**REQUEST FOR ADMISSION NO. 18:**  You sent Release-related email communications to a
"foragents.com" email address or email list, or received Release-related email communications
from a "foragents.com" email address or email list, during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff incorporates by reference herein the foregoing General Objections.  Plaintiff further

objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence, because it seeks information about Release-related e-

mail communications that were sent to or received from a "foragents.com" email address or list

beyond the time period for which the parties have currently agreed to collect and produce ESI.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications that he sent or received from the foragents.com email address or email list; and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies this Request as drafted. By way of explanation, to the best of his recollection, Plaintiff did not receive or send Release-related email communications from/to a "foragents.com" email address or email list.

**REQUEST FOR ADMISSION NO. 19:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications You sent to or received from a "foragents.com" email address or email list during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent to or received from "foragents.com" when Plaintiff was not under an obligation to do so during the entire period in which that email address or email list existed; and (b) it is irrelevant whether Plaintiff did not retain all email communications that he sent to or received from "foragents.com" over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related ESI that he sent to or received from "foragents.com"; (b) Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained Release-related

communications from "foragents.com"; (d) that Plaintiff had any Release-related

communications to or from "foragents.com" to retain; and/or (e) Release-related

communications from "foragents.com" have not been retained.

Without waiving and subject to these objections, Plaintiff denies this Request. By way of

explanation, to the best of his recollection Plaintiff did not have any Release-related email

communications received from or sent to the "foragents.com" email address or email list from

January 1, 1990 through the present to retain.

**REQUEST FOR ADMISSION NO. 20:** You posted Release-related communications to the
"Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because it seeks information about

Release-related communications that were posted to the "Yahoo! ALL" message board beyond

the time period for which the parties have currently agreed to collect and produce ESI. Plaintiff

further objects to this Request because it creates unwarranted and inaccurate inferences that: (a)

Plaintiff had the obligation to retain, in native format with all corresponding metadata, all

Release-related communications that he posted to the "Yahoo! ALL" message board; and (b)

Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff denies Request No. 17 as

drafted. By way of explanation, to the best of his recollection, Plaintiff did not post Release-

related communications to the "Yahoo! ALL" message board.

**REQUEST FOR ADMISSION NO. 21:**  You have not retained, in native format with all corresponding metadata, all Release-related communications You posted to the "Yahoo! ALL" message board during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period—the so-called "Relevant Time Period"—when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant whether Plaintiff did not retain all ESI that he posted on the "Yahoo! ALL" message board over a twenty-one year period concerning legal theories that are encompassed within Allstate's current definition of "Release-related" but that were not in existence throughout the "Relevant Time Period."   .   Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences:  (a) that Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related communications that Plaintiff posted to the "Yahoo! ALL" message board when Plaintiff was not under an obligation to do so during the entire period in which that message board existed; (b) that Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI; (c) that Plaintiff was the only person who could have retained Release-related communications that were posted on the "Yahoo! ALL" message board; (d) that Plaintiff had any Release-related postings to the "Yahoo! ALL" message board to retain; and/or (e) that Release-related communications on the "Yahoo! ALL" message board were not retained.

Without waiving and subject to these objections, Plaintiff denies this Request.  By way of explanation, to the best of his recollection, Plaintiff did not have any postings to the "Yahoo! ALL" message board from January 1, 1990 to the present to retain.

**REQUEST FOR ADMISSION NO. 22:**  You sent Release-related email communications from the "arbwol@cox.net" email address or received Release-related email communications at the "arbwol@cox.net" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information about Release-related e-mail communications that were sent to or received at the arbwol@cox.net email address beyond the time period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received in the "arbwol@cox.net" email address and (b) Plaintiff had the obligation to retain, prior to the date when Plaintiff reasonably anticipated litigation, all Release-related ESI.

Without waiving and subject to these objections, Plaintiff admits Request No. 22.

**REQUEST FOR ADMISSION NO. 23:**  You have not retained, in native format with all corresponding metadata, all Release-related email communications sent from or received at the "arbwol@cox.net" email address during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether Plaintiff did not retain all Release-related email communications that he sent from or received at

20

"dlturk@home.com" over a twenty-one year period—the so-called "Relevant Time Period"—

when Plaintiff was not under an obligation to do so during that entire time; and (b) it is irrelevant

whether Plaintiffs retained all email communications that he sent from or received at

dlturk@home.com over a twenty-one year period concerning legal theories that are encompassed

within Allstate's current definition of "Release-related" but that were not in existence throughout

the "Relevant Time Period."   Plaintiff further objects to this Request because it creates

unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native

format with all corresponding metadata, "all Release-related email communications" that

Plaintiff received at or sent from dlturk@home.comthroughout the "Relevant Time Period"; (b)

Plaintiff had an obligation to retain, prior to the date when Plaintiff reasonably anticipated

litigation, all Release-related ESI; (c) Plaintiff was the only person who could have retained

Release-related communications that were sent from or received at dlturk@home.com; and/or (d)

Release-related email communications on dlturk@home.comwere not retained.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information and knowledge to admit or deny this Request.  By way of

explanation, Plaintiff does not recall whether he retained, in native format with all corresponding

metadata, all Release-related communications sent from or received at the arbwol@cox.net email

address since January 1, 1990.


