IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **GENE R. ROMERO**, *et al.* | CIVIL ACTION |
| Plaintiffs, | NO. 01-3894 |
| v. | CONSOLIDATED WITH: |
| **ALLSTATE INSURANCE COMPANY**, *et al.* | NO. 01-6764 |
| Defendants. | |

**ALLSTATE'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT AND THE *HARRIS* AND
*MCLAUGHLIN* INTERVENOR COMPLAINTS**

Defendants Allstate Insurance Company, the Allstate Corporation, Agents Pension Plan, and Administrative Committee (collectively "Allstate") respectfully move this Court to dismiss with prejudice certain claims alleged in Plaintiffs' Third Amended Complaint and the *Harris* and *McLaughlin* Intervenor Complaints. In support of this Motion, Allstate relies on the accompanying Memorandum and states as follows:

1. Plaintiffs' and Intervenors' state law breach-of-contract and breach-of-fiduciary-duty claims (Counts V–VII in the *Romero* Complaint, and Counts IV–VI in the *Harris* and *McLaughlin* Complaints) fail because these individuals have ratified their release of these claims.

2. Plaintiffs' and Intervenors' retaliation claims under the ADEA and ERISA concerning their termination of employment (Counts I and IV in the *Romero* Complaint, and Counts I and III in the *Harris* and *McLaughlin* Complaints) fail as a matter of law based on Third Circuit binding precedent.

3. The breach-of-contract claims of Plaintiffs and Intervenors (Counts V–VI in the *Romero* Complaint, and Counts IV–V in the *Harris* and *McLaughlin* Complaints) fail because these individuals' R830 and R1500 contracts were terminable at will.

4. The breach-of-contract claims of the new Plaintiffs based in Arizona (Counts V–VI in the *Romero* Complaint) fail based on the expiration of the applicable statute of limitations.

5. The breach-of-fiduciary-duty claims of the new Plaintiffs based in Tennessee (Count VII in the *Romero* Complaint) fail based on the expiration of the applicable statute of limitations.

WHEREFORE, Allstate respectfully requests that the Court grant its Motion to Dismiss, dismissing the above claims in the *Romero* Third Amended Complaint and the *Harris* and *McLaughlin* Intervenor Complaints with prejudice, and grant it all other appropriate relief.

\* \* \*

Dated:  July 28, 2015	Respectfully submitted,

/s/  Jordan M. Heinz
Katherine Menapace Katchen (I.D. No. 80395)
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
2001 Market St., Ste. 4100
Philadelphia, PA  19103
(215) 965-1200
(215) 965-1210 (fax)

Richard C. Godfrey, P.C.
Sallie G. Smylie, P.C.
Erica B. Zolner
Jordan M. Heinz
Tia T. Trout-Perez
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654
(312) 862-2000
(312) 862-2200 (fax)

Peter A. Bellacosa
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800
(212) 446-4900 (fax)

Donald R. Livingston
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Ave., N.W.
Washington, D.C.  20036
(202) 887-4000
(202) 887-4288 (fax)

*Attorneys for the Allstate Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on July 28, 2015, by the Court's Electronic Case Filing system and by electronic mail on all counsel of record.

/s/   Jordan M. Heinz