## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENE R. ROMERO,** *et al.*, | : |
| **Plaintiffs,** | : |
| | : No. 01-CV-3894 |
| v. | : |
| | : CLASS ACTION |
| **ALLSTATE INSURANCE COMPANY,** *et al.*, | : |
| | : CONSOLIDATED WITH: |
| | : NO: 01-6764 |
| **Defendants.** | : |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ALLSTATE'S MOTION *IN LIMINE* NO. 13 TO SEQUESTER PLAINTIFFS DURING TESTIMONY OF OTHER PLAINTIFFS**

Plaintiffs submit this response in opposition to the Motion *in Limine* No. 13 of Defendants Allstate Insurance Company, Allstate Corporation, and Ed Liddy (collectively, "Allstate") to Sequester Plaintiffs During Testimony of Other Plaintiffs (Dkt. No. 726).

### I.   INTRODUCTION

Allstate's motion to sequester Plaintiffs during the trial testimony of other Plaintiffs is frivolous and should be rejected. The power of a court to exclude witnesses from trial does not extend to a party. The Federal Rules of Evidence expressly allow Plaintiffs to be present at trial, and the case law upon which Allstate relies does not compel a different conclusion. Moreover, contrary to Allstate's suggestion, there is significant common evidence that will be presented at trial. This Court denied Allstate's motion with prejudice prior to the June 1, 2015 trial. Despite Allstate's baseless allegations, it has not presented any evidence that any Plaintiff changed his or her testimony at the June 1, 2015 trial.

## II. ARGUMENT

### A. Federal Rule of Evidence 615 Expressly Permits Plaintiffs To Be Present.

This Court denied Allstate's motion to sequester Plaintiffs for the trial commencing June 1, 2015 (the "First Release Trial") with prejudice because "Federal Rule of Evidence 615 controls this matter and does not authorize the exclusion of parties who are natural persons." (4/16/15 Order, Dkt. No. 573, at ¶ 12 & n.6). In its renewed motion to sequester Plaintiffs during the testimony of other Plaintiffs for the second trial, Allstate again concedes that Federal Rule of Evidence 615 controls the sequestration question that is the subject of its motion *in limine*. Although acknowledging that Rule 615 specifically exempts a natural person (like Plaintiffs) from sequestration, Allstate nevertheless asks this Court to violate Rule 615(a) and sequester Plaintiffs.

As Plaintiffs established in their opposition to Allstate's initial motion, sequestering the Plaintiffs would be reversible error. In *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3d Cir. 1977), the district court had not ruled on a motion to amend a complaint to name a witness as a defendant and sequestered that witness during critical testimony because he was not yet a party. The Third Circuit reversed and ordered a new trial for that defendant because the court had "impermissibly nullified [his] important right to be present during trial." *Id.* at 176. In general, the Third Circuit rigorously enforces the exceptions to sequestration spelled out in Rule 615. *See United States v. Gonzalez*, 918 F.2d 1129, 1136-37 (3d Cir. 1990) (affirming denial of request for sequestration of government's case agent, who qualified under exception (b) as an employee of a party that is not a natural person who is designated as the party's representative at trial); *Virgin Islands v. Edinborough*, 625 F.2d 472, 474-75 (3d Cir. 1980) (affirming denial of request for sequestration of mother of witness who was a minor, who qualified under exception (c) as essential to presenting the party's claim because of the anxiety likely to be experienced by the

2

child). Accordingly, the Court denied Allstate's motion for the First Release Trial pursuant to Rule 615. (4/16/15 Order, Dkt. No. 573, at ¶ 12 & n.6). Plaintiffs renew their Response in Opposition to Allstate's Motion *in Limine* No. 12 to Sequester Plaintiffs During Testimony of Other Plaintiffs and incorporate it herein by reference. (*See* Dkt. No. 537, Apr. 6, 2015).

    **B.**    **Allstate Presents No Evidence From The First Release Trial To Justify Sequestering Plaintiffs At Subsequent Trials.**

Allstate's motion makes baseless allegations to suggest that Plaintiffs' testimony at the First Release Trial presented "problems" and that "Plaintiffs' testimony had been affected by what they had previously heard." (Defs. Br., Dkt. No. 726-1, at 3). Allstate's only new argument is that sequestration is warranted because "[t]he fact that later-testifying Plaintiffs referred back in their answers to testimony from earlier-testifying Plaintiffs strongly suggests that their testimony changed as a result of what they heard in the courtroom." *Id.* Allstate's argument is not supported and not persuasive. As this Court already recognized, there are many common factual issues to be tried. *See Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 410-12 (E.D. Pa. 2014) (discussing disputes concerning inferences that could be drawn from undisputed facts concerning voluntariness); *id.* at 412-17 (discussing disputed issues of fact concerning alleged misrepresentations). Testimony concerning these common issues is probative of the claims of all of the Plaintiffs. Some examples of common facts that were established by one Plaintiff and referred back to in another Plaintiff's testimony cited by Allstate include (a) the Office Expense Allowance ("OEA") under which NOAs could receive reimbursement for certain business expenses (*see* Defs. Br., Dkt. No. 726-1, at 2; *see also* Established Facts ("EF") at ¶¶ 15-16) and (b) the 90-day termination provision in the R3001 contract (*see* Defs. Br., Dkt. No. 726-1, at 2; *see also* Trial Ex. DTX-115, admitted into evidence, Dkt. No. 634, at § XVII, ARI4405-06).

