IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE R. ROMERO, et al., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | NO. 01-3894 |
| v. | : | |
| | : | CONSOLIDATED WITH |
| | : | |
| ALLSTATE INSURANCE COMPANY, et al. | : | NO. 01-6764 |
| | : | NO. 01-7042 |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *26th* day of *January*, 2016, it is hereby **ORDERED** as follows:

1. The following Motions are **DENIED WITHOUT PREJUDICE** to the parties' right to re-file them after the reassignment of this case to and a case status conference before a new judge:

   a. Defendants Allstate Insurance Company, et al.'s ("Allstate's) Motion to Bar and Exclude References to Allstate's June 1997 Submission to the Internal Revenue Service Concerning Allstate's Employee Agent Program (Docket No. 714);

   b. Allstate's Motion to Bar and Exclude References to Allstate's July 1999 Board of Directors' Meeting and Related Documents (Docket No. 715);

   c. Allstate's Motion to Exclude Evidence and Argument Regarding the Allstate Service Allowance Plan and the Allstate Severance Pay Plan (Docket No. 716);

   d. Allstate's Motion to Bar and Exclude References to Allstate's Internally Projected Costs or Savings Relating to the Preparing for the Future Program (Docket No. 717);

   e. Allstate's Motion to Exclude Sales Organization of the Future Documents, Evidence, and Testimony (Docket No. 718);

   f. Allstate's Motion to Preclude Plaintiffs from Arguing or Presenting Evidence in Support of Their Commission Rates Misrepresentation Theory

(Docket No. 719);

g. Allstate's Motion to Bar and Preclude Any References to the Outcome of the June 2015 Release Trial (Docket No. 720);

h. Allstate's Motion to Exclude Hearsay Testimony by Burton English (Docket No. 721);

i. Allstate's Motion to Preclude the Testimony of Sandra Guthrie, Harold Tiller, Joseph Tomec, and Carel Tornes (Docket No. 722);

j. Allstate's Motion to Bar and Exclude Evidence and Argument Related to the Merits of Plaintiffs' Underlying Claims (Docket No. 723);

k. Allstate's Motion to Bar Evidence Challenging Plaintiffs' At-Will Employment and Evidence that is Inconsistent with the Terms of the R1500 and R830 Employment Agreements (Docket No. 724);

l. Allstate's Motion to Bar and Preclude Evidence Contesting Facts Established in the Court's 2014 Summary Judgment Opinion and the Third Circuit's 2015 Opinion (Docket No. 725);

m. Allstate's Motion to Sequester Plaintiffs During the Testimony of Other Plaintiffs (Docket No. 726)

n. Allstate's Motion to Bar and Exclude References to Certain Alleged Misrepresentations in Connection with Individual Plaintiffs that Cannot Have Relied Upon Them (Docket No. 727);

o. Allstate's Motion to Bar and Exclude (i) Testimony About Unreimbursed Business Expenses and Plaintiffs' Financial Condition for which No Underlying Documents Were Produced; and (ii) Testimony that Unidentified Managers "Urged" Unreimbursed Business Expenses (Docket No. 728);

p. Allstate's Motion to Preclude Plaintiffs from Designating Witness Testimony from Depositions Taken in Other Cases (Docket No. 729);

q. Allstate's Motion to Preclude Plaintiffs from Arguing the Release Was the Product of Both Fraud and Duress (Docket No. 730);

r. Allstate's Motion to Renew Its Motions Granted in the Court's April 16, 2015 Order (Docket No. 731);

s. Allstate's Motion to Modify Statement of Established Facts (Docket No.

732);

t. Plaintiffs' Renewed Motion in Limine to Compel Allstate's compliance with the December 20, 2012 Order and Exclude Evidence of Plaintiffs' Post-2000 Financial Circumstances (Docket No. 737);

u. Plaintiffs' Renewed Motion to Preclude Testimony of Charles A. Shanor (Docket No. 738); and

v. Plaintiffs' Motion to Amend the Court's Established Facts for the Limited Purpose of Substituting Facts Relating to the Ten Plaintiffs for the Second Release Trial (Docket No. 713).

2. The following Motions are **DENIED AS MOOT**

   a. Allstate's Motion to Dismiss the Anzivine and Siegfried Intervenor Complaints (Docket No. 764);

   b. Defendant Edward M. Liddy's Motion to Dismiss the Anzivine and Siegfried Intervenor Complaints (Docket No. 765)

   c. Allstate's Motion for Leave to File Reply Briefs in Motions in Limine Nos. 2, 3, 6, and 8 (Docket No. 793); and

   d. Plaintiffs' Motion for Leave to File Sur-Reply in Opposition to Allstate's Motions in Limine Nos. 2, 3, and 6 (Docket No. 802).

It is so **ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.