IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENE R. ROMERO,** *et al.* | : CIVIL ACTION<br>:<br>: NO. 01-3894<br>:<br>: CONSOLIDATED WITH:<br>: NO. 01-6764 (Romero II)<br>NO. 03-6872 (Romero)<br>NO. 15-1017 (McLaughlin)<br>NO. 15-1049 (Abell)<br>NO. 15-1190 (Harris)<br>NO. 15-2602 (Tabor)<br>NO. 15-2961 (Siegfried)<br>NO. 15-3047 (Anzivine) |
| v. | |
| **ALLSTATE INSURANCE,** *et al.* | |

## ORDER

**AND NOW**, this 27th day of April 2017, following our non-jury trial consistent with our July 21 and September 6, 2016 Orders (ECF Doc. Nos. 883, 901), and after having evaluated credibility of lay and expert witnesses, reviewed hundreds of exhibits and post-trial proposed findings of fact and conclusions of law, and for reasons in the accompanying Memorandum with Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52(a) relating to Count VIII of the Consolidated Amended Complaint (ECF Doc. No. 864), it is **ORDERED**:

1. Defendants' November 1991 amendment to the Allstate Agents Pension Plan (the "Plan") is not a cutback of the early retirement beef-up subsidy benefit under ERISA §204(g), 29 U.S.C. § 1054(g);

2. Defendants' interpretation of the term "retire" in the Plan to deny eligibility for the early retirement beef-up subsidy benefit to certain Exclusive Agents ("EA") constitutes a

cutback in violation of ERISA § 204(g) because this misinterpretation denied certain EAs the protection of the safe harbor provision; and,

3. On or before **May 10, 2017,** Defendants shall calculate and provide Plaintiffs' counsel with sufficient data to allow Plaintiffs, consistent with the exemplars in their PowerPoint trial presentation, to file an accounting on or before **May 16, 2017** comparing Alternatives Nos. 1 and 2 for any Group Two, Three or Four Plaintiff based on the Defendants' November 1991 safe harbor amendment. Defendants may file objections to this accounting no later than **May 26, 2017**.

_____
KEARNEY, J.