# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 01-3894** |
| | : | |
| | : | **CONSOLIDATED WITH** |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| *et al.*, | : | **NO. 01-6764 (Romero II)** |
| | : | **NO. 03-6872 (Romero III)** |
| **Defendants.** | : | **NO. 15-1049 (Abell)** |
| | : | **NO. 15-2602 (Tabor)** |
| | : | **NO. 15-3047 (Anzivine)** |

## MEMORANDUM

**KEARNEY, J.**                                                                                                 **September 5, 2017**

Pennsylvania employees challenging their employer's alleged age discrimination must first file an administrative claim with the Equal Employment Opportunity Commission within 300 days of notice of the adverse employment action. In certain limited contexts, employees who did not timely file an administrative claim can rely upon a timely administrative claim brought by a representative employee on their behalf. But the representative claim must be timely filed. When, as here, there is no evidence of a timely filed administrative claim, we must enter summary judgment on the age discrimination claim in the former employer's favor as the employees failed to exhaust the administrative process before filing suit.

## I. Undisputed Facts[1]

Allstate Insurance Company sells insurance and related products and services.[2] Joseph Eckert, Steven Evans, Philip Metcalfe, Craig Millison, Paula Schott, and Stanley Suwala are former Allstate employee insurance agents domiciled in this District.[3]

On November 10, 1999, Allstate announced the Preparing for the Future Program, which effectively reorganized its sales force.[4] Under the Program, Allstate represented it would transition approximately 6,500 of its captive sales agents to one independent contractor exclusive agency program.[5] On November 16, 1999, Allstate advised its agents they would be terminated on June 30, 2000 unless they signed a release and agreed to a new contract with Allstate.[6]

Almost a year after this notice, Mr. Evans, Mr. Suwala, Ms. Schott, and Mr. Millison filed charges of discrimination from October through December 2000 with the Equal Employment Opportunity Commission ("EEOC"). They alleged "Allstate's requirement that I release all claims I may have under the" Age Discrimination in Employment Act ("ADEA")[7] is unlawful retaliation under the ADEA.[8] In February and March 2001, Mr. Millison, Ms. Schott, Mr. Evans, and Mr. Suwala filed more charges of discrimination alleging Allstate "adopted and implemented" the Program "to get rid of older employee-agents because of their age."[9] Mr. Eckert and Mr. Metcalfe did not file charges of discrimination with the EEOC.[10]

On August 1, 2001, Mr. Millison and other Allstate agents excluding Mr. Eckert, Mr. Evans, Mr. Metcalfe, Ms. Schott, and Mr. Suwala ("Mr. Millison and others") sued Allstate for, among other claims, intentional age discrimination under the ADEA. Mr. Millison and others sought certification to proceed as a collective action to pursue claims for intentional age discrimination. Mr. Eckert, Mr. Evans, Mr. Metcalfe, Ms. Schott, and Mr. Suwala later joined the lawsuit to pursue their own claims of intentional age discrimination under the ADEA.

**II.  Analysis**

Allstate moves for summary judgment on these six Phase III Plaintiffs' ADEA disparate treatment claims, arguing they failed to exhaust administrative remedies by failing to file charges of discrimination with the EEOC.[11] The Phase III Plaintiffs argue they are excused from the

2

administrative exhaustion requirement under a judicially created exception called the single filing rule. They also argue their filed charges are timely under the tolling doctrine. Plaintiffs' arguments lack merit and we must dismiss their ADEA disparate impact claims for failing to timely file in the administrative process.[12]

### A. Plaintiffs failed to exhaust their administrative remedies, and we cannot excuse their failure to exhaust under the single filing rule.

Under the ADEA, a Pennsylvania citizen must file a charge of discrimination within 300 days of receiving notice of the challenged employment action.[13] "Ordinarily, a complainant who fails to file a timely charge is barred from seeking relief."[14] Our court of appeals recognizes a judge-made exception to this exhaustion requirement called the single filing or "piggybacking" rule.[15] Under this rule, as applied to collective actions under the ADEA, "plaintiffs who had not filed charges with the EEOC *could opt into an ADEA class action suit* only if the original complainant's EEOC charge gave the employer notice of class-based age discrimination."[16]

In *Whalen*, our court of appeals clarified the single filing rule does not excuse plaintiffs joined under the civil permissive joinder rules from satisfying the administrative exhaustion requirement.[17] In *Whalen*, five plaintiffs—who timely filed charges of discrimination under the ADEA—brought an action in federal court seeking relief for their individual claims.[18] During the litigation, the five plaintiffs moved to amend their complaint and add four new plaintiffs even though these prospective plaintiffs had not timely filed charges with the EEOC.[19] The original plaintiffs argued the single filing rule excused the prospective plaintiffs from filing a timely charge because they could "piggyback" onto the original plaintiffs' timely EEOC charges.[20] The district court allowed amendment, holding "the single filing rule applies to ADEA class and non-class actions alike."[21]

3

Our court of appeals reversed, explaining the single filing rule is limited to the context of class and collective actions, and cannot be used to excuse the exhaustion requirement for the "four new party plaintiffs who had failed to pursue administrative remedies."[22] The single filing rule "provides plaintiffs the option of seeking class certification and prospective plaintiffs who failed to seek a timely administrative remedy for their alleged injury the opportunity to opt into the class. When, however, plaintiffs choose to bring suit individually, they must first satisfy the prerequisite of filing a timely EEOC charge."[23] Because the original five plaintiffs did not bring a collective action and the four prospective plaintiffs could not "have filed written consents 'opting into' such an action," the prospective plaintiffs could not rely on the single filing rule.[24]

These Phase III Plaintiffs did not timely file charges with the EEOC. On November 16, 1999, Allstate notified Plaintiffs they would be terminated on June 30, 2000. This notice triggered the running of the statute of limitations under controlling law.[25] To timely exhaust administrative remedies, these Plaintiffs had to file their EEOC charges alleging disparate treatment based on age within 300 days of November 16, 1999 - <u>no later than September 11, 2000</u>. These Plaintiffs filed charges alleging disparate treatment based on age in February and March 2001, well after the September 11, 2000 deadline. Plaintiffs' EEOC charges are untimely.

