# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 01-3894** |
| | : | |
| | : | **CONSOLIDATED WITH** |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| *et al.*, | : | **NO. 01-6764 (Romero II)** |
| | : | **NO. 03-6872 (Romero III)** |
| Defendants. | : | **NO. 15-1049 (Abell)** |
| | : | **NO. 15-3047 (Anzivine)** |

## MEMORANDUM

**KEARNEY, J.**                                                                                               **January 29, 2018**

Seventeen years ago, approximately thirty Allstate insurance agents filed two putative class actions against Allstate Insurance Company; *Romero, et al. v. Allstate Ins. Co., et al.*, No. 01-3894 ("*Romero I*") and *Romero, et al. v. Allstate Ins. Co., et al.*, No. 01-6764 ("*Romero II*"). In 2015, after two appeals, over 400 additional agents intervened or became named plaintiffs in *Romero I*.

Upon reassignment to us in 2016, we consolidated all actions to resolve common issues under the Age Discrimination in Employment Act ("ADEA"), 26 U.S.C. § 621 *et seq.*, and the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1001 *et seq.* Consistent with our Order, Plaintiffs filed a consolidated amended complaint ("Complaint")[1] asserting fourteen claims against Allstate and Edward Liddy, Allstate's former President and Chief Executive Officer (collectively "Allstate").

Today, we address Allstate's motion for partial summary judgment on Counts XI through

XIV of the Complaint alleging retaliation in violation of ADEA and ERISA. Consistent with our earlier Orders, we grant in part and deny in part Allstate's motion.

I.   **Undisputed Facts[2]**

This case revolves around Allstate's November 1999 decision to transition over 6,200 employee agents to independent contractor status in Allstate's "Preparing for the Future Program" (the "Program").[3] Allstate offered its agents four options under the Program: (1) sign a release (the "Release") and continue as an independent contractor with no benefits or job security; (2) sign the Release, continue as an independent contractor for thirty days, and then sell their book of business to an Allstate-approved buyer; (3) sign the Release, leave Allstate, and receive a year's salary as severance; and (4) leave Allstate without signing the Release and receive a base severance of up to thirteen weeks' commission.[4]

In 2001, the original *Romero I* Plaintiffs filed their action in this district alleging the Program violated ADEA and ERISA, gave rise to common law breach of contract and breach of fiduciary duty claims, and sought declaratory judgment invalidating the Release. In its answer to the original complaint, Allstate raised the Release as an affirmative defense and asserted counterclaims against Plaintiffs for unjust enrichment, fraud, negligent misrepresentation, and breach of the duty of good faith and fair dealing (the "Counterclaims").[5]

After Allstate asserted its Counterclaims, twenty-eight *Romero I* plaintiffs filed a new action against Allstate in 2003 alleging the Counterclaims constituted retaliation in violation of ADEA and ERISA, *Romero, et al. v. Allstate Ins. Co., et al.*, No. 03-6872 ("*Romero III*"). Plaintiffs alleged Allstate's Counterclaims were in retaliation for filing charges of discrimination and retaliation with the EEOC and for challenging the Release in the *Romero I* litigation. The *Romero III* claims of retaliatory Counterclaims are now encompassed in Counts XI and XII of

the consolidated Complaint and also include additional allegations of retaliation on behalf of *Romero III* Plaintiffs Richard Carrier, Paul Cobb, Anthony Wiktor, Dwight English,[6] and Ron Harper. Counts XIII and XIV are brought on behalf of Richard Carrier alleging additional retaliation taken against him.

### A. Our October 30, 2017 case management order.

On October 30, 2017 we held a status conference with counsel to discuss the progress of a potential resolution of the remaining claims of out-of-District Plaintiffs. Our conference resulted in a case management order and provided "[n]othing in this Order precludes a party, if warranted, from moving for summary judgment on perceived *common issues* if the expense and time may, in good faith, result in narrowing the disparate remaining issues."[7] Allstate files its current motion for summary judgment based on our October 30, 2017 Order contending its motion "has the potential to significantly narrow the remaining claims in this litigation."

