IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 01-3894** |
| | : | |
| | : | **CONSOLIDATED WITH** |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| *et al.*, | : | **NO. 01-6764 (Romero II)** |
| | : | **NO. 03-6872 (Romero III)** |
| Defendants. | : | **NO. 15-1049 (Abell)** |
| | : | **NO. 15-3047 (Anzivine)** |

## ORDER-MEMORANDUM

**AND NOW**, this 29th day of January 2018, upon considering Defendants' Motion for summary judgment on Plaintiffs' ADEA disparate treatment claims (Count IV) (ECF Doc. No. 1250), Plaintiffs' Response (ECF Doc. No. 1257), Defendants' Reply (ECF Doc. No. 1261), consistent with our October 30, 2017 Order (ECF Doc. No. 1241) in addressing common issues largely relating to the identical conduct of the Defendants towards the Plaintiffs and finding we are not presently proceeding in this District on individual claims and defenses of persons who are not citizens of this District against an Illinois citizen, it is **ORDERED**:

1. Defendants' Motion for summary judgment on a variety of Plaintiffs' ADEA disparate treatment claims (Count IV) requiring individualized resolution of exhaustion issues (ECF Doc. No. 1250) is **DENIED without prejudice** to be renewed when a court addresses the remaining individual claims brought by persons outside of this District against an Illinois citizen;

2. A telephonic status conference will be held on **Friday, February 9, 2018 at 12:30 P.M. EST**. Plaintiffs' counsel shall arrange and coordinate the conference call, and contact Chambers when all

lead counsel are online. Other than motions for voluntary dismissal, the parties shall not file additional motions until the entry of an Order directing the next steps towards resolution.

## *Analysis*

In May 2016, shortly after reassignment of this 2001 case, we set a case management plan based on two phases: (1) non-jury determination of defined common issues; and, (2) resolution of any remaining defenses and claims over which this Court may have personal jurisdiction and venue.[1] We held the non-jury trial for Phase I and entered findings of fact and conclusions of law.

On June 15, 2017, after hearing from counsel, we set the next steps under Phase II through resolving "the remaining issues through a Phase III trial and through a Phase IV analysis of remaining claims and necessary trials: in Phase III, remaining discovery and trial on the eight Plaintiffs-citizens of this District; and, in Phase IV, written discovery from all parties on claims and defenses applying to all other Plaintiffs until we decide the proper venue for these claims to be ready for depositions, dispositive motions, and trial."[2]

The parties proceeded into Phase III. After discovery, we entered summary judgment dismissing some, but not all, of the Phase III Plaintiffs' claims.[3] Through Judge Heffley's considerable efforts, the parties then settled the remaining Phase III claims. The parties then proceeded into Phase IV written discovery on all remaining claims.

On October 30, 2017, after hearing from counsel, we deferred on scheduling motions to sever or transfer to allow ongoing settlement efforts and for the parties to consider alternative resolution through

---

[1] ECF Doc. No. 852.

[2] ECF Doc. No. 1156.

[3] ECF Doc. Nos. 1221, 1223.

2

Rule 53 Masters.[4] Based on our discussion, we did not preclude the parties from moving for summary judgment on perceived remaining common issues if the expense and time may, in good faith, result in narrowing the disparate remaining issues.[5] We allowed the parties to complete the Phase IV written discovery by December 5, 2017.[6]

The parties continue to negotiate guided by Judge Heffley's prudence. They declined the appointment of Rule 53 Masters better able to resolve the remaining varied and individualized claims, many of which appear to be governed by different state laws.

Defendants moved for summary judgment largely based on our Phase III summary judgment rulings limited to the citizens of this District. On the ADEA disparate treatment claim, the parties ask us to review whether several out-of-District Plaintiffs exhausted administrative remedies. As expected, Plaintiffs raise a variety of fact defenses tailored to the individual Plaintiffs. As we advised in May 2016, we are not presently inclined to resolve differing claims from citizens outside this District whose remaining claims appear to share little in common other than being affected in different ways by Defendants' conduct well over fifteen years ago.

_____
KEARNEY, J.

---

[4] ECF Doc. No. 1241.

[5] *Id.*

[6] ECF Doc. No. 1244.

3