# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE R. ROMERO,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 01-3894** |
| | : | |
| | : | **CONSOLIDATED WITH** |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| *et al.*, | : | **NO. 01-6764 (Romero II)** |
| | : | **NO. 03-6872 (Romero III)** |
| **Defendants.** | : | **NO. 15-1049 (Abell)** |
| | : | **NO. 15-3047 (Anzivine)** |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **May 22, 2018**

Allstate Insurance Company agents filed a class action in August 2001 challenging Allstate's November 1999 decision to transition them from employees governed by an employment agreement to independent contractors. We exercised federal question jurisdiction for statutory claims and supplemental jurisdiction over breach of contract and fiduciary duty claims under state law. We never enjoyed diversity jurisdiction. In 2014, Judge Buckwalter denied class certification and within a couple of months, we faced claims from almost 500 insurance agents who either joined or filed related cases in this District including individual state law claims filed as part of the class case. Following our consolidation and phased approach allowing us to resolve common issues of federal law and claims from agents in this District, the parties are now working to resolve the remaining individual issues for persons outside of this District. Allstate now moves for partial summary judgment on the state law claims of twelve agents who did not bring their state law claims until 2010 or 2015 arguing they are barred by Pennsylvania's statute of limitations. We deny Allstate's motion in the accompanying Order.

Allstate argues we must look to state law and these former employee putative class members should have filed individual state law claims years ago because Pennsylvania does not toll its statute of limitations on the state law claims during the pendency of a class action. Allstate argues since a Pennsylvania court would not toll its statute of limitations on the state law claims based on the pending putative class action alleging both federal and state claims, we must do the same. Allstate relies upon authority barring state law claims in individual lawsuits filed after a federal court denies certification of the state law claims while it enjoyed diversity jurisdiction. Allstate's arguments make sense in the context of the initial class action based on diversity jurisdiction where Congress has not expressly stated otherwise.

But these arguments do not make sense when we have always enjoyed supplemental jurisdiction over these state law claims in this same case under Congress's 1990 grant of supplemental jurisdiction which requires we **shall** toll the state statute of limitations while exercising supplemental jurisdiction over the state law claims. Given this federal statutory mandate, we lack discretion to apply Pennsylvania's tolling principles and must apply the federal law of tolling applying to state law claims within our supplemental jurisdiction. No party presents contrary authority applying state law tolling principles ignoring Congress's supplemental jurisdiction tolling. Absent contrary authority, we follow the United States Court of Appeals for the Sixth Circuit and another district court in holding the state law claims filed under our supplemental jurisdiction in 2001 are tolled by federal law until denial of class certification. The individual state law claims filed in 2010 or 2015 are not barred by Pennsylvania's statutes of limitations.

## I. Undisputed facts related to this statute of limitations argument.[1]

For many years, Allstate Insurance Company sold insurance through employee agents under an employment agreement.[2] In November 1999, Allstate decided to transition the employee agents to independent contractor status in a "Preparing for the Future Program" (the "Program").[3] Under the Program, Allstate terminated nearly all of its employee agents effective no later than June 30, 2000.[4] The Program included a Release of claims. The Release terms and enforceability are not before us today.

On August 1, 2001, the original plaintiffs - a group of 27 former Allstate employee agents including two Illinois agents – filed this case as a class action with both federal and state law claims invoking our federal question and supplemental jurisdiction ("*Romero I*"). Plaintiffs sought declaratory judgment on the invalidity of the Release, alleged the Program violated ADEA[5] and ERISA[6], and alleged the same acts gave rise to common law breach of contract and breach of fiduciary duty claims.[7] Plaintiffs invoked our federal question jurisdiction under 28 U.S.C. § 1331 over the federal claims and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.[8] The *Romero I* action began as a putative class action and the original *Romero I* plaintiffs included two citizens of Illinois,[9] where Allstate Insurance Company is incorporated and is the principal place of business of Allstate Corporation.[10] No party claimed diversity subject matter jurisdiction, nor could they.

After years of litigation, the *Romero I* plaintiffs moved for class certification on release issues under Federal Rule of Civil Procedure 23(c)(4).[11] On October 6, 2014, the Honorable Ronald L. Buckwalter denied class certification.[12] On January 6, 2015, after considering Plaintiffs' motions to clarify and reconsider his order denying class certification, Judge Buckwalter ordered all statutes of limitations to resume running on March 2, 2015.[13] By March

2, 2015, Allstate employees formerly included as putative class members could no longer argue the class action protected their interests.