**REQUEST FOR ADMISSION NO. 24:**  The email account associated with the
"arbwol@cox.net" email address had or utilized a "janitorial" or "auto-delete" function or
program that caused the deletion of email messages, including documents attached thereto, at
some point during the Relevant Time Period.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence, because:  (a) it is irrelevant whether the email account associated with the arbwol@cox.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the arbwol@cox.net email address during the Relevant Time Period; and (b) prior to when Plaintiff reasonably anticipated litigation, Plaintiff was obligated to disable any "janitorial" or "auto-delete" function.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the matter in Request No. 24.  By way of explanation, Plaintiff does not know whether the email account associated with the arbwol@cox.net email address actually had a "janitorial" or "auto-delete" function during the "Relevant Time Period.

**REQUEST FOR ADMISSION NO. 25:**  During the Relevant Time Period, you did not disable the "janitorial" or "auto-delete" function or program of the email account associated with the "arbwol@cox.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not make clear whether it seeks information concerning the entirety of the Relevant Time Period or any portion of the Relevant Time Period.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

because: (a) it is irrelevant whether the email account associated with the arbwol@cox.net email address had or utilized a "janitorial" or "auto-delete" function or program during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents; and (b) it seeks information about the email account beyond the period for which the parties have currently agreed to collect and produce ESI. Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that: (a) Plaintiff had the obligation to retain, in native format with all corresponding metadata, all Release-related email communications sent from or received at the arbwol@cox.net email address during the Relevant Time Period; (b) Plaintiff was obligated to disable any "janitorial" or "auto-delete" function, prior to when Plaintiff reasonably anticipated litigation; and (c) relevant documents were lost by not disabling an alleged "janitorial" or "auto-delete" function for arbwol@cox.net.

Without waiving and subject to these objections, after reasonable inquiry, Plaintiff admits only that Plaintiff did not take steps to disable any "janitorial" or "auto-delete" function or program that may have existed for the email account associated with the arbwol@cox.net email address. By way of further answer, Plaintiff lacks sufficient knowledge or information to admit or deny the remaining matter in this Request, including whether the email account associated with the arbwol@cox.net e-mail address had a "janitorial" or "auto-delete" function or program during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 26:** The email account associated with the "arbwol@cox.net" email address had an email or size capacity limit at some point during the Relevant Time Period.

**RESPONSE:** Plaintiff incorporates by reference herein the foregoing General Objections. Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

arbwol@cox.net email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) Plaintiff had the obligation to retain, in

native format with all corresponding metadata, all Release-related email communications sent

from or received at the arbwol@cox.net email address during the Relevant Time Period; and (b)

Plaintiff was obligated to request that the email host for arbwol@cox.net increase or remove the

"email or size capacity limit," prior to when Plaintiff reasonably anticipated litigation.

       Without waiving and subject to these objections, after reasonable inquiry, Plaintiff lacks

sufficient knowledge or information to admit or deny this Request.  By way of explanation,

Plaintiff does not recall whether there was an "email or size capacity limit" for arbwol@cox.net

during the "Relevant Time Period."

**REQUEST FOR ADMISSION NO. 27:**  During the Relevant Time Period, you did not request
that the email host increase or remove the email or size capacity limit of the email account
associated with the "arbwol@cox.net" email address.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous because it does not define the

phrase "email or size capacity limit."   Plaintiff further objects to this Request as overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, because:  (a) it is irrelevant whether the email account associated with the

arbwol@cox.net email address had an email or size capacity limit during any portion of the

Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and

(b) it seeks information about the email account beyond the period for which the parties have

currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it

creates unwarranted and inaccurate inferences that:  (a) prior to when Plaintiff reasonably

anticipated litigation, Plaintiff was obligated to request that the email host for arbwol@cox.net

increase or remove the "email or size capacity limit"; and (b) relevant documents from the

arbwol@cox.net have not been retained due to a failure to increase or remove an "email or size

capacity limit" for arbwol@cox.net.

    Without waiving and subject to these objections, Plaintiff admits only that he did not

request that the email host for arbwol@cox.net increase or remove any "email or size capacity

limit" for that account.  By way of further answer, Plaintiff lacks sufficient knowledge or

information to admit or deny the remaining matter in Request No. 24, including whether there

was an "email or size capacity limit" for arbwol@cox.net during the "Relevant Time Period."