By design, Plaintiffs laid the foundation for many common facts at trial through their first two witnesses Craig Crease and Ron Harper.  Plaintiffs' counsel made clear from the opening statement that they intended to establish common facts through these two witnesses in an effort to avoid being repetitive and subjecting the jury to the same testimony, stating:

> Here is what is going to happen now.  We are going to put on testimony from each of the ten plaintiffs who are at issue in this trial.  We have to do that because you need to decide as to each of them whether their decision was a voluntary one or not.  ***We don't want this to be repetitive.  We have done everything we can to limit the testimony to testimony that we think you need to hear in order to make that decision.***  The first two folks that are going to testify are Craig Crease, who was an agent in Kansas for many years, and Ron Harper, who for many years was an agent in Georgia.  Mr. Crease's testimony is going to be somewhat longer than you will hear from the others, largely because he goes first.  ***He is going to have to explain to you some of the basic information.  With each additional witness, that foundation will have been established and testimony is not likely to go as long***."

*See* 6/2/15 Trial Tr., at 106:25-107:18 (emphasis added).

Allstate did not object to Plaintiffs' plan to streamline the trial.  Throughout trial, Plaintiffs continued to notify Allstate, the Court and the jury that while "the first couple of witnesses were obviously much lengthier[,] we are now trying to speed things along to get to the story for each separate plaintiff."  (6/4/15 Trial Tr., at 215:9-13).  The Court explicitly agreed with Plaintiffs' plan to "streamline the [P]laintiffs' case," stating "I think that is a very admirable thing to do, both in terms of – from my perspective and also for the jurors' perspective, who has heard a lot and good to attempt to streamline it."  (6/8/15 Trial Tr., at 8:25-9:7).

Allstate has not – and cannot – present any evidence that any Plaintiff changed his or her testimony after hearing another Plaintiff testify.  Instead, Allstate has simply quoted selective portions of Plaintiffs' testimony wherein they acknowledged that they heard other Plaintiffs' testimony on common facts.  (Defs. Br., Dkt. No. 726-1, at 2-3).  Allstate also quoted testimony

4

whereby Plaintiffs intended to simply remind the jury of something that was previously said, indicating that they experienced the same circumstances as a fellow Allstate employee agent, rather than subject the jury to repetitive questioning and testimony. (*Id.*). In no way do the references cited by Allstate suggest that any Plaintiff's testimony was influenced by another Plaintiff or that Plaintiffs would have testified any differently had they not been in the room for prior testimony. Such a result is extremely unlikely given that each Plaintiff was an Allstate employee agent for 10 to 19 years. (*See* EF at ¶¶ 93-102). It goes without saying that Plaintiffs were well-aware of common facts applicable to Allstate employee agents, such as the existence and parameters of the OEA and the terminability of the R3001 contract.

Allstate attempts to create a "problem" that simply does not exist in order to get a second bite at the apple. Sequestering the Plaintiffs at subsequent trials will "raise serious problems of confrontation and due process. Under accepted practice they are not subject to exclusion." Fed. R. Evid. 615 Advisory Committee's Note (*citing* 6 Wigmore, Evidence, § 1841). Plaintiffs should have the right to protect their interests by watching the conduct of the trial and advising counsel to the extent that they see fit, regardless of whether they have yet testified at trial. *State ex rel. V.M.*, 363 N.J. Super. 529, 535 (App. Div. 2003) (explaining "the party's aid in the conduct of the cause may be indispensable, and his absence is in any case hardly consistent with his general right to protect his interest by watching the conduct of the trial.") (quoting 6 Wigmore, *Evidence*, § 1841). The Federal Rules encourage consolidation of cases involving common issues through a myriad of procedural devices, and Rule 615 does not carve out parties in cases raising common issues from exception (a). The Court has already denied Allstate's motion with prejudice. Because nothing has changed, it should do the same with the instant motion.

## III.  CONCLUSION

Federal Rule of Evidence 615(a) establishes the right of Plaintiffs to attend all of the trial, not just the portion after they testify.  The Third Circuit protects that right.  Allstate's request that this Court violate the Rules of Evidence is contrary to both the authority from this Circuit and the Court's prior ruling; therefore, it should be rejected.  Allstate's motion *in limine* to sequester the Plaintiffs should be denied.


Date:  October 30, 2015            Respectfully submitted,


/s/ Coleen M. Meehan
Coleen M. Meehan (ID No. 39765)
William P. Quinn, Jr. (ID No. 39083)
David W. Marston Jr. (ID No. 84399)
Brian M. Ercole (ID No. 91591)
Marisel Acosta (ID No. 89696)
Jacqueline C. Gorbey (ID No. 312041)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001


Michael D. Lieder (admitted *pro hac vice*)
SPRENGER & LANG, PLLC
1250 Connecticut Ave. NW., Suite 300
Washington, D.C. 20036
mlieder@sprengerlang.com
Telephone:  (202) 446-1909
Facsimile:  (202) 822-4997

        Mary Ellen Signorille (admitted *pro hac vice*)
        AARP Foundation Litigation
        601 E Street, N.W.
        Washington, D.C.  20049
        msignorille@aarp.org
        tosborne@aarp.org
        Telephone:  (202) 434-2060
        Facsimile:  (202) 434-6424

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response in Opposition to Allstate's Motion *in Limine* No. 13 to Sequester Plaintiffs During the Testimony of Other Plaintiffs was served via ECF and electronic email on all counsel of record on October 30, 2015.

Date:  October 30, 2015                                          /s/ Coleen M. Meehan
                                                                 Coleen M. Meehan