Plaintiffs cannot rely on the single filing rule to excuse their untimely administrative charges. Plaintiffs elected to bring individual actions. Because Plaintiffs elected to join the lawsuit and pursue individual claims, the law required them to first exhaust administrative remedies. They did not do so. They can no longer "opt-in" to a collective action because they assumed the roles of plaintiffs to pursue their individual claims. We dismiss their ADEA disparate treatment claims as untimely.[26]

4

### B. The tolling doctrine does not apply.

Plaintiffs Evans, Millison, Schott, and Suwala argue they satisfy the timeliness requirement because the collective action Complaint filed by Mr. Millison and others tolled the charge filing period. We disagree. While it is true the filing of a collective action complaint tolls the ADEA's limitations period,[27] Mr. Millison and others filed the original Complaint on August 1, 2001, well after the 300-day deadline for filing a charge with the EEOC - September 11, 2000. Tolling cannot apply to save Plaintiffs' claims.

### III. Conclusion

We grant Allstate's motion for summary judgment on the six Phase III Plaintiffs' ADEA disparate treatment claims because these six Plaintiffs failed to timely file charges of discrimination with the EEOC. These Phase III Plaintiffs cannot rely on the single filing rule to resuscitate their claims because they elected to bring individual claims. Nor can they rely on the inapplicable tolling doctrine. We dismiss the Phase III Plaintiffs' ADEA disparate treatment claims in the accompanying order.

---

[1] Our Policies require a Statement of Undisputed Material Facts be filed in support of a Rule 56 motion, as well as an appendix of exhibits. Allstate filed its Statement of Undisputed Material Facts at ECF Doc. No. 1175. Allstate filed an appendix at ECF Doc. Nos. 1175-3 through 1175-23. Plaintiffs responded to Allstate's Statement of Undisputed Material Facts at ECF Doc. No. 1185. Plaintiffs added documents to the Appendix at ECF Doc. Nos. 1185-1 through 1185-85. Plaintiffs provided their own Statement of Additional Facts at ECF Doc. No. 1185 (starting on ECF page 41). Allstate responded to Plaintiffs' Statement of Additional Facts at ECF Doc. No. 1193. References to the exhibits in the appendices shall be referred to by Bates number, for example, "Appx. 1."

[2] ECF Doc. No. 1185 at ¶ 1. Plaintiffs also sued the Allstate Corporation. For ease of reference, we refer to Defendants as Allstate.

[3] ECF Doc. No. 1185, ¶ 3. This litigation involves hundreds of plaintiffs with no relationship to this District. We are only reviewing claims for Plaintiffs in Phase III of this litigation under our June 16, 2017 Order. ECF Doc. No. 1156. Our ruling today concerns only these six Plaintiffs, all of whom are domiciled in this District.

5

[4] Appx. 1202, at pp. 9:07–11:02.

[5] Appx. 811.

[6] Appx. 1919, at pp. 9:13–10:20.

[7] 29 U.S.C. § 621 *et seq.*

[8] Appx. 248–49, 253–54, 259–60, 264–65.

[9] Appx. 247, 252–53, 257, 263.

[10] ECF Doc. No. 1185 at ¶ 23.

[11] Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Mancini v. Northampton Cnty.*, 836 F.3d 308, 313 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their care for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Willis*, 808 F.3d at 643 (citing *Celotex Corp.*, 477 U.S. at 322-323).

[12] We deferred on this same exhaustion issue in granting Allstate's motion for summary judgment on the ADEA disparate impact theory due to the individualized issues. ECF Doc. No. 1128 at 19. At this Phase III stage, we now address only those Plaintiffs domiciled in this District although, as referenced in note 26 below, the parties do not proffer a basis to find a timely EEOC filing by a former employee and even if there is one, it does not affect our decision today.

[13] *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854–55 (3d Cir. 2000) (citing 29 U.S.C. § 626(d)(2)); *see also id.* at 852–53 (citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980)) ("[T]he Supreme Court held that an adverse employment action occurs, and the statute of limitations therefore begins to run, at the time the employee receives notice of that action and termination is a delayed but inevitable result.").

[14] *Whalen v. W.R. Grace & Co.*, 56 F.3d 504, 506 (3d Cir. 1995) (citing *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 52 (3d Cir. 1989)).

[15] *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 385 (3d Cir. 2007) (citing *Commc'ns Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213, 217 (3d Cir. 2002)).

[16] *Whalen*, 56 F.3d at 506–07 (quoting *Lockhart*, 879 F.2d at 52–53) (emphasis in original).

[17] *Id.* at 507.

[18] *Id.* at 505.

[19] *Id.*

[20] *Id.* at 506.

[21] *Id.*

[22] *Id.* at 507.

[23] *Id.*

[24] *Id.*

[25] *See Watson*, 235 F.3d at 852–53.

[26] Neither party identifies an agent domiciled outside our District who timely filed an EEOC charge seeking collective action relief for intentional age discrimination. Even if an agent outside our District timely filed a charge, this would not change our analysis because the Phase III Plaintiffs elected to pursue individual claims as party plaintiffs, rendering the single filing rule inapplicable to them.

[27] *Sperling v. Hoffmann-La Roche, Inc.*, 24 F.3d 463, 472 (3d Cir. 1994).