### B. Our September 5, 2017 Order finding Allstate's Counterclaims are not retaliatory.

The first part of Allstate's motion is based on our earlier summary judgment decision issued in this phased litigation. In June 2017, we entered an order setting for trial the remaining claims of eight Plaintiff citizens of this District.[8] Of the eight in-District Plaintiffs, only Craig Millison asserted ADEA and ERISA retaliation based on the Counterclaims. Allstate moved for summary judgment on Mr. Millison's retaliation claims asserted in Counts XI and XII.[9]

On September 5, 2017, we entered an order and opinion granting Allstate's motion for summary judgment as to Mr. Millison's retaliation claims ("Millison Opinion").[10] In the Millison Opinion, we applied the *Noerr-Pennington* doctrine which confers immunity to all forms of government petitioning including the "filing, pursuing and participating in a civil lawsuit" as protected by the First Amendment.[11] There is an exception to the *Noerr-Pennington* doctrine

3

where litigation is a sham demonstrated by showing a claim is (1) "objectively baseless" and (2) "subjectively motivated by an unlawful purpose."[12] Applying the sham exception test, we concluded Mr. Millison failed to meet his burden of showing the Counterclaims are objectively baseless. In so finding, we did not reach the second question of Allstate's subjective motivation and granted summary judgment in Allstate's favor.

Allstate argues we should apply our Millison Opinion to the remaining twenty-seven *Romero III* Plaintiffs asserting retaliation claims based on Allstate's Counterclaims.

### C. Plaintiffs Carrier, Cobb, Wiktor, English, and Harper's claims of retaliation in addition to the Counterclaims.

The second part of Allstate's motion seeks summary judgment on retaliation claims alleged by five *Romero III* Plaintiffs: Messrs. Carrier, Cobb, Wiktor, English, and Harper. These Plaintiffs allege additional acts of retaliation by Allstate based on various interferences with their businesses in violation of ADEA and ERISA. Allstate moves for summary judgment on these additional acts of retaliation arguing the five Plaintiffs failed to exhaust their administrative remedies through an EEOC filing.

There is no dispute Allstate Insurance Company is an Illinois corporation;[13] The Allstate Corporation is a Delaware corporation with a principal place of business in Illinois;[14] Mr. Carrier is a resident of the Southern District of Texas;[15] Mr. Cobb is a resident of the Southern District of Florida;[16] Mr. English resided in the Eastern District of Tennessee at the time of his death;[17] Mr. Harper is a resident of the Southern District of Georgia;[18] and Mr. Wiktor is a resident of the Middle District of Pennsylvania.[19]

### II. Analysis[20]

Allstate argues partial summary judgment should be entered in its favor because (1) the Millison Opinion is law of the case and (2) Messrs. Carrier, Cobb, Wiktor, English, and Harper

4

failed to administratively exhaust their ADEA retaliation claims.

### A. We will not reconsider the Millison Opinion.

Allstate argues the Millison Opinion is law of the case and should be applied to all *Romero III* Plaintiffs in Counts XI and XII and to Richard Carrier in Counts XIII and XIV. Allstate argues because the Millison Opinion is grounded on an interpretation of the Release signed by all *Romero III* Plaintiffs, there are no issues of disputed fact the Counterclaims are not objectively baseless and the Millison Opinion must extend to all *Romero III* Plaintiffs.

Plaintiffs respond the law of the case doctrine does not apply here because the Millison Opinion is "clearly erroneous and would create manifest injustice," one of the "extraordinary circumstances" where "the doctrine does not preclude our reconsideration of previously decided issues."[21] Plaintiffs identify numerous errors in our Millison Opinion which they contend would create manifest injustice if applied to all *Romero III* Plaintiffs. Although Plaintiffs never sought reconsideration of the Millison Opinion, they effectively request reconsideration now. We decline to consider an untimely motion for reconsideration.

We will apply our Millison Opinion to the portions of the Complaint alleging the Counterclaims violate the ADEA and ERISA. Our Millison Opinion addressed a common issue; whether Allstate's Counterclaims are objectively baseless. This is a common issue contemplated by our October 30, 2017 Order and applies to all *Romero III* Plaintiffs alleging Allstate's Counterclaims constitute unlawful retaliation in violation of the ADEA and ERISA. In the accompanying order we grant summary judgment in favor of Allstate as to any claim asserted by the *Romero III* Plaintiffs for retaliation in violation of the ADEA and ERISA based on the Counterclaims.

### B. Whether Messrs. Carrier, Cobb, English, Harper, and Wiktor administratively exhausted their additional claims of retaliation is not a common issue and will not be decided today.