On February 26, 2015, Plaintiffs moved for leave to file a Third Amended Complaint to add over 360 Release-signing former employee agents or their successors-in-interest in *Romero I*.[14] Judge Buckwalter granted Plaintiffs' motion to file a Third Amended Complaint on April 20, 2015.[15] Other groups of former Allstate employee agents filed complaints in this District, including *Abell v. Allstate Insurance Company*[16] on February 27, 2015 and *Anzivine v. Allstate Insurance Company*[17] on June 1, 2015. Both the *Abell* and *Anzivine* complaints allege common law breach of contract and breach of fiduciary duty claims arising out of the Program, mirroring the state law claims asserted in *Romero I*. After reassignment to us after Judge Buckwalter's retirement, we consolidated the cases and directed Plaintiffs to file a Consolidated Amended Complaint.[18] The Plaintiffs filed the Consolidated Amended Complaint on May 20, 2016. Again, the Plaintiffs did not invoke diversity jurisdiction, nor could they given the Illinois Plaintiffs and Defendants. Plaintiffs invoked federal question and supplemental jurisdiction.

Of the nearly 500 plaintiffs in the Consolidated Amended Complaint, the parties judicially admit all but thirty-one have now settled in principal with Allstate.[19] Seeking to winnow claims before finalizing the individual cases in a proper venue, Allstate moves for summary judgment to dismiss the state law breach of contract and breach of fiduciary duty claims of twelve of the remaining thirty-one Plaintiffs because they did not file state law claims until 2010 or later. [20]

## II. Analysis

Allstate moves for partial summary judgment arguing we must apply Pennsylvania law to the state law claims and, as a result, twelve of the remaining Plaintiffs' state law claims are barred by Pennsylvania's two-year and four-year statute of limitations for breach of fiduciary duty and breach of contract claims.[21] Allstate argues the 2001 filing of *Romero I* did not toll these twelve Plaintiffs' *state law* claims, and, consequently, the claims were time-barred by the time Plaintiffs either joined or intervened in *Romero I* in 2010 and 2015.

Allstate's argues (1) as a federal court sitting in diversity, we must apply Pennsylvania's statute of limitations, borrowing statute, and tolling rules to state law claims; (2) applying Pennsylvania law, a Pennsylvania court would *not* toll its statute of limitations on state law claims based on the filing of a federal class action and would dismiss Plaintiffs' state law claims as untimely; and, therefore, (3) we must find Plaintiffs' claims untimely and grant Allstate's motion. Allstate additionally argues Plaintiffs' state law claims do not "relate back," for purposes of Federal Rule of Civil Procedure 15(c), to *Romero I*.

Plaintiffs respond Allstate represented at an earlier stage of the litigation Pennsylvania's statute of limitations on state law claims are tolled under Pennsylvania's class tolling rule.[22] Plaintiffs additionally argue Allstate is simply wrong on the law, asserting all Plaintiffs are before the same court and are named plaintiffs or intervenors in the same original putative class action. Plaintiffs argue Rule 15(c)(1) mandates relation back where, as here, Plaintiffs' state law claims arise out of the Program alleged in *Romero I*.[23]

Allstate's creative cross-jurisdictional tolling arguments miss the central jurisdictional distinction in this case which does not allow us to apply Pennsylvania law to tolling. We agree we must apply Pennsylvania law on tolling if we enjoyed diversity jurisdiction. But we do not

have diversity jurisdiction here. Unlike the authority cited by Allstate, we are not reviewing a former putative class member bringing a later individual case to recover under state law for claims arguably raised in an earlier class action based, at least partially, on diversity jurisdiction. We have a much different issue; from day one in 2001 until now, our subject matter jurisdiction is based on a federal question with supplemental jurisdiction over these same state law claims.

The question is whether we apply Pennsylvania tolling principles or Congress's specific mandate for tolling of claims filed under our supplemental jurisdiction. Our supplemental jurisdiction – never challenged – is based on the parties' admission the Plaintiffs' state law claims for breach of contract and fiduciary duty are part of the same case and controversy as the federal questions. Congress, in creating supplemental jurisdiction, mandated tolling for all state law claims while we exercise supplemental jurisdiction over the claim. As the state law claims raised today are so akin to federal questions so as to undisputedly be part of the same case and controversy allowing supplemental jurisdiction, we apply the tolling principles for federal claims. Our holding today, consistent with the court of appeals' recent tolling of supplemental jurisdiction class action state law claims until certification is denied, confirms Congress's mandate of tolling state law limitations periods while the state law claims remain in our supplemental jurisdiction. The parties and we agree we must apply *Erie* to the substantive law and we agree as to the length of the statute of limitations. But we cannot reach so far under *Erie* to crater Congress defining the tolling principles applying to state law claims filed under our supplemental jurisdiction.