**REQUEST FOR ADMISSION NO. 28:**  You have not preserved in native format with all
corresponding metadata the following documents produced to Allstate as scanned images:
CP01607 - CP01607; CP01624 - CP01624; CP01675 - CP01675; CP01676 - CP01676; CP01681
- CP01681; RSW04448 - RSW04449; RSW05254 - RSW05258.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences

that:  (a) Plaintiff was under an obligation to produce the documents identified in Request No. 28

in native format with corresponding metadata; and (b) Plaintiff was under an obligation to have

retained documents in native format, with all corresponding metadata, that reside on Allstate's

network or e-mail systems or on computers over which Allstate has assumed possession,

custody, and control.  Plaintiff further objects to this Request because it calls for the ultimate

legal conclusion as to whether Plaintiff "preserved" documents.

Without waiving and subject to these objections, Plaintiff admits only that Plaintiff has

not retained, in native format with all corresponding metadata, each of the documents identified

in Request No. 28.  By way of further answer, it is denied that all of the documents identified in

Request No. 28 have not been retained and produced in native format with all corresponding

metadata.

**REQUEST FOR ADMISSION NO. 29:**  During the period between July 1, 2000, and
December 31, 2002, Allstate did not alter the commission rates paid to R3001 Agents.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects that this Request seeks an admission about information that is uniquely

within the possession of Allstate itself.

Without waiving and subject to these objections, after reasonable investigation, Plaintiff

lacks sufficient information to admit or deny this Request.  By way of explanation, Plaintiff is

unaware, at this time, as to whether Allstate "alter[ed]" the commission rates paid to each and

every R3001 Agent during the period between July 1, 2000 and December 31, 2002.

**REQUEST FOR ADMISSION NO. 30:**  During the Relevant Time Period, you did not
download any Release-related emails sent to or from the "arbwol@cox.net" email address onto
one of your Electronic Storage Devices.

**RESPONSE:**  Plaintiff incorporates by reference herein the foregoing General Objections.

Plaintiff further objects to this Request as vague and ambiguous, because it does not define the

term "download."  Plaintiff interprets this term to mean "save on Plaintiffs' Electronic Storage

Devices."  Plaintiff further objects to this Request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, because: (a) it is irrelevant whether Plaintiff downloaded any Release-related emails sent to or from the "arbwol@cox.net" email address onto one of Plaintiff's Electronic Storage Devices during any portion of the Relevant Time Period in which Plaintiff was not under an obligation to preserve documents, and (b) it seeks information about the downloading of Release-related emails sent to or from the "arbwol@cox.net" email address beyond the period for which the parties have currently agreed to collect and produce ESI.  Plaintiff further objects to this Request because it creates unwarranted and inaccurate inferences that:  (a) Plaintiff was obligated to save locally Release-related e-mails onto a computer or data storage device that Plaintiff possessed or controlled during the "Relevant Time Period"; and (b) Plaintiff was obligated to preserve documents throughout the entirety of the "Relevant Time Period."

Without waiving and subject to these objections, and after reasonable inquiry, Plaintiff is unable to admit or deny Request No. 30.  By way of explanation, during the "Relevant Time Period," Plaintiff received or sent at least one e-mail related to the Release from the "arbwol@cox.net" email address onto one of Plaintiff's Electronic Storage Devices but Plaintiff cannot recall if he downloaded any such messages.

Dated: October 31, 2011                    Respectfully Submitted,


 s/ Michael J. Wilson
Michael D. Lieder (*admitted pro hac*)        Coleen M. Meehan (ID No. 39765)
Michael J. Wilson (admitted *pro hac vice*)   John V. Gorman (ID No. 80631)
SPRENGER & LANG, PLLC                          Brian M. Ercole (ID No. 91591)
1400 Eye St., N.W.                             K. Catherine Roney (ID No. 94312)
Washington D.C.  20005                         Marisel Acosta (ID No. 89696)
Telephone:  (202) 265-8010                     MORGAN, LEWIS & BOCKIUS LLP
Facsimile:  (202) 332-6652                     1701 Market Street
                                               Philadelphia, PA  19103
                                               Telephone: (215) 963-5000
                                               Facsimile:  (215) 963-5001


Paul Anton Zevnik (ID No. 140986)             Thomas W. Osborne (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP                    Mary Ellen Signorille (admitted *pro hac vice*)
1111 Pennsylvania Avenue, N.W.                 AARP Foundation Litigation
Washington, D.C.  20004                        601 E Street, N.W.
Telephone: (202) 739-3000                      Washington, D.C.  20049
Facsimile:  (202) 739-3001                     Telephone:  (202) 434-2060
                                               Facsimile:  (202) 824-0955


*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff Ralph Wolverton's

Responses to Allstate's Second Set of Requests for Admission was served on October 31, 2011

via e-mail on all counsel of record, with a copy by regular mail to the following:

Katherine Menapace Katchen
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market Street, Suite, 4100
Philadelphia, PA  19103

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654

Donald R. Livingston
Nathan J. Oleson
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Dated: October 31, 2011                    /s/ Michael J. Wilson_____