Allstate's second argument focuses on the additional allegations of retaliatory actions taken by Allstate against Messrs. Carrier, Cobb, English, Harper, and Wiktor in violation of the ADEA. Allstate contends these five *Romero III* Plaintiffs failed to exhaust their administrative remedies on their additional claims of retaliation (retaliation in addition to the Counterclaims) occurring after the five filed EEOC charges in 2000 and 2002. Allstate concedes each of the five Plaintiffs filed EEOC charges but argues none of the additional allegations of retaliation are within the scope of the earlier EEOC charges and "most" are untimely and fail as a matter of law.

Plaintiffs respond summary judgment should be denied because filing EEOC charges to include the additional retaliatory acts would have been futile and, even if not futile, the additional retaliatory actions are "fairly encompassed" within the scope of the earlier EEOC charges.

We decline to resolve Allstate's motion at this time. Our October 30, 2017 Order permitted motions for summary judgment on *common issues*. Whether Messrs. Carrier, Cobb, English, Harper, and Wiktor – five out-of-District *Romero III* Plaintiffs – administratively exhausted their additional claims of retaliation require individualized analysis including whether each of their individual additional claims are excused under the futility exception to the administrative exhaustion requirement or whether, even if not futile, their individual claims of retaliation are fairly within the scope of their earlier EEOC charges. We decline to presently resolve the individualized issues of these out-of-District Plaintiffs.

## III. Conclusion

In the accompanying order, we grant summary judgment in favor of Allstate on the *Romero* Plaintiffs' claims the Counterclaims violate the ADEA and ERISA. We deny Allstate's motion for summary judgment on the additional claims of retaliation alleged by Messrs. Carrier, Cobb, English, Harper, and Wiktor without prejudice.

---

[1] ECF Doc. No. 864.

[2] Our policies require a Rule 56 movant to file a Statement of Undisputed Material Facts as well as an appendix of exhibits. Allstate filed its Statement of Undisputed Material Facts and Appendix at ECF Doc. No. 1249. Plaintiffs responded to Allstate's Statement of Undisputed Material Facts and provided their own Statement of Additional Material Facts at ECF Doc. No. 1259-1. Plaintiffs also added documents to the Appendix at ECF Doc. No. 1260. Allstate responded to Plaintiffs' Statement of Additional Facts and added additional exhibits to the Appendix at ECF Doc. No. 1264, and filed a reply brief at ECF Doc. No. 1263.

[3] A more detailed account of the history of Allstate's Program is contained in our April 27, 2017 (ECF Doc. No. 1128) and September 5, 2017 memoranda (ECF Doc. No. 1218).

[4] Although Plaintiffs dispute the terms used to describe the four options – including the word "option" - they do not dispute generally the four alternatives available to agents under the Program. *See* ECF Doc. No. 1259-1 at ¶¶ 33-37.

[5] Allstate did not assert Counterclaims to the Second Amended Complaint in *Romero I*. The Counterclaims are no longer pending.

[6] Dwight English is deceased and represented by A. Burton English. ECF Doc. No. 1259-1 at ¶ 10.

[7] ECF Doc. No. 1241 (emphasis added).

[8] ECF Doc. No. 1156. Our earlier decisions on the parties' dispositive motions, a bench trial on certain common claims under ERISA, and settlement of some Plaintiffs' claims, including the claims of all Plaintiffs located in this District, reduced the number of remaining claims to the state law breach of contract and breach of fiduciary duty claims and Counts XI through XIV.

[9] ECF Doc. No. 1172.

[10] ECF Doc. Nos. 1218, 1219.

[11] ECF Doc. No. 1218 at 5.

[12] *Id.*

[13] ECF Doc. No. 1259-1 at ¶ 1.

[14] *Id.* at ¶ 2.

[15] *Id.* at ¶ 6.

[16] *Id.* at ¶ 7.

[17] *Id.* at ¶ 10.

[18] *Id.* at ¶ 11.

[19] *Id.* at ¶ 28.

[20] Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)). On a motion for summary judgment, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." *Pearson*, 850 F.3d at 533-34 (3d Cir. 2017) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their care for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Willis*, 808 F.3d at 643 (citing *Celotex Corp.*, 477 U.S. at 322-323).

[21] *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) (citing *Pub. Interest Research Grp. of N.J. v Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997)).