### A. The parties agree *American Pipe* tolls the federal claims.

To unravel the parties' prolix arguments, we start with the fundamentals of tolling the statute of limitations for an individual's claims while those claims are part of a class action.

Under the Supreme Court's rule in *American Pipe & Construction Co. v. Utah*, the statute of limitations for federal claims is tolled for unnamed members of a putative class action while a district court determines class certification.[24] In its ruling, "the Supreme Court sought to relieve putative class members of the need 'to file earlier individual motions to join or intervene as parties,' because such 'multiplicity of activity' would run contrary to two key goals of the class action device: efficiency and judicial economy."[25] The Supreme Court later extended its holding to "all asserted members of the class, not just as to intervenors."[26]

Under *American Pipe*, the "filing a federal class action tolls the federal statute of limitations on individual claims pending a decision on class certification in the same federal court based on the facts alleged in the class case."[27] Allstate concedes under *American Pipe* the filing of *Romero I* tolled the statute of limitations for the twelve Plaintiffs' *federal* claims until Judge Buckwalter denied class certification.

## B. Congress tolled state law claims of putative class members under our supplemental jurisdiction.

Allstate argues *American Pipe* does not toll Plaintiffs' *state law* claims within our supplemental jurisdiction, and we must look to Pennsylvania law to determine whether the state law claims are tolled. Where a district court exercises diversity or supplemental jurisdiction, the *Erie* doctrine requires us to apply the forum state's substantive law for the state law claims, including state statutes of limitations.[28] We agree as to *Erie* governing our application of substantive law and statutes of limitations. We are not finding any differently. The issue is how we reconcile Pennsylvania's unwillingness to allow cross-jurisdictional tolling in diversity cases with Congress's tolling mandate in creating supplemental jurisdiction. Allstate may also be correct as to cross-jurisdictional tolling when we review state law claims in an initial class action filed under our diversity jurisdiction. But Allstate does not cite, and we are not aware of,

7

authority extending state law tolling analysis when the court exercised supplemental – not diversity – jurisdiction over the state law class action claims before the putative plaintiffs lost the ability to pursue the state law claim in the class action.

No party disputes our supplemental jurisdiction over the twelve Plaintiffs' state law claims for breach of contract and breach of fiduciary duty.[29]   Supplemental jurisdiction, representing Congress's 1990 effort to codify a variety of discretionary concepts under its power to limit our jurisdiction,[30] specifically mandates "the period of limitations for any [state] claim [joined with a claim within federal-court competence] **shall** be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."[31]   There is no discretion.  Congress mandates the tolling for state law claims within our supplemental jurisdiction.  No party disputes Congress's authority to do so.[32] Understandably, Allstate concedes *Romero I* tolls the statute of limitations for the remaining twenty named *Romero I* Plaintiffs' state law claims until Judge Buckwalter denied class certification.

The issue today is whether the remaining Plaintiffs - twelve putative class members who, after learning in 2014 they no longer could recover as an absent class member -  may benefit from Congress tolling the statute of limitations for breach of contract and breach of fiduciary duty claims before us under our supplemental jurisdiction.  If we were to adopt Allstate's argument, all but the original *Romero I* Plaintiffs would have had to file individual actions in 2001 - 2003 to preserve their breach of contract and breach of fiduciary duty claims notwithstanding the putative class action raising those same claims pending in this District.

We decline to ignore Congress's tolling mandate for claims within our supplemental jurisdiction.  The putative class plaintiffs possessed state law "claims" until Judge Buckwalter

denied class certification and restarted the statute of limitations. At that stage, the putative class plaintiffs knew they could no longer rely upon their state law claims preserved in the class action. We find no authority interpreting Congress's use of "claim" in § 1367(d) as excluding a claim included within the named plaintiffs' supplemental jurisdiction. Otherwise, the named plaintiff in a class action asserting supplemental jurisdiction over her state law claims would risk being "atypical" or lacking common questions under Rule 23 – at least as to her state law claims. The parties do not offer, and we cannot find, support for this proposition under either Rule 23 or § 1367(d).

Congress could not have been clearer in codifying the tolling of statute of limitations for state law claims which are before us only because of its 1990 grant of supplemental jurisdiction. As our court of appeals found in reviewing state law claims compared to FLSA claims in *Lyon*, Congress could have expressly precluded our supplemental jurisdiction over state law claims, including class state law claims. It chose not to do so.

Consistent with our court of appeals' deference to Congress's statutory supplemental jurisdiction in *Lyons*, we are persuaded by the Court of Appeals for the Sixth Circuit's more recent analysis in *In re Vertrue Inc. Marketing and Sales Practices Litigation.*[33] In *Vertrue*, plaintiffs first challenged Vertrue's conduct in a 2002 class action in the Southern District of California alleging federal question and supplemental jurisdiction over state law claims.[34] The California district court dismissed the federal claim and declined supplemental jurisdiction before ruling on class certification. In 2009, the named class representatives in California again filed the dismissed federal and state law claims against Vertrue which, after an MDL transfer, ended up in the Northern District of Ohio. Vertrue moved to dismiss both federal and state claims as barred by the statute of limitations. After the district court dismissed RICO and some

state law claims in a class action, it allowed other individual state law claims to proceed finding them properly tolled during the class action.[35] On appeal, Vertrue challenged the district court's tolling of the class wide state law claims under 28 U.S.C. § 1367(d). The court of appeals rejected Vertrue's argument plaintiffs were not parties to the earlier class action litigation and did not have "claims" which could be tolled under § 1367(d).

The court of appeals analyzed the Supreme Court's definition of "claim": "[T]he Supreme Court has consistently referred to the 'claims' of unnamed plaintiffs in class action law suits. In *Crown*, the Court noted that 'a class member would be unable to press his *claim* separately if the limitations period had expired while the class action was pending.' In explaining *American Pipe* tolling, the Court has noted that putative class members had 'claims' they would want to preserve. These cases demonstrate that even putative class members have 'claims' for purposes of 28 U.S.C. § 1367(d)."[36]

The court of appeals then found, as we do with Allstate, Vertrue "failed to explain how the efficiencies sought by *American Pipe* tolling would be advanced if putative class members were forced to file individual state law actions to preserve any state law claims whose statutes of limitations might run during the course of class proceedings."[37] In concluding, the court of appeals, as our court of appeals had done in *Lyon*, deferred to Congress's decision not to exclude these claims from supplemental jurisdiction finding, "[b]ecause we find no indication that Congress intended to exclude putative class members from the tolling available through operation of § 1367(d), we hold that the plaintiffs here properly articulated state law 'claims' for purposes of § 1367(d)."[38]

We agree with the United States Court of Appeals for the Sixth Circuit in *Vertrue*. As in *Vertrue*, we address individual state law claims filed after a district court enjoying supplemental

10

jurisdiction essentially denied class certification through dismissal. Unlike *Vertrue,* but further supporting our findings, we are addressing supplemental jurisdiction in the same case.

Allstate offers no reason why its argument is consistent with the Supreme Court's *American Pipe* guidance. Allstate's proposed result is inconsistent with the purposes of *American Pipe*'s tolling rule "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions."[39] Allstate instead ignores Congress's tolling of supplemental jurisdiction claims and argues we must ignore Congressional mandate and analyze whether Pennsylvania would permit cross-jurisdictional tolling. It argues we must reject Plaintiffs' "same court" tolling rule, that is, Pennsylvania's statutes of limitations were tolled because the agents invoked our supplemental jurisdiction over the state law claims in the *Romero I* action. Allstate asserts if we adopted Plaintiffs' view of tolling, the statute of limitations on state law claims of putative class members of a federal class action who file their state law claims in the same case would be tolled, but the claims of plaintiffs who file their state claims in state court would not be tolled. Under §1367(d), Allstate is correct. Allstate's remedy may lie in legislative action. As the court of appeals in *Vertrue* found, Congress could have excepted the tolling of class action state law claims. It chose not to. The breach of contract and breach of fiduciary duty "claims" under our supplemental jurisdiction include putative class members' state law claims. These claims are tolled until Judge Buckwalter lifted the tolling.

Tolling these breach of contract and breach of fiduciary duty claims is also consistent with the purposes of supplemental jurisdiction defined by Congress as opposed to diversity jurisdiction. Allstate's arguments based on referring to Pennsylvania law on cross-jurisdictional tolling make sense when reviewing state law claims once raised in class actions based (at least partially) on diversity jurisdiction. In diversity cases, the claims can greatly vary subject only to

11

a severance motion. Diversity cases, founded on Article III, do not require the sufficient factual nexus between the federal and state claims necessary to establish a common nucleus of operative facts.

We today decline to extend principles of tolling arguably applying to claims once brought in diversity class action cases to individual state law claims which are indisputably within our supplemental jurisdiction arising from Allstate's 1999 decision. The parties always agreed as to the factual nexus of these claims with the federal claims. The Supreme Court's *American Pipe* jurisprudence would be frustrated should we hold these claims arising closely from the same case or controversy are not tolled. Agreeing with the court of appeals in *Vertrue*, we see no basis for requiring putative class action plaintiffs to file state law claims which are soundly within our supplemental jurisdiction given the factual nexus between the federal and state law claims. Promoting a variety of state law litigation to resolve fact issues already squarely within our supplemental jurisdiction and arguably subject to class-wide resolution may create a whole new world of confusing claim and issue preclusion issues for individual putative class members as one court system may move more quickly than the other in resolving the *same* facts already within our supplemental jurisdiction and possibly being resolved through a class action. We do not want to promote multiplicity of cases which are already subject to our supplemental jurisdiction. State law claims in a class action partially invoking our diversity jurisdiction do not pose the same risk; by invoking diversity jurisdiction in her earlier class action based on federal law, a plaintiff essentially admits she cannot meet the factual nexus test of supplemental jurisdiction. Her claims are not definitively within *American Pipe* and she may need to prophylactically file her state law claims within the state's statute of limitations. Nothing we opine today changes this necessary step when a putative class member's state law claims are

12

dismissed from a class action invoking diversity – not supplemental - jurisdiction.

Allstate's authority is distinguishable. We agree with the court of appeals' analysis in *Casey v. Merck & Co., Inc.* but this case never presented the Congressional mandate for tolling state law claims before us under supplemental jurisdiction.[40] For example, Allstate contends we must apply *Jewelcor Inc. v. Karfunkle*.[41] *Jewelcor*, not a class action case, involved the application of Pennsylvania's "savings statute," which provides "if a civil action or proceeding is timely commenced and is terminated, a party . . . may . . . commence a new action or proceeding upon the same cause of action within one year after the termination . . . ."[42] The district court applied Pennsylvania's saving statute to preserve a time-barred claim in federal court. Our court of appeals reversed, finding the district court improperly "rejected the principle that, when sitting in diversity, a federal court treats itself, for jurisdictional purposes, as a state court," and *Erie* "requires uniformity of results between state courts and federal courts sitting in diversity."[43] Again, we enjoy supplemental jurisdiction over the state law claims. Similarly, in *Germinaro v. Fidelity National Title Insurance Company*,[44] the Honorable Nora Barry Fischer dismissed state law claims filed by a former putative class member after another California district court dismissed an earlier filed federal case including the same claims based on diversity jurisdiction and under the Class Action Fairness Act.[45] The California district court reviewed plaintiffs' state law claims under its CAFA jurisdiction. Judge Barry Fischer consequently found the plaintiffs before her in the second case "could not claim the benefit of class tolling under *American Pipe* and *Crown, Cork & Seal* because the Class Action in this case was initiated in California, and Pennsylvania does not recognize *American Pipe* tolling in cross-jurisdictional cases."[46] Judge Barry Fischer did not review Congress's tolling mandate for state law claims within our supplemental jurisdiction.[47]

Given our supplemental jurisdiction over the state law claims since day one, we need not reach whether the present state law claims are barred under principles applying to claims once brought in cases invoking diversity jurisdiction.

## III.    Conclusion

Congress mandates we toll the statute of limitations for a state law claim over which we enjoy supplemental jurisdiction while the claim is pending. Given Congress's mandate and the fundamental differences between state law claims brought before us under our supplemental jurisdiction as opposed to our diversity jurisdiction where we may apply state law under *Erie*, we agree with the United States Court of Appeals for the Sixth Circuit and hold the Plaintiffs' state law claims originally filed as part of this case before Judge Buckwalter denied class certification are timely and may proceed. We deny Allstate's motion for partial summary judgment in the accompanying Order.

---

[1]  Our Policies require a Rule 56 movant to file a Statement of Undisputed Material Facts as well as an appendix of exhibits. Allstate filed its Statement of Undisputed Material Facts and Appendix at ECF Doc. No. 1335. Plaintiffs responded to Allstate's Statement of Undisputed Material Facts at ECF Doc. No. 1345-1 ("SUMF Response").

Since 2001, this Court and our court of appeals have detailed the facts while opining on a great variety of creative legal theories arising from this November 1999 decision, including in our 2016 and 2017 memoranda addressing summary judgment on the common federal questions. *See* ECF Doc. Nos. 960, 1128. We need not repeat the well-known facts except those facts material to tolling of the statute of limitations.

[2] SUMF Response at ¶ 5.

[3] *Id.* at ¶ 6.

[4] *Id.* at ¶ 7.

[5] Age Discrimination in Employment Act ("ADEA"), 26 U.S.C. § 621 *et seq.*

[6] Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs claimed Allstate breached fiduciary duties under ERISA, a claim exclusively within our subject matter jurisdiction.

[7] SUMF Response at ¶ 8. Our memorandum today makes no findings regarding the Release, and we mention it only as part of the general background of the case.

[8] ECF Doc. No. 1 at ¶¶ 11, 12.

[9] The two Illinois citizens are Thomas Kearney and John Wittman. Neither is the subject of the instant motion. *See* Complaint at ECF Doc. No. 1 at ¶¶ 32, 47.

[10] SUMF Response at ¶¶ 1-2.

[11] Plaintiffs initially moved for class certification on October 30, 2001 under Fed.R.Civ.P. 23(c)(1) and 29 U.S.C. § 216(b). *See* ECF Doc. No. 11. On March 30, 2004, after years of motion practice, Judge Fullam certified a class under Rule 23(b)(2) with respect to the "voidable releases" for any Release-signing agents who rescinded the Release and tendered back consideration received in exchange for the Release. *See* ECF Doc. No. 134. Judge Fullam certified a class of sixteen plaintiffs who did not sign the release under Rule 23(b)(3). *Id.* On June 20, 2007, Judge Fullam vacated his March 30, 2004 order declaring the Releases voidable, and ruled the validity of the Releases is moot. ECF Doc. No. 183. Plaintiffs appealed Judge Fullam's Order. Our court of appeals vacated the June 20, 2007 Order and remanded with direction for the district court to reassign the case and reexamine the validity of the Release. *Romero v. Allstate Ins. Co.*, 344 F.App'x 785 (3d Cir. 2009). On remand, the Clerk of Court randomly reassigned this case to Judge Buckwalter. The Plaintiffs did not again move for class certification before Judge Buckwalter on any issue other than the Release. No party seems to dispute Judge Buckwalter's ability to deny the issue-specific class certification motion. Although the Plaintiffs' May 23, 2016 Consolidated Amended Complaint (ECF Doc. No. 864) seeks class action treatment on limited issues, they have not moved again for certification but instead are resolving the claims of the 499 agent Plaintiffs – and been largely successful as the case appears to now have approximately 31 agent Plaintiffs from outside this District with claims appearing to be based on individualized facts and possibly differing state laws.

[12] *Romero v. Allstate Ins. Co.*, 52 F.Supp.3d 715 (E.D. Pa. 2014).

[13] ECF Doc. No. 491. We note Judge Buckwalter's January 6, 2015 Order re-starting the statute of limitations as of March 2, *2014* is a typographical error and is meant to read March 2, *2015*.

[14] ECF Doc. No. 500.

[15] ECF Doc. No. 576.

[16] No. 15-1049 ("*Abell*").

[17] No. 15-3047 ("*Anzivine*").

[18] ECF Doc. Nos. 851, 852, 864.

[19] SUMF response at ¶ 3. Relying on the parties' dismissals and judicial admissions, our Order today affects only twelve agents.

[20] Since the filing of Allstate's motion for summary judgment, two of the fourteen plaintiffs – Katherine Adams-Love and James Shumaker – settled with Allstate and their claims are dismissed. Joseph Benoit, John Davenport, John Hlohinec, Sylvia Mosely, Ian O'Connor, Carolyn Penzo, Karen Ryan-White, and Oscar Young; and Carmon Green, Leonard Gregoline, Thomas Hawkins, and Kenneth Kohler remain the subject of Allstate's instant motion.

Allstate contends the Second Amended Complaint filed in *Romero I* on July 2010 added Joseph Benoit as an additional plaintiff. Plaintiffs dispute the facts regarding the addition of Mr. Benoit as a plaintiff, one of the plaintiffs who did not sign the Release ("Holdout Plaintiffs"). SUMF Response at ¶ 11. After remand from our court of appeals, Judge Buckwalter granted Plaintiffs leave to amend their complaint to add Mr. Benoit as the new class representative of the Holdout subclass. ECF Doc. No. 221. Five Plaintiffs subject to this motion – Benoit, O'Connor, Young, Green, and Kohler – are Holdout Plaintiffs and argue Judge Buckwalter's order re-starting the statute of limitations clock on March 2, 2015 does not apply to them because the order only applied to Release-signing plaintiffs. *See* ECF Doc. No. 1346 at 9, n.3. We need not resolve this issue because, as set forth below, the Plaintiffs' state law claims are still not extinguished under our supplemental jurisdiction.

Allstate contends Carolyn Penzo, although a named plaintiff in *Romero II* raising only federal claims, did not file her state law claims until the Consolidated Amended Complaint in May 2016. Plaintiffs dispute this statement. SUMF Response at ¶ 9.

[21] Counts V, VI, and VII of the Consolidated Amended Complaint.

[22] We disagree. Allstate's earlier arguments addressed different claims. Plaintiffs quote a portion of Allstate's Opposition to Plaintiffs' Motion for Clarification of Judge Buckwalter's October 6, 2014 Order denying class certification. In its opposition, Allstate represented it "does not believe statutes of limitations are now running as to all claims asserted by Plaintiffs. To the contrary, Allstate agrees that under *American Pipe*, the statutes of limitations on Plaintiffs' claims not addressing the Release are tolled pending any future class certification decision on the merits of those claims." ECF Doc. No. 490 at 3. Given the context of the clarification motion and Allstate's response, we do not read Allstate's brief as admitting *American Pipe* tolled the statute of limitations on the state law claims.

[23] As we deny Allstate's motion on other grounds, we need not address the alternative relation back theory.

[24] 414 U.S. 538, 551-553 (1974).

[25] *Wallach v. Eaton Corp.*, 837 F.3d 356, 374 (3d Cir. 2016) (quoting *American Pipe*, 414 U.S. at 551).

[26] *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983) (internal citation and quotation omitted).

[27] *In re Linerboard Antitrust Litig.* , 223 F.R.D. 335, 344 (E.D. Pa. 2004) (citing *Crown, Cork & Seal* and *American Pipe*).

[28] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). We consider statutes of limitation as substantive for *Erie* purposes and use state law to determine the limitations period in a diversity case. *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110-11 (1945). Under Pennsylvania law, the statute of limitations for breach of contract is four years and breach of fiduciary duty is two years. 42 Pa.C.S.A. §§ 5524(7), 5525(a)(1). Where a claim accrues in another state, Pennsylvania's "borrowing statute" applies the statute of limitations either "provided or prescribed by the law of the place where the claim accrued or by the law" of Pennsylvania, "whichever first bars the claim." 42 Pa.C.S.A. § 5521(b). In determining which state "first bars the claim," courts consider the laws of Pennsylvania and of the state where the claim accrued "on questions such as when the statute of limitations begins to run and if any tolling doctrines apply." *Frankentek Residential Sys., LLC v. Buerger*, 15 F.Supp.3d 574, 581 (E.D. Pa. 2014) (citing *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 660 (3d Cir. 1980)).

Relying on diversity jurisdiction cases, Allstate argues because the applicable statute of limitations can never be longer than Pennsylvania's statutes of limitations, Plaintiffs' state law claims are time-barred as a matter of law. This is true, according to Allstate, even if the other state would recognize the "cross-jurisdictional tolling" effect of the *Romero I* action. "Cross-jurisdictional class action tolling" is meant "to describe the question of 'whether a state court would engage in [such] tolling during the pendency of a class action in another court.'" *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 213 n.17 (3d Cir. 2016) (quoting *Wade v. Danek Med., Inc.*, 182 F.3d 281, 287 (4th Cir. 1999)); *see also* McLaughlin on Class Actions, §3:15. Allstate argues we need not venture into an analysis of other states' tolling doctrines because Pennsylvania does not recognize "cross-jurisdictional" tolling. In *Ravitch v. Pricewaterhouse*, 793 A.2d 939 (Pa. Super. 2002), *appeal denied*, 818 A.2d 505 (Pa. 2003), the Pennsylvania Superior Court considered whether the filing of a class action in another state tolled the limitations period of a subsequent action filed in Pennsylvania state court. The plaintiff argued tolling of his later-filed Pennsylvania state law claims by the filing of a federal class action in New York federal court and then again by a class action filed in New York state court. The Pennsylvania Superior Court rejected the plaintiff's cross-jurisdictional tolling argument, holding the "filing of a class action in another state does not toll the statute of limitations as to a subsequent action filed in Pennsylvania's state court system." *Id.* at 945.

[29] Nor could they in good faith. The state law claims arise from the same Allstate November 1999 decision and Plaintiffs seek "alternative theories of recovery based on the same acts." *Lyon*

17

v. *Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (quoting *Lentino v. Fringe Emp. Plans, Inc.*, 611 F.2d 474, 479 (3d Cir. 1979)).

[30] *Lyon,* 45 F.3d at 762 (citing *Lauf v. E.G. Shinner & Co.*, 303 U.S. 323, 330 (1938)).

[31] *Artis v. Dist. of Columbia*, --- U.S. ---, 138 S.Ct. 594, 598, 199 L.Ed.2d 473 (2018) (quoting Section 1367(d)) (emphasis added).

[32] *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 461-65 (2003).

[33] 719 F.3d 474 (6th Cir. 2013). We also find persuasive a decision last month from the United States District Court for the Southern District of Florida. In *Espinoza v. Galardi S. Enters, Inc.*, No. 14-21244, 2018 WL 1729757 (S.D. Fla. Apr. 10, 2018), defendants moved for summary judgment in an action where the court granted conditional certification in an FLSA collective action and class certification on plaintiffs' state law claims. Defendants argued, alternatively, the court should decline supplemental jurisdiction over the state law claims. The court reconsidered its exercise of supplemental jurisdiction over the state wage claims and ultimately declined to exercise supplemental jurisdiction. *Id.* at *9-12. In reaching its decision, the court explained there is no prejudice to plaintiffs to refile their state law claims in state court because "the question of whether Plaintiffs could timely bring its state law claims in state court is a non-issue. That is because § 1367(d) tolls the statute of limitations for state claims during the period in which they have been pending in federal court and for 30 days after an order of dismissal." *Id.* at * 12 (citations omitted).

[34] *Sanford v. Memberworks*, No. 02-601, ECF Doc. No. 1 at ¶ 10 (S.D.Cal. March 28, 2002).

[35] *Vertrue*, 719 F.3d at 477.

[36] *Id.* at 481-82 (internal citations and quotations omitted).

[37] *Id.* at 482.

[38] *Id.*

[39] 28 U.S.C. §1367(d); *Leyse v. Bank of Am., Nat. Ass'n*, 538 F.App'x 156, 161 (3d Cir. 2013) (quoting *American Pipe*, 414 U.S. at 554).

[40] 653 F.3d 95, 100 (2d Cir. 2011). Absent Congress's specific mandate for state law claims under our supplemental jurisdiction, we agree tolling of state law claims filed under our diversity jurisdiction is a question of state law. We are not facing this issue.

[41] 517 F.3d 672 (3d Cir. 2008).

[42] 42 Pa.C.S.A. § 5535(a).

[43] *Jewelcor Inc.*, 517 F.3d at 676.

[44] 107 F.Supp. 3d 439 (W.D. Pa. 2015).

[45] *Hays v. Commonwealth Land Title Insurance Company*, No. 10-5336, ECF Doc. No. 1 at ¶ 20 (N.D.Cal. Nov. 24, 2010).

[46] *Germinaro*, 107 F.Supp. 3d at 457 (citing *Ravitch v. Pricewaterhouse*, 793 A.2d 939, 944 (Pa. Super. 2002) (footnote omitted)).

[47] At least not in the *Germinaro* class action context. In *Whittaker v. Cnty. of Lawrence*, 674 F.Supp.2d 668, 701 (W.D.Pa. 2009), *aff'd* 437 F. App'x 105 (3d Cir. 2011), Judge Barry Fischer recognized § 1367(d) tolling of state constitutional claims, finding the individual plaintiff property owners' (not a class action) state claims survive the dismissal of the federal constitutional claims and could be timely filed in state court. *See also Cranberry Promenade Inc. v. Cranberry Twp.*, No. 09-1242, 2001 WL 13257871, at *34, n.40 (W.D.Pa. Dec. 29, 2011) (Judge Barry Fischer similarly recognizing tolling of supplemental state law claims outside of class action).